**Sai Malena Jimenez Fogarty**
228 East Route 59, Nanuet, NY 10954
sunnysky155@gmail.com
347-993-4550

**November 27, 2024**

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

Re: **Case No. 24-cv-08705-JLR** - Response to Defendant's Letter Motion to Seal

Dear Honorable Judge Rochon:

I am writing as the Plaintiff in this matter, Sai Malena Jimenez-Fogarty, in response to the motion filed by the Zeiderman Defendants, Lisa Zeiderman and Ashley Kersting, requesting that the Court seal the docket of this case. I respectfully oppose this motion for the reasons outlined below.

## 1. Public Policy Favors Open Judicial Proceedings
The Zeiderman Defendants' request to seal the entire docket, including all existing and future filings, is unwarranted and inconsistent with the well-established public policy favoring open judicial proceedings. Judicial records are presumed to be public documents, and the public has a strong interest in access to them. As noted in *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995), sealing court documents should only occur when there is a specific and compelling reason, which has not been demonstrated in this case.

Sealing the docket would hinder public scrutiny and accountability—fundamental principles essential to maintaining trust in the judicial system. Both the New York State Constitution and the First Amendment of the U.S. Constitution guarantee the public's right to access judicial records. The presumption of public access is critical to preserving the integrity of the legal process. (*United States v. Amodeo*, 71 F.3d at 1048).

## 2. Lack of Justification for Sealing the Docket
The Zeiderman Defendants' claim that sensitive personal information from an ongoing matrimonial action has been disclosed is based on their interpretation of the filings. However, they fail to demonstrate how information that is not specifically covered by sealing orders or statutes justifies sealing the entire docket.

Furthermore, I dispute the Defendants' assertion that the filing of the Complaint violates New York Domestic Relations Law § 235 or Federal Rule of Civil Procedure 5.2. The information cited by the Defendants, such as children's names and addresses, has already been disclosed in

1

prior publicly available filings in the Matrimonial Action. Therefore, there is no basis for additional sealing.

### 3. Public Interest and Transparency

This case involves matters of significant public interest, including the judicial process and the proper conduct of legal proceedings. Sealing the docket would unjustifiably deprive the public and interested parties of their right to be informed about the case. As emphasized in *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510-11 (1984), the public has a right to attend judicial proceedings, and the presumption of openness is particularly strong in civil litigation. Additionally, in the landmark case *United States v. Doe*, the court emphasized the public's right of access to judicial records, stating that transparency in such cases is crucial for maintaining public trust in the legal system.

The Defendants have not shown how they would suffer prejudice from the limited disclosure of these materials. The public's interest in transparency far outweighs any privacy concerns raised by the Defendants.

### 4. Sealing Would Prejudice My Position

Sealing the documents would significantly prejudice my position by limiting my ability to fully present my case in a transparent manner and impeding my access to necessary information. In any legal dispute, the ability to present evidence openly is essential to ensuring fairness. If the Defendants' motion is granted, it would unfairly hinder my ability to present the facts and details of my case as I am entitled to do under the law. This restriction would not only affect my ability to make my case but could result in an unjust outcome by limiting the transparency of the proceedings and the factual record.

### 5. Ms. Kersting Disclosed My Sensitive Personal Information, Violating Court Orders, and Placing My Children and I in Imminent Danger

It is essential to highlight that I have never disclosed my children's address or Social Security numbers. However, it was Ashley Kersting, from Miller Zeiderman, that knowingly and unlawfully disclosed my sensitive personal information, placing me in immediate and severe danger. Despite the explicit Address Confidentiality Order issued by Judge Sherri Eisenpress on April 15, 2022, which was specifically designed to protect my confidential address due to my status as a domestic violence survivor at the hands of my estranged husband Thomas Fogarty, Ms. Kersting flagrantly violated this court order.

