UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAI MALENA JIMENEZ-FOGARTY,

                       Plaintiff,

          -against-

THOMAS FOGARTY et al.,

                       Defendants.

Case No. 1:24-cv-08705 (JLR)

**<u>ORDER</u>**

---

JENNIFER L. ROCHON, United States District Judge:

       On November 25, 2024, Defendants Lisa Zeiderman and Ashley Kersting requested that the Court seal the docket in this case, permitting only the parties to the action and the Court to view existing and future filings, or, at a minimum, grant permission for Defendants to file their forthcoming motions to dismiss under seal. Dkt. 6 ("Ltr."). Defendants allege that Plaintiff has publicly filed personal information from ongoing Supreme Court of the State of New York, Rockland County matrimonial court proceedings, in violation of New York Domestic Relations Law § 235 and Federal Rule ("Rule") of Civil Procedure 5.2. Ltr at 1. This includes: (i) the names, dates of birth, home addresses, and photographs of Plaintiff's and her ex-husband's children; (ii) details concerning parental visitation; (iii) her ex-husband's social security number, date of birth, and other personally identifiable information, and (iv) sealed and confidential Court Orders, transcripts, and other filings from the Matrimonial Action. Ltr. at 2.

       In a reply dated November 27, 2024, Plaintiff opposed Defendants Zeiderman and Kersting's motion to seal the docket in this manner. Dkt. 9 ("Reply"). Plaintiff cites the presumption in favor of open judicial proceedings and argues that there is not a sufficient justification for sealing the docket *Id.* at 1-2. With respect to Defendants' assertions that she had disclosed sensitive information including the names and addresses of her children,

Plaintiff states that this information has already been disclosed in publicly available filings in the matrimonial action. *Id.* at 1-2. Plaintiff separately asserts that, if Defendants' motion to seal the docket is granted, her ability to "present the facts and details of [her] case" would be hindered. *Id.* at 2. Plaintiff maintains that, to the extent necessary, the parties can address sensitive information through redactions. *Id.* Plaintiff also represents that she is "open to discussing a reasonable resolution that protects legitimate privacy concerns without resorting to the extreme measure of sealing the entire docket." *Id.* at 3.

On November 26, 2024, the Court instructed the parties to meet and confer to attempt to narrow the scope of the request to seal, and instructed Defendants to file their forthcoming motions to dismiss with proposed redactions. Dkt. 7. The Court also temporarily sealed the Complaint pending a final determination on Defendants' letter-motion to seal. *Id.*

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). A court must evaluate a request to seal under both a "common law right of public access to judicial documents," and the press and public's "qualified First Amendment right to attend judicial proceedings and to assess certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). There are three steps for evaluating whether a document should be made available to the pubic under the common law right of public access: first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies; second, determine the "weight of that presumption"; and third, "after determining the weight of the presumption of access, . . . balance competing considerations against it." *Lugosch*, 435 F.3d at 119-20 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Additionally, under Federal

Rule of Civil Procedure 5.2, the ECF Privacy Policy for the Southern District of New York, and Rule 4(B)(i) of the Court's Individual Rules of Practice in Civil Cases, parties should not include in their filings, unless necessary, "sensitive information" including social security numbers (use the last four digits only), names of minor children (use initials only), dates of birth (use the year only), financial account numbers (use the last four digits only), and home addresses (use the City and State only).

Section 235 of the New York Domestic Relations Law ("DRL") separately provides that:

> [a]n officer of the court with whom the proceedings in a matrimonial action or a written agreement of separation or an action or proceeding for custody, visitation, or maintenance of a child are filed, or before whom the testimony is taken, or his [or her] clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court.

N.Y. DRL ¶ 235(1). However, Section 235 is by itself "insufficient to justify the wholesale filing under seal" of records from the ongoing matrimonial proceedings. *Kliot v. Marchionno*, No. 22-cv-00597 (KMK), 2023 WL 1979969, at *3 (S.D.N.Y. Jan. 25, 2023). *See also Martin v. Berkshire Life Ins. Co. of Am.*, No. 20-cv-10428 (JMF), 2021 WL 3855442, at *1 (S.D.N.Y. Aug. 27, 2021) (DLR § 235(1) "does not place any…prohibition on litigants or their counsel").

Therefore, given the presumption in favor of public access to judicial documents, *Lugosch*, 435 F.3d at 119-20, the Court denies the request to seal the entire docket. However, Plaintiffs' Complaint includes sensitive and confidential information from ongoing matrimonial proceedings, including children's names, photographs, and personally identifiable information and her ex-husband's personally identifiable and other confidential

information.  That is information that should be redacted pursuant to Rule 5.2 of the Federal

Rules of Civil Procedure.  Plaintiff's Complaint also appends numerous court filings and

orders from the ongoing matrimonial proceedings that Defendants have represented were filed

confidentially under seal.  Ltr. at 1.

Therefore, consistent with this Court's November 26, 2024 Order and the Court's

Individual Rules of Practice, the parties shall meet and confer to try to narrow the scope of

Defendants' request to seal, including through proposed redactions to the Complaint.  By no

later than December 13, 2024, Plaintiff must make appropriate redactions of personally

identifying and other confidential information, as required by Rule 5.2 of the Federal Rules of

Civil Procedure, and re-file the entire Complaint in redacted form on the public docket.

Dated: December 6, 2024
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge