UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAI MALENA JIMENEZ-FOGARTY,

                                    Plaintiff,                  Case No.:
                                                                1:24-CV-08705-JLR

               -against-

THOMAS FOGARTY, LISA ZEIDERMAN,
ASHLEY KERSTING, NICOLE DIGIACOMO,
JUDGE SHERRI EISENPRESS, JUDGE THOMAS
ZUGIBE, LAURA MARINO,

                               Defendants.

------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF THE ZEIDERMAN DEFENDANTS' MOTION TO DISMISS

## KAUFMAN DOLOWICH, LLP
*Attorneys for Defendants*
*Lisa Zeiderman and Ashley Kersting*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
T: (516) 681-1100

On the brief:
      Brett A. Scher, Esq.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL AND PROCEDURAL HISTORY ........................................................................2

STANDARD OF REVIEW ....................................................................................................4

ARGUMENT ...........................................................................................................................5

POINT I
THE COMPLAINT MUST BE DISMISSED PURSUANT TO THE DOMESTIC RELATIONS
EXCEPTION DOCTRINE .....................................................................................................5

POINT II
THE COMPLAINT MUST BE DISMISSED PURSUANT TO THE DOMESTIC RELATIONS
ABSTENTION DOCTRINE, THE YOUNGER ABSTENTION DOCTRINE AND THE
COLORADO RIVER ABSTENTION DOCTRINE ..............................................................6

POINT III
THE COMPLAINT MUST BE DISMISSED DUE TO PLAINTIFF'S FAILURE TO COMPLY
WITH FED. R. CIV. PROC. 8...............................................................................................11

POINT IV
PLAINTIFF FAILS TO STATE A VIABLE RICO CLAIM AS AGAINST THE ZEIDERMAN
DEFENDANTS .....................................................................................................................12

A.      Plaintiff Fails to Plead the Existence of a RICO Enterprise ...............................12

B.      Plaintiff Fails to Plead a Pattern of Racketeering Activity .................................14

CONCLUSION......................................................................................................................16

# TABLE OF AUTHORITIES

**Case**                                                                                    **Page**

*American Airlines, Inc. v. Block*,
905 F.2d 12 (2d Cir. 1990) ...................................................................................5, 6, 7

*Ankenbrandt v. Richards*,
504 U.S. 689 (1992) ...............................................................................................5, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................4

*Bossom v. Bossom*,
551 F.2d 474 (2d Cir. 1976) .......................................................................................7

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*,
187 F.3d 229 (2d Cir. 1999) .....................................................................................14

*Colorado River Water Conserv. Dist. v. United States*,
424 U.S. 800 (1976) ................................................................................................10

*Collins v. United States*,
996 F.3d 102 (2d Cir. 2021) ......................................................................................4

*Curtis & Assocs., P.C. v. Law Offices of David L. Bushman, Esq.*,
758 F. Supp. 2d 153 (E.D.N.Y. 2010) ......................................................................15

*Daddona v. Gaudio*,
156 F. Supp. 2d 153 (D. Conn. 2000) .......................................................................15

*Deem v. DiMella-Deem*,
941 F.3d 618 (2d Cir. 2019) ................................................................................5, 6, 7

*De Falco v. Bernas*,
244 F.3d 286 (2d Cir. 2001) .....................................................................................15

*Diamond "D" Constr. Corp. v. McGowan*,
282 F.3d 191 (2d Cir. 2002) .....................................................................................10

*Evans v. Adams*,
714 F. Supp. 3d 119 (E.D.N.Y. 2024) .....................................................................4, 7

*First Capital Asset Mgmt., Inc. v. Satinwood,*
385 F.3d 159 (2d Cir. 2004) ...........................................................................................13, 14

*First Nationwide Bank v. Gelt Funding Corp.,*
27 F.3d 763 (2d Cir. 1994) .......................................................................................................15

*Fountain v. Karim,*
838 F.3d 129 (2d Cir. 2016)......................................................................................................4

*Franzone v. City of New York,*
2015 WL 2139121 (E.D.N.Y. May 4, 2015) ...........................................................................15

*GICC Capital Corp. v. Technology Finance Group, Inc.,*
67 F.3d 463 (2d Cir. 1995).........................................................................................................14