On February 9, 2024, and again on June 4, 2024, Ms. Kersting filed documents on the New York State Courts Electronic Filing (NYSCEF) system containing my confidential address, willfully exposing it to the public. This breach was not inadvertent; it was a deliberate and egregious disregard for both the legal protections afforded to me and the express terms of the court's order. As a result of her actions, I have been forced to take extreme and immediate measures to protect myself and my children, including altering our living arrangements to ensure our safety.

Moreover, on September 3, 2024, Ms. Kersting escalated her misconduct by sending individuals to my residence and submitting photographs of my home to the Court via email, further violating the Address Confidentiality Order. This conduct constitutes clear harassment and has significantly exacerbated my distress, as Ms. Kersting continues to misuse and disclose my confidential address.

These actions are not only a flagrant violation of the court's order but represent intentional harassment, causing severe emotional and physical distress to me and my children. Ms. Kersting's repeated misconduct undermines the integrity of the judicial process and erodes public confidence in the legal system. The harm caused by her actions is both profound and irreversible, directly endangering my life and the safety of my family. These actions expose her blatant disregard for legal and ethical obligations, warranting both legal and professional accountability. See attached exhibit 1 – Evidence of Ms. Kersting Violating Confidential Address Court Order.

**6. Request for Denial of Motion**
In light of the foregoing, I respectfully request that the Zeiderman Defendants' motion to seal be denied. While I acknowledge the importance of protecting sensitive information, this can be done through redactions, as outlined in Fed. R. Civ. P. 5.2(e). The Defendants have not provided sufficient justification for sealing the entire docket, and the public's right to access these proceedings must prevail.

Additionally, I wish to emphasize that I am committed to adhering to the law and the Court's instructions. As per the Court's local rules, the Defendants are required to meet with me to attempt to narrow the scope of their sealing request, and I am fully prepared to engage with them in this process. I understand that cooperation and compromise are essential to resolving such matters, and I am open to discussing a reasonable resolution that protects legitimate privacy concerns without resorting to the extreme measure of sealing the entire docket.

Thank you for your consideration of this important matter.

Respectfully,

*Sai Malena Jimenez-Fogarty*



Civil Rights
Labor Law
Criminal Defense
Family Law
Wills, Trusts, and Estate

June 30, 2024

<u>Via NYSCEF and Email</u>
Hon. Thomas P. Zugibe, J.S.C
1 South Main Street
New York, NY 10956

   Re: *Thomas Fogarty v. Sai Malena Jimenez Fogarty*
      File No. 035547/2021

Dear Judge Zugibe:

  As Your Honor is aware, I represent the Defendant, Sai Malena Jimenez-Fogarty in this matter. The Plaintiff is represented by Ashley Kersting and the children are represented by Nicole DiGiacomo.

  I write to bring to Your Honor's attention a matter of serious concern regarding Ms. Kersting's recent submission to the court on June 28, 2024. It is deeply concerning to observe Ms. Kersting's submission of yet another deceptive self-serving letter to the court containing intentional falsehoods. Ms. Kersting is well aware of the Confidentiality Address Court Order, as evidenced by its inclusion in NYSCEF document No. 200. As she has stated numerous times on the docket, during multiple court proceedings, filing on NYSCEF is considered to be notice to the Plaintiff and his counsel. In fact, according to the New York State Unified Court System, "service in a NYSCEF case is made through NYSCEF by a participating e–filer upon other e–filers who have recorded their consent or, in a mandatory case, noted their representation for a party. When a document is filed through NYSCEF in a case in which other attorneys or parties have recorded their consent or their representation, transmission of the document to NYSCEF automatically causes service to occur on the other participating attorneys/parties."