*Harty v. W. Point Realty, Inc.,*
28 F. 4th 435 (2d Cir. 2022) ......................................................................................................4

*Heckman v. Town of Hempstead,*
568 F. App'x 41 (2d Cir. 2014) .................................................................................................5

*H.J. Inc. v. Northwestern Bell Tel. Co.,*
492 U.S. 229 (1989) ...........................................................................................................14, 15

*Holmes v. Sec. Inv. Prot. Corp.,*
503 U.S. 258 (1992) ...................................................................................................................15

*Mazza v. Dist. Council for New York & Vicinity, United Bhd, of Carpenters & Joiners of Am.,*
No. 00 CV 6854 (SJ), 2005 WL 8157016 (E.D.N.Y. 2005).........................................................12

*Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,*
673 F.3d 84 (2d. Cir. 2012).......................................................................................................10

*Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE,*
763 F.3d 198 (2d Cir. 2014) .......................................................................................................5

*United States v. Bonanno Organized Crime Fam. Of Law Cosa Nostra,*
683 F. Supp 1411 (E.D.N.Y. 1988) ..........................................................................................11

*United States v. Turkette,*
452 U.S. 576 (1981) ...................................................................................................................13

*United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,*
793 F. Supp. 1114 (E.D.N.Y. 1992) .........................................................................................11

*Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP,*
806 F.3d 71 (2d Cir. 2015) ...............................................................................15

*Smallwood v. Lupoli,*
2007 WL 2713841 (E.D.N.Y. Sept. 14, 2007) .................................................13

*Smartix Int'l Corp. v. Mastercard Int'l, LLC,*
355 F. App'x 464 (2d Cir. 2009) ..................................................................12, 13

*Snyder v. U.S. Equities Corp.,*
2014 WL 317189 (W.D.N.Y. Jan. 28, 2014) ....................................................15

*Spargo v. New York State Comm'n on Jud. Conduct,*
251 F.3d 65 (2d Cir. 2003)................................................................................10

*Spool v. World Child Int'l Adoption Agency,*
520 F.3d 178 (2d Cir. 2008) .............................................................................14

*Sprint Commc'ns, Inc. v. Jacobs,*
571 U.S. 69 (2013)............................................................................................10

*State Farm Mut. Auto. Ins. Co. v. Valery Kalika,*
No. 04 CV 4631 (CBA), 2006 WL 6176152 (E.D.N.Y. 2006) .......................12

*Weaver v. James,*
2011 WL 4472062 (S.D.N.Y. Sept. 27, 2011) ...........................................13, 15

**Statutes**

18 U.S.C. § 1961(4) ...........................................................................................12

18 U.S.C. § 1962................................................................................................15

Fed. R. Civ. Proc. 12(b)(1) .......................................................................1, 4, 16

Fed. R. Civ. P. 12(b)(6)........................................................................1, 4, 5, 16

Fed. R. Civ. P. 8(a) ......................................................................................11, 12

Defendants LISA ZEIDERMAN ("Ms. Zeiderman") and ASHLEY KERSTING ("Ms. Kersting") (collectively, the "Zeiderman Defendants") by their attorneys, respectfully submit this Memorandum of Law in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

The within action is Plaintiff's attempt to forum shop and relitigate decisions in her ongoing matrimonial action, captioned *Thomas Fogarty v. Sai Malena Jimenez-Fogarty*, Index. No. 035547/2021 (the "Matrimonial Action"). In her long-winded and rambling 738 paragraph Complaint, Plaintiff claims that the Zeiderman Defendants, the attorneys for Plaintiff's estranged husband in the Matrimonial Action, along with Plaintiff's estranged husband, his current romantic partner, the current and former presiding New York Supreme Court judges in the Matrimonial Action, and the attorney for Plaintiff's two minor children ("the "AFC") are part of a corrupt cabal intent on siphoning funds from the marital estate and perpetuating wrongs against Plaintiff.