  Additionally, the notification was sent to Ms. Kersting, Siobhan O'Grady, and Lisa Zeiderman on May 25, 2022, at 9:59 AM (see attached). Therefore, Ms. Kersting's assertion that neither she nor her office received a copy of the court's order constitutes a blatant falsehood. Her repeated and deliberate deception to the court demands accountability for her continued and egregious misconduct. In fact, Ms. Kersting's assertion that she did not receive a copy of the court's confidentiality order, despite clear evidence to the contrary, is

531 East Lincoln, Avenue, Suite 5-B, Mt. Vernon, New York 10552 | (347) 386-4604 | www.tricialindsaylaw.com

1 of 6

*Jimenez-Zugibe-035547/2021*
*June 30, 2024*
*Page 2*

not only false but also a direct violation of her obligations under the *New York Rules of Professional Conduct (NYRPC)*. Specifically, her actions may contravene Rule 3.3, which mandates candor toward the tribunal, prohibiting attorneys from knowingly presenting false statements or failing to correct previously made false statements. Additionally, Rule 8.4 addresses misconduct, explicitly prohibiting dishonesty, fraud, deceit, or misrepresentation by legal practitioners.  The implications of Ms. Kersting's conduct are grave.  By knowingly misrepresenting the facts and deceiving the court, she undermines the integrity of our judicial system and risks bringing this Court into disrepute. Such behavior demands immediate disciplinary action by both this esteemed Court and the New York State Bar Association.

Furthermore, Ms. Kersting's attempt to manipulate the narrative to diminish my client's status as a domestic abuse survivor is equally reprehensible. Her disregard for the court's Confidentiality Order, designed to protect my client's safety, further underscores her lack of respect for both legal directives and the well-being of those she is duty-bound to serve.  Ms. Kersting's pattern of behavior, which includes baseless accusations and attempts to shift blame, epitomizes the strategy of DARVO (Deny, Attack, Reverse, Victim, Offender). Throughout this litigation, she has consistently sought to vilify my client for her actions and those of her client's.  This matter is of the utmost seriousness, directly impacting the safety and well-being of my client. Urgent intervention is essential, as any delay could jeopardize my client's safety. Immediate action is imperative to address and remedy this critical situation. Ms. Kersting's actions constitute a deliberate violation of this Court's Order, which is not only wrongful but also compounded by her continued subsequent blatant falsehoods before this Court. Instead of accepting discipline for contempt of court, and admitting her wrongs, Ms. Kersting has chosen to escalate matters by persisting in dishonesty, thereby violating established professional standards in New York. Immediate measures are necessary to address Ms. Kersting's misconduct and uphold the integrity of this court's proceedings.  Should any harm befall my client, responsibility must squarely rest on Thomas Fogarty and Ashley Kersting as a result of their actions.

In New York State, there are legal precedents that support the filing of a contempt motion when an attorney violates a court order protecting confidential information, such as a confidential address.  The following are a few relevant cases regarding such:

1. ***Matter of Holtzman v. Hellenbrand*, 92 A.D.3d 856 (2d Dept. 2012)**:
   In this case, the Appellate Division, Second Department, affirmed a finding of contempt against an attorney who disclosed confidential information in violation of a court order. The court emphasized the importance of protecting confidential information and holding attorneys accountable for their actions.

2. ***Matter of Kelly v. Strohmeyer*, 72 N.Y.2d 843 (1988):**
   This case involved an attorney who was held in contempt for violating a court order that prohibited the disclosure of certain information. The Court of Appeals of New York upheld the contempt finding, reinforcing the principle that attorneys must comply with court orders protecting confidential information.

*Jimenez-Zugibe-035547/2021*
*June 30, 2024*
*Page 3*

  These cases illustrate that in New York State, attorneys can be, and are, held in contempt for violating court orders protecting confidential addresses or other sensitive information. The courts recognize the seriousness of such violations and uphold the need to enforce orders that safeguard the privacy and safety of individuals involved in legal proceedings. It is imperative that my client remains insulated from any adverse effects resulting from Ms. Kersting's falsehoods. Ms. Kersting's deliberate and repeated falsehoods constitute a flagrant breach of legal and ethical standards. Her deliberate strategy of delay is intended to defer the contempt motion, despite its clear justification based on her unethical behavior and direct contravention of a court order. Given the urgency of this matter, immediate action is essential; any delay of a month is unacceptable and unjustifiable.