This is a blatant attempt to collaterally attack decisions and findings in the underlying Matrimonial Action under the ruse of a purported RICO conspiracy between attorneys, judges and litigants in the New York Supreme Court. Despite Plaintiff's attempts to implicate federal question jurisdiction by alleging RICO violations, the within Complaint is subject to dismissal under the Domestic Relations Exception Doctrine. Alternatively, the Complaint is subject to dismissal under the Domestic Relations Abstention Doctrine and the *Younger* and *Colorado River* Abstention Doctrines, as it is readily apparent that Plaintiff wants this Court to intervene in and relitigate substantive adverse determinations from an ongoing New York State Court proceeding -- the Matrimonial Action.

Even if the Court does not abstain from hearing Plaintiff's case, it is subject to dismissal

on substantive grounds as Plaintiff has failed to plead (i) the existence of a RICO enterprise, (ii) a pattern of racketeering activity, and (iii) proximately-caused RICO damages.

## FACTUAL AND PROCEDURAL HISTORY

Defendant THOMAS FOGARTY ("Mr. Fogarty") filed for divorce on September 28, 2021, in the Supreme Court of the State of New York, Rockland County, under *Thomas Fogarty v. Sai Malena Jimenez-Fogarty*, Index No. 035547/2021 (the "Matrimonial Action")[1]. Declaration of Brett A. Scher ("Scher Dec."), Ex. "A," ¶¶28-30. The Matrimonial Action is still ongoing. Scher Dec., Ex. "A," ¶82. The Zeiderman Defendants represent Mr. Fogarty in the pending Matrimonial Action. Scher Dec., Ex. "A," ¶¶5, 17-18.

Several months later, defendant Justice Sherri Eisenpress ("Judge Eisenpress") issued an Order recusing herself from the Matrimonial Action. Scher Dec., Ex. "A," ¶45; p. 476. Defendant Justice Thomas Zugibe ("Judge Zugibe") was then assigned to preside over the Matrimonial.

The Matrimonial Court bifurcated the custody portion of the trial from the financial matters. Scher Dec., Ex. "A," ¶47. On or about May 16, 2022, the Court ███████████ ████████████████████████████████ Scher Dec., Ex. "A," ¶646. On or about September 5, 2024, the Court in the Matrimonial Action concluded the custody portion of the trial. Scher Dec., Ex. "A," ¶¶38, 47, 251.

On or about October 22, 2024, Judge Zugibe denied Plaintiff's letter requests for permission to make a motion for a mistrial, and reminded the parties that "closing submission[s]

---

[1] Prior to the initiation of the Matrimonial Action, Mr. Fogarty brought a proceeding in the Rockland County Family Court, which was heard by Referee Dean Richardson-Mendelson, before it was consolidated with the Matrimonial Action, and transferred ████████████████ ████████████████████ before Justice Sherri Eisenpress. Scher Dec., Ex. "A," ¶30; pp. 236, 240, 324.

with respect to the custody portion of this trial are due on or before November 8, 2024[2].” Scher Dec., Ex. “A,” ¶66, p. 168.  The Matrimonial Court's decision on custody of the minor children is still pending. Scher Dec., Ex. “A,” ¶82.

On November 15, 2024, Plaintiff commenced this action by filing what she calls an Emergency Verified Complaint (the “Complaint”). Scher Dec., Ex. “A.”  The Complaint makes a myriad of histrionic and inflammatory allegations against the collective defendants claiming that Mr. Fogarty (Plaintiff's estranged husband), his romantic partner, the Zeiderman Defendants (as attorneys for Mr. Fogarty), and the current and former presiding justices in the Matrimonial Action (Judge Zugibe and Judge Eisenpress) are all part of a “‘Cash for Kids’ enterprise.”  Plaintiff claims that this enterprise purportedly resulted in ████████████████████████████ ██████████████████████████████████ Scher Dec., Ex. “A,” ¶¶1-2, 4.