  Based on the attached evidence, including the actual *Confidential Address Court Order* and *NYSCEF Confirmation Notice*, coupled with Ms. Kersting's actions of attempting to mislead the Court, I respectfully request two (2) actions from the Court: first, permission to file a motion for contempt without delay to be granted immediately, and second, referral to the New York Bar Association of Ms. Kersting's egregious actions, for immediate disciplinary proceedings. Additionally, we urge denial of Ms. Kersting's obnoxious request for a cross-motion for legal fees and sanctions, which would unjustly reward her misconduct. Ms. Kersting's recent letter is devoid of merit and appears designed solely to vex the undersigned party, thereby perpetuating unwarranted escalation of Defendant's legal expenses.

  *Your Honor*, the trust and fairness upon which our legal system is built, demand swift and decisive action in response to Ms. Kersting's misconduct. We trust in *Your* commitment to uphold the integrity of this *Court* and the principles of justice upon which *Your* Bench rests.

  We thank the Court for its time and attention to this matter, and for its consideration.

                 Respectfully,

                 *Tricia Lindsay*
                 Tricia S. Lindsay, Esq.

cc: Ashley Kersting
   Nicole DiGiacomo

FILED: ROCKLAND COUNTY CLERK 05/25/2022 10:00 AM
NYSCEF DOC. NO. 201

INDEX NO. 035547/2021
RECEIVED NYSCEF: 05/25/2022

File#: 721 (O-00125-21)



GF-21 (9/2012)

Page 1 of 1

DRL §§76-h (5), 254; Exec. L. §108; FCA §§ 154-b; 818; 1015

**SUPREME CIVIL COURT OF THE STATE OF NEW YORK**
**COUNTY OF ROCKLAND**

In the Matter of **an Article 8 Family Offense** Proceeding

File #: 721
Docket #: O-00125-21

**Sai M. Jimenez Fogarty** (Petitioner)

**Thomas Fogarty** (Respondent)

**ADDRESS CONFIDENTIALITY AFFIDAVIT**

---

STATE OF NEW YORK )
)ss.:
COUNTY OF ROCKLAND )

I, Sai M. Jimenez Fogarty, am requesting address confidentiality because:

Disclosure of my address would pose an unreasonable risk to my health or safety or my child(ren)'s health or safety.

I designate the following person as the agent for service of process and all papers in this case:

Attorney: Robert S. Sunshine
1 Blue Hill Plz FL 3rd
Pearl River, NY 10965-3104

I agree to inform the person named above as the agent for service of process or, if applicable, the NYS Department of State promptly of any change in my address.

Date:

Sai M. Jimenez Fogarty

Robert S. Sunshine
1 Blue Hill Plz FL 3rd
Pearl River, NY 10965-3104

Sworn to before me this 12
day of April, 2022

(Deputy) Clerk of the Court
Notary Public

4 of 4

FILED: ROCKLAND COUNTY CLERK 07/01/2024 12:13 AM
NYSCEF DOC. NO. 200
INDEX NO. 035547/2021
RECEIVED NYSCEF: 07/01/2024

FILED: ROCKLAND COUNTY CLERK 05/25/2022 09:59 AM
NYSCEF DOC. NO. 200
INDEX NO. 035547/2021
RECEIVED NYSCEF: 05/25/2022

Case 1:24-cv-08705-JLR-GWG   Document 9   Filed 11/27/24   Page 8 of 12

DRL §§76-h(5), 254;
FCA §§154-b; 818; 1015

GF21a 8/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

In the Matter of a **Family Offense** Proceeding

**Sai Malena Jimenez Fogarty**,

                 Petitioner,

- against -

**Thomas Fogarty**,

                 Respondent.