Despite the fact that the Matrimonial Action is ongoing and the Matrimonial Court has not issued a decision following the custody portion of the Matrimonial Action, Plaintiff requests that this Court ██████████████████████████████████████ ██████████████████████████████ Scher Dec., Ex. “A,” ¶733. Plaintiff also requests that this Court declare a mistrial in the underlying Matrimonial Action, change the venue of the Matrimonial Action from the Supreme Court of the State of New York, Rockland County to Manhattan Supreme Court. Scher Dec., Ex. “A,” ¶¶734-738.  Lastly, Plaintiff also seeks a “preliminary injunction freezing the assets of Defendants FOGARTY, KERSTING, ZEIDERMAN, DIGIACOMO, MARINO, EISENPRESS, and ZUGIBE...[including] freez[ing]

---

[2] This deadline was subsequently adjourned.  The closing submission papers have now been fully submitted.

all bank accounts, real estate holdings, and business assets owned or controlled by the Defendant[] FOGARTY...until the resolution of this case." Scher Dec., Ex. "A," ¶¶730-731.

## STANDARD OF REVIEW

Fed. R. Civ. Proc. 12(b)(1) permits a district court to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. Proc. 12(b)(1).  Under a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1), the plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Collins v. United States*, 996 F.3d 102, 108 (2d Cir. 2021); *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).  In resolving a motion under Fed. R. Civ. Proc. 12(b)(1), the Court may consider affidavits or other materials beyond the pleadings. *Harty v. W. Point Realty, Inc.*, 28 F. 4th 435, 441 (2d Cir. 2022); *Evans v. Adams*, 714 F. Supp. 3d 119, 123 (E.D.N.Y. 2024).

Fed. R. Civ. Proc. 12(b)(6) permits a district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility requirement simply requires "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal" conduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Legal conclusions are not entitled to a presumption of truth, and a court assessing the sufficiency of a complaint disregards them. *Ashcroft*, 556 U.S. at 678. Rather, the Court must examine only the well-pleaded factual allegations, if any, "and then determine whether they

plausibly give rise to an entitlement of relief." *Id.* at 679.  "Dismissal is appropriate when 'it is clear from the face of the complaint… that the plaintiff's claims are barred as a matter of law.'" *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208-09 (2d Cir. 2014) (affirming lower court's dismissal of plaintiff's complaint for failure to state a claim).

In considering a Rule 12(b)(6) motion, "the court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014).

## **ARGUMENT**

### **POINT I**

### **THE COMPLAINT MUST BE DISMISSED PURSUANT TO THE DOMESTIC RELATIONS EXCEPTION DOCTRINE**

In the first instance, Plaintiff's Complaint must be dismissed under the Domestic Relations Exception Doctrine. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (finding that "the domestic relations exception...divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (internal citations omitted) ("the scope of this matrimonial exception to federal jurisdiction is 'rather narrowly confined,'...only 'where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child' does it generally decline jurisdiction pursuant to the matrimonial exception."); *Deem*, 941 F.3d at 621 (finding the "*Barber* exception applied 'only where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child' – in other words, a 'rather narrowly confined' set of disputes...").

In *Ankenbrandt*, the Supreme Court reasoned that:

As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Ankenbrandt*, 504 U.S. at 704.

While Plaintiff attempts to conceal her attempt to litigate issues from the ongoing Matrimonial Action under the guise of a RICO claim, this subterfuge should not dissuade the Court from determining that this case is nothing more than an attempt to litigate domestic relations issues. Plaintiff expressly requests that the District Court issue an Order ████████████████ ███████████████████████████████████████████████ ████████████████ Scher Dec., Ex. "A," ¶733.  Plaintiff also requests that this Court declare a mistrial in the underlying Matrimonial Action and then change the venue of the Matrimonial Action. Scher Dec., Ex. "A," ¶¶734-738.

As Plaintiff requests that the District Court rule on what are clearly domestic relations issues (under the cover of a RICO claim) this matter falls within the Domestic Relations Exception Doctrine and must be dismissed.

## POINT II

### THE COMPLAINT MUST BE DISMISSED PURSUANT TO THE DOMESTIC RELATIONS ABSTENTION DOCTRINE, THE *YOUNGER* ABSTENTION DOCTRINE AND THE *COLORADO RIVER* ABSTENTION DOCTRINE

Alternatively, Plaintiff's Complaint should be dismissed pursuant to the Domestic Relations Abstention Doctrine. *Deem v. DiMella-Deem*, 941 F.3d 618 (2d Cir. 2019); *American Airlines, Inc.*, 905 F.2d at 14.  It is well settled that "[a] federal court presented with matrimonial

issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *American Airlines, Inc.*, 905 F.2d at 14 (*citing Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976)); *Evans*, 714 F. Supp. 3d at 124 (internal citations omitted) ("When a case calls for a federal court to interpret state domestic relations law or 'immerse itself in domestic relations matters,' the court must abstain from proceeding with the case due to the state courts' 'greater interest and expertise' in that field.").