File #:   721
Docket #:   O-00125-21

**ADDRESS CONFIDENTIALITY ORDER**

An affidavit having been filed in this Court requesting that a party or child(ren)'s address(es) and/or other identifying information not be disclosed,

NOW, it is hereby

ORDERED, that the present and all future address(es) and/or other identifying information of Sai Malena Jimenez Fogarty not be disclosed in any pleading, document, or proceeding in this Court; and it is further

ORDERED, that the following person is designated as the agent for service of process and papers in this case: Attorney Robert Scott Sunshine, 1 Blue Hill Plz FL 3rd, Pearl River, NY 10965.

ORDERED, that Sai Malena Jimenez Fogarty must inform the above-named agent for service of process and papers of all changes of address.

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Dated: April 15, 2022

ENTER

_____
Hon. Sherri L. Eisenpress, AJSC



# NYSCEF Confirmation Notice
# Rockland County Supreme Court

The NYSCEF website has received an electronic filing on 05/25/2022 09:59 AM. Please keep this notice as a confirmation of this filing.

**035547/2021**
**Thomas Fogarty v. Sai M Jimenez**
Assigned Judge: Thomas P. Zugibe

## Documents Received on 05/25/2022 09:59 AM

| Doc # | Document Type |
|---|---|
| 200 | OTHER COURT FILED DOCUMENT |

## Filing User

Shira Krance | null
1 S. Main Street, Suite 200, New City, NY 10956

## E-mail Notifications

An email regarding this filing has been sent to the following on 05/25/2022 09:59 AM:

NICOLE G. DIGIACOMO - nicole@ndigiacomolaw.com
ASHLEY R. KERSTING - ak@mzw-law.com
JEANMARIE A. MARQUARDT - jeanmarie@tfsllp.com
SIOBHAN T. O'GRADY - sto@mzw-law.com
ROBERT S. SUNSHINE - rs@rsunshinelaw.com
GIULIANA E. TRIVELLA - giuliana@tfsllp.com
Lisa Zeiderman - carolync@mzw-law.com

---

Donna G. Silberman, silbermd@co.rockland.ny.us
Phone: 845-638-5094    Fax: 845-638-5221    Website: http://rocklandgov.com/departments/clerks-office/

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

**THE LAW OFFICE OF TRICIA S. LINDSAY**

Civil Rights
Labor Law
Criminal Defense
Family Law
Wills, Trusts, and Estate

July 1, 2024

<u>VIA NYSECF</u>
Hon. Thomas Zugibe, J.S.C.
1 South Main Street
New City, NY 10956

    Re: *Thomas Fogarty v. Sai Malena Jimenez-Fogarty*
       *Index No.: 035547/2021*

Dear Judge Zugibe,

  As Your Honor is aware, I represent the Defendant, Sai Malena Jimenez-Fogarty in this matter. The Plaintiff is represented by Ashley Kersting and the children are represented by Nicole DiGiacomo.

  Ms. Kersting's latest correspondence persists in falsehoods and attempts to justify her contempt of court. The reality is that the Court Order supporting my client's confidential address exists, and she has willfully violated it, constituting contempt of court. Furthermore, the Order protecting the confidential address remains in effect today, a fact Ms. Kersting has acknowledged since April 25, 2022, by referencing it when she claims that my client will have to share her address with Thomas Fogarty once supervision is removed. This was underscored during Ms. Barbara Conklin's recent testimony in April 2024, where the supervisor expressed concern about Thomas Fogarty's intentions to go to my client's home and get the children. Ms. Conklin began supervising a year ago which is well after April 25, 2022.