Plaintiff has filed this plenary action in a blatant attempt to relitigate certain decisions and outcomes in the underlying Matrimonial Action. Scher Dec., Ex. "A," ¶¶24-25.  However, it is clear from the Complaint that Plaintiff wants to relitigate issues that are solely germane to the New York State courts including custody as well as the division of marital assets.  Indeed, Plaintiff explicitly requests that this federal court grant a mistrial as to the custodial portion of the Matrimonial Action and ██████████████████████████████ Scher Dec., Ex. "A," ¶¶733-734.

This Court should abstain from exercising jurisdiction over Plaintiff's claims since they "are, or [were] on the verge of being, about child custody," and Plaintiff has "alleged no facts indicating that there [was] any obstacle to [a] full and fair determination [of his child custody issues] in state courts." *Deem*, 941 F.3d at 620.

Moreover, the Complaint should be dismissed pursuant to the *Younger* and *Colorado River* Abstention Doctrines.  As evidenced by the relief sought by the Complaint, [Compl., Prayer for Relief Cl.], it is readily apparent that Plaintiff wants this Court to intervene in and re-decide substantive adverse determinations from the Matrimonial Action. Scher Dec., Ex. "A," ¶¶728-738.

Plaintiff repeatedly requests that this Court intervene and overturn findings and determinations in the Matrimonial Action, including *inter alia*:

- ████████████████████████████████████████ Scher Dec., Ex. "A," ¶¶4, 5, 43, 50, 51, 90, 353, 607, 642, 646, 652, 733;

- Judge Zugibe's alleged "fail[ure] to rescind the...orders [of Judge Eisenpress]..." Scher Dec., Ex. "A," ¶6;

- Mr. Fogarty's alleged ████████████████████████ ████ ████ ████████ ████ ████ ████████████████████████ Scher Dec., Ex. "A," ¶¶8, 10, 31, 33, 45, 74, 92-93, 97, 102, 115, 120-122, 160, 218, 222, 282, 283, 638, 645, 660;

- The Court's failure to ████████████████████████ ████████████████████████████████████████ Scher Dec., Ex. "A," ¶¶45, 70, 74, 76, 78, 102, 331, 610;

- Judge Zugibe's ████████████████████████████ ████████████████ Scher Dec., Ex. "A," ¶¶8, 54, 71;

- Plaintiff's request that ████████████████████████ Scher Dec., Ex. "A," ¶¶10, 731;

- Plaintiff's request that ████████████████████████ ████████████████████████████████████████ Scher Dec., Ex. "A," ¶11;

- The Court's granting of ████████████████████ ████████████████ Scher Dec., Ex. "A," ¶30;

- The Court's alleged failure to rule on ████████████ ████████████ Scher Dec., Ex. "A," ¶¶34, 331;

- The Court's appointment of ████████████████████ ████████████████ Scher Dec., Ex. "A," ¶¶37, 74, 76, 336, 337, 346, 424-425, 436;

- The presentment of certain evidence and trial witnesses during the custody portion of the trial as well as the conclusion of the custody portion of the trial. Scher Dec., Ex. "A," ¶¶38, 59, 251, 734;

- The Court's denial of Plaintiff's request for a mistrial of the custody portion of the trial in the Matrimonial Action. Ex. "A," ¶66, 734;

- The alleged ███████████████████████████████████. Scher Dec., Ex. "A," ¶¶39, 388;

- The Court's denial ████████████████████████████ Scher Dec., Ex. "A," ¶¶54, 71, 78, 331, 335, 345;

- Judge Zugibe's ████████████████████████. Scher Dec., Ex. "A," ¶¶61-62, 260, 265;

- Judge Zugibe's refusal to recuse himself from the Matrimonial Action. Scher Dec., Ex. "A," ¶64;

- The Court's alleged violations of Plaintiff's ADA accommodations. Scher Dec., Ex. "A," ¶¶65, 66, 277, 278;