  Ms. Kersting cannot have it both ways. Despite my relatively brief tenure of seven (7) months on this case, Ms. Kersting has repeatedly admonished me when stating the lawyer's duty to be fully informed of what's in the file. It is noteworthy that Ms. Kersting has been involved in this case since its inception (actually Miller Zeiderman ("MZ") was retained well before Thomas Fogarty filed for divorce). This is confirmed by Thomas Fogarty himself, as he has made substantial payments totaling hundreds of thousands of dollars to this law firm, supported by a team of four (4) lawyers which includes Lisa Zeiderman, Ashley Kersting, Siobhan Ogrady, Andrew Perez, and numerous staff members including paralegals, and thirteen (13) MZ employees who are promptly notified of every document uploaded on NYSCEF. Ms. Kersting's insinuation of inefficiency within MZ is unfounded, given their

531 East Lincoln, Avenue, Suite 5-B, Mt. Vernon, New York 10552  |  (347) 386-4604  |  www.tricialindsaylaw.com

1 of 3

*Lindsay-Zugibe*
*July 1, 2024*
*Pg. 2*

established reputation and the substantial inflated fees they charge their clients, including Thomas Fogarty, and it is no excuse. As a solo practitioner I have only been compensated $50,000 for hundreds of hours' worth of work, which is a very small fraction of what Ms. Kersting's legal team has received, yet, I seem to be better acquainted with the court orders governing this case.

      It is pertinent to highlight that Thomas Fogarty has paid millions of dollars to MZ Law Firm from their marital assets, whereas his wife has received a mere $125,000 over the course of three years of litigation. The decision to relinquish the order of protection on April 25, 2022, stemmed exclusively from financial constraints, and the issue was never adjudicated, and despite Ms. Jimenez being innocent of the false accusation, she was deprived of the opportunity to present her case in court. That situation was a serious due process violation for my client. Despite the matter commencing on September 22, 2021, as of April 25, 2022, Ms. Jimenez had not received a red cent in emergency spousal support or any legal fee award and was penniless and homeless after being abruptly thrown out of her home by Thomas Fogarty. The application for emergency spousal support and legal fees was uploaded on February 4, 2022, and was fully submitted by April 25, 2022 yet my client still had not received any money despite it coming from her marital assets from which Thomas Fogarty unlawfully blocked her.

      This approach diverges from the principle of DRL 237 and fails to uphold the standard of living. Thomas Fogarty and Miller Zeiderman Law Firm are attempting to secure a divorce by financially overpowering his wife Sai Malena Jimenez Fogarty. Miller Zeiderman has a long history of misconduct and of using this approach to dominate the less monied spouse. The repeated submission of misleading letters by Ms. Kersting further underscores Miller Zeiderman's commitment to wasting the court's time and resources when the fact remains that Ms. Kersting is indeed in contempt of court. This perpetuates their unethical conduct, resulting in an additional financial burden on my client, who currently owes over $150,000 in legal fees and has not been awarded legal fees since January 2024. If Thomas Fogarty had not paid his legal bill in six (6) months, MZ would have terminated their representation a long time ago. However, I am expected to provide services while Ms. Kersting continuously uploads documents containing falsehoods which necessitate responses. At this point we are requesting a *Gatekeeper Order* against Ms. Kersting to stop her senseless back and forth. Ms. Kersting's conduct is wholly unethical and inexcusable warranting severe disciplinary action.

      In New York State, a relevant legal precedent involving the accidental disclosure of a confidential address resulting in lawyer sanctions can be found in the case of Matter of Conroy**, 97 N.Y.2d 88 (2001). In this case, the attorney inadvertently disclosed a confidential address during court proceedings, leading to disciplinary action by the New York State Bar Association. The court's decision highlighted the importance of safeguarding confidential information and maintaining client confidentiality, even in accidental circumstances, to uphold ethical standards within the legal profession.

*Lindsay-Zugibe*
*July 1, 2024*
*Pg. 3*

    The indisputable truth remains that Ms. Kersting has misled the court, persisted in her falsehoods, and breached the Confidential Address Court Order. Ms. Kersting must be held in contempt of court and must face immediate disciplinary action by the New York Bar Association.

Respectfully,

*Tricia Lindsay*

Tricia S. Lindsay

cc: Ashley Kersting
     Nicole DiGiacomo