- Judge Zugibe's alleged "refusal to recuse" himself. Scher Dec., Ex. "A," ¶¶64-66;

- Judge "Zugibe's [purported] refusal to enforce the law and protect Plaintiff's rights." Scher Dec., Ex. "A," ¶71;

- The Court's alleged interference in and denial of ██████████████████ ██████████████ Scher Dec., Ex. "A," ¶¶77, 151, 152;

- The Court's denial of Plaintiff's request to ██████████████████████ █████████████████████████████████████████████████████ ██████████████████████████████████ Scher Dec., Ex. "A," ¶¶80, 82;

- The filing of an ████████████████████████████████████████ ████████████████████████████████████████ Scher Dec., Ex. "A," ¶82;

- The ██████████████████████████████████████████ ███████████████████████████████████████████ Scher Dec., Ex. "A," ¶¶160, 273, 274;

- The Court's order of ████████████████████████████████ ██████████████ Scher Dec., Ex. "A," p. 44; and

- Judge Zugibe's alleged failure to ██████████████████████████ ██████████████████████████████████ Scher Dec., Ex. "A," ¶269.

Moreover, the Matrimonial Action is still pending action.  Scher Dec., Ex. "A," ¶82.

"*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002); *Spargo v. New York State Comm'n on Jud. Conduct*, 251 F.3d 65, 74 (2d Cir. 2003) ("federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings."). *Younger* abstention is mandatory when: (1) there is an ongoing state proceeding; (2) an important state interest is involved; and (3) the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the state court proceeding. *Spargo*, 351 F.3d at 75.

*Younger* is applicable herein since (1) the Matrimonial Action raises ███████████ ████████████ [Compl., ¶¶3, 7, 13, 58, 86, 93, 185, 186, 265, 349, 360, 422, 432, 446, 448, 450, 461, 506, 508, 514 554-602, 643, 656, 664, 674, 679, 716, 733], making it "akin to [a] criminal prosecution[]," *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); and (2) this action implicates New York's "interest in enforcing the orders and judgments of its courts." *Id.* at 72-73. Moreover, Plaintiff does not dispute that she has recourse in the Matrimonial Action or an appeal to the Appellate Division, Second Department.

For similar reasons, *Colorado River* Abstention Doctrine applies. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813 (1976) (finding a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in "comprehensive disposition of litigation" and abstention would conserve judicial resources). The threshold issue for *Colorado River* abstention is if there are "substantially the same parties [] contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d. Cir. 2012).

It is unequivocal that Plaintiff is attempting to litigate (and relitigate) the same issues from the Matrimonial Action in order to obtain a different outcome. A review of Plaintiff's Complaint (and the annexed exhibits) clearly indicates that Plaintiff has raised the same issues and arguments in the pending Matrimonial Action. Indeed, Plaintiff has named all of the parties, attorneys, and judges from the Matrimonial Action as defendants in this action. Thus, *Colorado River* abstention is appropriate.

For the foregoing reasons, it is respectfully submitted that this Court should dismiss Plaintiff's Complaint.

**POINT III**

**THE COMPLAINT MUST BE DISMISSED DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH FED. R. CIV. PROC. 8**

Plaintiff's lengthy 738 paragraph Complaint is in direct contravention of Fed. R. Civ. P. 8(a), which requires that a complaint shall contain a "short and plain statement" of the ground for jurisdiction of the court over the action, "a short and plain statement of the [plaintiff's] claim", and a demand for judgment.

The notice pleading requirements of Rule 8(a) are "applicable to RICO, and 'it is imperative that the court and defendants be placed on clear notice as to what is being alleged, and what the substance of the claim is, in order to facilitate a decision on the merits of the case." *United States v. Bonanno Organized Crime Fam. Of Law Cosa Nostra*, 683 F. Supp 1411, 1428 (E.D.N.Y. 1988), *aff'd* 879 F.2d 20 (2d Cir. 1989) (internal citations omitted). "The objective of this rule is to ensure that a defendant be provided with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 793 F. Supp. 1114, 1124 (E.D.N.Y. 1992) (internal citations omitted).

It is well-settled that a Plaintiff's "[f]ailure to comply with Rule 8(a) – that is, failure to place a defendant and the court on adequate notice of the plaintiff's claim - generates a basis for dismissing the complaint." *United States*, 793 F. Supp. at 1124; *State Farm Mut. Auto. Ins. Co. v. Valery Kalika*, No. 04 CV 4631 (CBA), 2006 WL 6176152, at *15 (E.D.N.Y. 2006); *Mazza v. Dist. Council for New York & Vicinity, United Bhd, of Carpenters & Joiners of Am.*, No. 00 CV 6854 (SJ), 2005 WL 8157016, at *6 (E.D.N.Y. 2005).

Plaintiff's rambling Complaint is too convoluted and confusing to give any of the defendants notice of the claims being asserted. As such, Plaintiff's Complaint must be dismissed.

**POINT IV**

**PLAINTIFF FAILS TO STATE A VIABLE RICO CLAIM AS AGAINST THE ZEIDERMAN DEFENDANTS**

Even if the Court determines that it has subject-matter jurisdiction and the Complaint comports with Fed. R. Civ. P. 8(a), Plaintiff has failed to state a claim upon which relief can be granted.

The Complaint purports to allege violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, specifically 18 U.S.C. §§1961-1968. Scher Dec., Ex. "A," ¶1. In order to plead a civil RICO cause of action, a plaintiff must demonstrate that the defendant participated in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Smartix Int'l Corp. v. Mastercard Int'l, LLC*, 355 F. App'x 464 (2d Cir. 2009).

**A.    Plaintiff Fails to Plead the Existence of a RICO Enterprise**

"The RICO statute defines an 'enterprise' as 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Smartix Int'l Corp.*, 355 F. App'x at 466 (citing 18 U.S.C. § 1961(4)). A RICO enterprise is "a group of persons associated together for a common purpose of engaging in

a course of conduct" whose existence is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981).; *First Capital Asset Mgmt., Inc. v. Satinwood*, 385 F.3d 159, 173 (2d Cir. 2004)).  Finally, there must also be a 'nexus...between the enterprise and the racketeering activity that is being conducted.' *Smartix*, (quoting *First Capital Asset Mgmt., Inc.*, 385 F.3d at 174).

Critically, to plead a viable RICO claim, a plaintiff must detail an enterprise that represents a "course of fraudulent or illegal conduct **separate and distinct from the predicate acts themselves – a requirement in [the Second] Circuit**." *First Capital Asset Mgmt., Inc.*, 385 F.3d at 174 (emphasis added); *see also, U.S. v. Turkette supra* ([t]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages").

At bar, Plaintiff claims the existence of an "enterprise" without defining it.  Moreover, Plaintiff fails to even attempt to establish a course of fraudulent conduct "separate and distinct from the predicate acts themselves." *Id.*  Further, purported entire "enterprise" consists of the Zeiderman Defendants, their client (Mr. Fogarty) along with the AFC and the presiding judges from the Matrimonial Action, which is insufficient to establish an association in fact. *See Weaver v. James*, 2011 WL 4472062, at *3 (S.D.N.Y. Sept. 27, 2011) ("[T]he litigation activities of an attorney representing clients in an eviction proceeding are not sufficiently distinct from the actions of the attorney-client "association in fact" to meet the distinctness requirement of RICO."); *Smallwood v. Lupoli*, 2007 WL 2713841, at *6 (E.D.N.Y. Sept. 14, 2007).

### B.    Plaintiff Fails to Plead a Pattern of Racketeering Activity

Even if a RICO enterprise has been pled, there is no pattern of racketeering activity asserted.  RICO requires at least two predicate acts of racketeering activity committed within a 10-year period, and which amount to, or pose a threat of, continued criminal activity.  *First Capital Asset Mgmt., Inc. v. Satinwood,, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004).  In order to demonstrate a pattern of racketeering activity, a plaintiff must establish that the conduct in question amounts to, or constitutes a threat of, continuing racketeering activity.  *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989).  Continuity may be closed- or open-ended, with closed-ended referring to a pattern of criminal activity extending over a substantial period of time and open-ended referring to past criminal conduct that projects into the future with a threat of repetition. *See H.J. Inc.*, 492 U.S. at 241-42.; *see also GICC Capital Corp. v. Technology Finance Group, Inc*., 67 F.3d 463, 466 (2d Cir. 1995).  In considering whether the continuity requirement is satisfied, the Second Circuit has consistently held that a period of less than two years is not a "substantial period of time."  *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008); *Cofacredit, S.A. v. Windsor Plumbing Supply Co*., 187 F.3d 229, 242 (2d Cir. 1999).

At bar, Plaintiff can satisfy neither the closed-ended or open-ended continuity pleading requirements.  Plaintiff broadly alleges a myriad of alleged "predicate acts" that occurred within the confines of the Matrimonial Action which she contends are a "pattern of racketeering." Plaintiff makes the ridiculous contention that the Zeiderman Defendants' litigation tactics and filings in the Matrimonial Action, witness tampering, extortion and other inexplicable allegations were part of a wide-ranging "'Cash for Kids' enterprise'", implicating the presiding judges and the entire Supreme Court of New York, Rockland County.  Scher Dec., Ex. "A," ¶¶1; 160-243; 361-421.  Such amorphous allegations of "continuity," fail to establish either "a pattern of criminal

activity extending over a substantial period of time" or "a threat of repetition." *See H.J. Inc.*, GICC Capital Corp*., supra*.

Moreover, Plaintiff's allegations in the Complaint represent precisely the type of litigation activities that the federal courts have repeatedly held do not qualify as predicate acts for RICO purposes.  *See e.g.,* Snyder v. U.S. Equities Corp., 2014 WL 317189, at *7-8 (W.D.N.Y. Jan. 28, 2014); Curtis & Assocs., P.C. v. Law Offices of David L. Bushman, Esq., 758 F. Supp. 2d 153, 171-74 (E.D.N.Y. 2010) ("join[ing] a long line of cases in finding" that "litigation activities" such as filing "false affidavits" and "perjury" are insufficient to "form the basis for RICO predicate acts."); *Weaver v. James*, 2011 WL 4472062, at *4; Franzone v. City of New York, 2015 WL 2139121, at *9 (E.D.N.Y. May 4, 2015); Daddona v. Gaudio, 156 F. Supp. 2d 153, 162 (D. Conn. 2000).

Finally, the RICO claim fails based upon Plaintiff's failure to plead proximately caused RICO damages.  *See First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 769 (2d Cir. 1994); *De Falco v. Bernas*, 244 F.3d 286, 295 (2d Cir. 2001) ("Among these additional requirements is a proximate cause showing that requires a plaintiff to allege that he or she was "injured in his [or her] business or property by reason of a violation of [18 U.S.C. § 1962]".") (internal citations omitted).  "The statute's "by reason of" language "require[s] a showing that the defendant's violation not only was a 'but for' cause of his injury, but was the proximate cause as well," which mandates "some direct relation between the injury asserted and the injurious conduct alleged" that is not "too remote"." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d 71, 86-87 (2d Cir. 2015) (quoting *Holmes v. Sec. Inv. Prot. Corp.,* 503 U.S. 258, 268 (1992)).

Plaintiff has failed to allege a causal connection between the alleged RICO violations by the Zeiderman Defendants and her purported damages.  As such, Plaintiff's Complaint is subject to dismissal.

## **CONCLUSION**

For the foregoing reasons, the Zeiderman Defendants respectfully move this Court to dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
        December 9, 2024

**KAUFMAN DOLOWICH, LLP**

By: _____
        Brett A. Scher, Esq.
        *Attorneys for Defendants*
        *Lisa Zeiderman and Ashley Kersting*
        135 Crossways Park Drive, Suite 201
        Woodbury, New York 11797
        T:  (516) 681-1100
        E:  bscher@kaufmandolowich.com

16

**<u>WORD COUNT CERTIFICATION</u>**

Pursuant to the Individual Rules of Practice of Hon. Jennifer L. Rochon, it is hereby certified that the foregoing Memorandum of Law in Support was prepared on a computer in Times New Roman font, point size 12, double spaced.

The total number of words, inclusive of headings and exclusive of the caption and signature block is 4,659 words.

Dated: Woodbury, New York
      December 9, 2024

_____
          Brett A. Scher