UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

———————————————————X

SAI MALENA JIMENEZ-FOGARTY,                    Case No.:1:24-CV-08705-JLR

Plaintiff,

-against-

THOMAS FOGARTY, et al.,

Defendants.

———————————————————X

**PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S ATTORNEY**

Plaintiff Sai Malena Jimenez Fogarty, proceeding pro se, hereby moves this Honorable Court for

an order disqualifying Defendant Thomas Fogarty's attorneys at Miller Zeiderman, Ashley

Kersting and Lisa Zeiderman, from representing him in this case due to a clear conflict of

interest, violation of the witness advocate rule, and a breach of a critical court order. In support

of this motion, Plaintiff asserts the following:

1. **Introduction:** Plaintiff Sai Malena Jimenez Fogarty filed a civil RICO complaint against

   Defendant Thomas Fogarty, his attorneys Ashley Kersting and Lisa Zeiderman, and other

   parties on November 15, 2024. This case involves serious allegations of corruption and

   bribery, racketeering, financial misconduct, and the unlawful manipulation of custody

   and assets. The ethical violations committed by Ashley Kersting and Lisa Zeiderman

   threaten the integrity of these proceedings, making their disqualification not just

   necessary, but essential to preserve justice in this matter.

1

2. **Conflict of Interest:** Defendant Ashley Kersting and Lisa Zeiderman currently represent Defendant Thomas Fogarty in an ongoing divorce case in the Supreme Court of New York State while simultaneously being implicated as defendants in this federal civil RICO case. This dual representation creates an irreconcilable conflict of interest, violating both ethical standards and legal precedent.

3. **Legal Standard:** Under the Model Rules of Professional Conduct, Rule 1.7, a lawyer must not represent a client if the representation involves a concurrent conflict of interest. As such, Ashley Kersting and Lisa Zeiderman's simultaneous representation of Defendant Thomas Fogarty in the state divorce case while also being defendants in the RICO case is a direct violation of these rules. Furthermore, the witness advocate rule, Rule 3.7, states that a lawyer shall not act as an advocate in a trial where the lawyer is likely to be a necessary witness. This conflict is further compounded by the involvement of Ashley Kersting and Lisa Zeiderman in the wrongful actions forming the basis of Plaintiff's RICO claims.

4. **Violation of the Witness Advocate Rule:** Ashley Kersting and Lisa Zeiderman are likely to be necessary witnesses in this federal civil RICO case due to their direct involvement in the retaliatory actions taken against Plaintiff and their concurrent representation of Defendant Thomas Fogarty. This dual role as both advocate and potential witness violates Rule 3.7 and undermines the fairness and integrity of these proceedings, making their disqualification critical to ensure due process.

5. **Relevant Legal Authorities and Case Studies:**

- **Federal Rules of Civil Procedure, Rule 23.1**: Provides guidance on disqualifying counsel in cases involving derivative actions and similar conflicts of interest.

- **18 U.S.C. § 1964 (RICO Act)**: The RICO Act includes provisions for equitable relief, including the disqualification of counsel if necessary to prevent a conflict of interest.

- **United States v. Rico, No. 23-2160 (10th Cir. 2024)**: Addressed attorney disqualification due to conflicts of interest in the context of RICO violations.

- **Franklin Medical Associates v. Newark Public Schools**: Involved a successful RICO claim and subsequent motions related to attorney's fees and disqualification.

- **In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 2004**: Involved the disqualification of an attorney due to a conflict of interest in a RICO investigation.

- **United States v. Rico, No. 23-2160 (10th Cir. 2024)**: This case involved issues of attorney disqualification due to conflicts of interest.

- **Matthews v. Stolier, 2015 U.S. Dist. LEXIS 171752 (D.C. La. December 23, 2015)**: The court disqualified an attorney who would testify as a witness, citing Rule of Professional Conduct 3.7. The court noted that this rule protects clients from potential conflicts of interest and preserves the integrity of judicial proceedings.

6. **Coercion, Extortion, and Witness Tampering:** Defendant Thomas Fogarty and his attorney, Ashley Kersting, have acted in concert to coerce, extort, and tamper with the testimony of Plaintiff's adult special needs son, Brandon Jimenez. Defendant Fogarty and Kersting went so far as to serve a fraudulent subpoena, and coerced Brandon Jimenez into testifying under duress, against his will. These unlawful actions constitute not only criminal conduct but also underscore the severe conflict of interest and unethical behavior

that necessitate the disqualification. Their involvement in these illegal activities further demonstrates their unfitness to represent Defendant Thomas Fogarty in this matter. **(See Exhibit 1 – Evidence of Defendant Fogarty and Kersting's Coercion and Exhibit 2 – False Subpoena Served by Defendant Fogarty and Kersting.)**

7. **Violation of Confidential Address Court Order:** Defendant Ashley Kersting violated a court order issued to ensure the safety of Plaintiff and Plaintiff's children by disclosing Plaintiff's confidential address to Defendant Thomas Fogarty. Plaintiff is a victim of domestic violence, and this violation of a court order is particularly egregious, endangering the safety and well-being of the Plaintiff and her children. This further substantiates the need for disqualification. **(See Exhibit 3 – Evidence of Defendant Kersting Violating the Confidential Address Court Order).**

8. **Grounds for Disqualification:** The concurrent representation of Defendant Thomas Fogarty by Ashley Kersting and Lisa Zeiderman presents an undeniable conflict of interest that impairs their ability to provide impartial representation. Furthermore, their potential role as witnesses in this case, coupled with the involvement in coercion, extortion, and violation of a court order, necessitates the disqualification to maintain the integrity of these proceedings and to ensure that justice is served.

9. **Rights of Thomas Fogarty:** Keeping Ashley Kersting and Miller Zeiderman as his attorneys, despite these conflicts and ethical violations, could infringe upon Thomas Fogarty's right to effective and unbiased legal representation, thus violating his legal rights.

10. **Request for Relief** Plaintiff respectfully requests that this Court:

- Disqualify Defendant's attorneys Ashley Kersting and Lisa Zeiderman from representing Defendant Thomas Fogarty in this federal civil RICO case due to the conflict of interest, violation of the witness advocate rule, and breach of the confidential address court order.

- Grant any other relief this Court deems just and proper to ensure a fair and impartial proceeding.

  **Conclusion** For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion to Disqualify Defendant's Attorneys and provide the relief requested herein. The actions and violations committed by Ashley Kersting and Lisa Zeiderman not only undermine the integrity of this case but also violate ethical standards that are essential to the fair administration of justice.

I affirm this 9th day of December 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Respectfully submitted,

*Sai Malena Jimenez Fogarty*

1

035547/2021   Fogarty v Jimenez

ROCKLAND COUNTY CLERK

2024 OCT 21  A 9:00

Dear Judge Zugibe,                    October 10, 2024

I am writing to you under the most distressing of circumstances
to formally recant my previous testimony given in the matter
of Fogarty vs Jimenez Fogarty. I need to urgently bring to your attention
several critical issues regarding my involvement and the coercion I
experienced, which has tainted the integrity of my earlier
statements.

My stepfather, Thomas Fogarty and his lawyer at Miller
Zeiderman including Ashley Kersting coerced me into testifying
against my mother, sai jimenez fogarty, despite my expressed
wishes to remain uninvolved. Their coercion involved threatning
my job security at highbury concrete, a company my
mother started and owns, and Thomas gave me a
promotion and increased wages in exchange for my testimony.

Additionally, I was served a subpoena by my
stepfather Thomas, but I have since learned that this
action was illegal. I now have the evidence that my
stepfather's lawyer has admitted that the subpoena was
fradulent and that proper legal procedures were not followed.
Thomas Fogarty could not served the subpeona for his
own case. I am deeply troubled by this revelation and
the legal misconduct involved

Moreover, my stepfather engaged in manipulative tactics by arranging therapy sessions behind my mother's and father's backs. These actions were part of a broader strategy to manipulate me due to my neurological disorder, significantly impacting my state of mind and ability to make clear and informed decisions.

I want to make it unequivocally clear that my mother, has never harmed me or my siblings, Patrick and Katia. The safety and well-being of my mother, siblings, and my family in general are of utmost importance to me, and I now recognize that my stepfather and his girlfriend, Laura Marino, pose a threat to us all. My mother has always been a loving and caring parent, and she is the only person who has ever ensured the safety and security of her children. I am terrified of my stepfather Thomas Fogarty, who is a powerful and very dangerous man. The coercion I faced have placed me in an untenable position, and I can no longer remain silent about the injustices that have occurred. I respectfully request that the court takes immediate action to correct the record and ensure that my mother Sai Jimenez, my siblings, my father Jose Serra, and I are protected from any further harm.

Sincerely,

Brandon Jimenez



State of New York County of Westchester
Sworn to and subscribed before me this ___
day of _____ 20___
Lailan S Robinson, Notary Public

LEILAN S. ROBINSON
Notary Public, State of New York
No. 01RO0000604
Qualified in Westchester County
Commission Expires Feb. 3, 2027

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND:     CIVIL TERM
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THOMAS FOGARTY,

                         Plaintiff,

          -against-                         Index No.
                                            035547/2021

SAI M. FOGARTY,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                    CONTINUED TRIAL

                    Rockland County Courthouse
                    One South Main Street
                    New City, New York
                    June 20, 2023


BEFORE:   HONORABLE THOMAS P. ZUGIBE
          Justice of the Supreme Court

APPEARANCES:

For the Plaintiff:

     MILLER ZEIDERMAN, LLP
     140 Grand Street, Suite 5
     White Plains, New York  10601
     BY:  ASHLEY KERSTING, ESQ.
          DANIEL MILLER, ESQ.


Defendant Pro Se:

     Sai Malena Jimenez Fogarty


For the children:

     LAW OFFICE OF NICOLE DIGIACOMO, PLLC
     130 N Main Street, Unit 101
     New City, New York  10956
     BY:  NICOLE DIGIACOMO, ESQ.

                              Michele Mastropolo, RPR
                              Senior Court Reporter

BRANDON JIMENEZ - CROSS                240

```
 1                THE COURT:  Sustained.

 2     Q    When you lived at home, who took care of Catia Maria

 3  and Patrick?

 4                MS. KERSTING:  Objection, Judge beyond the scope.

 5                THE COURT:  Sustained.

 6     Q    When you lived at home, did you put your brother and

 7  sister on a timeout?

 8                MS. KERSTING:  Objection.

 9                THE COURT:  Sustained.

10     Q    When you lived in my house, did you see a timeout

11  chair?

12                MS. KERSTING:  Objection.

13                THE COURT:  Sustained.

14     Q    The subpoena that you received to be here, how did you

15  receive it?

16     A    What do you mean how did I receive it?

17     Q    Which method?

18     A    I received it.

19                THE COURT:  Sir, who served you with the subpoena;

20  do you recall?

21                MS. KERSTING:  Judge, can we get a clarification

22  which subpoena because, again, he's been served twice.

23                THE COURT:  Which subpoena are you referring to?

24                THE DEFENDANT:  I'm referring to both.

25                MS. KERSTING:  Compound question.
```

1   Q    The subpoena to be here today.

2   A    It was given to me by -- it was given to me by my

3   stepfather that I needed to come here.

4   Q    And was that done at work?

5   A    No, that wasn't done at work.

6   Q    Where was that done?

7        MS. KERSTING:  Objection to the relevance.

8        THE COURT:  Sustained.

9   Q    The subpoena for October 2021, how did you -- how was

10  that served to you?

11       MS. KERSTING:  Objection.

12       THE COURT:  Sustained.

13  Q    When is the first time you spoke to opposing counsel?

14       MS. KERSTING:  Objection, asked and answered.

15       THE COURT:  Sustained.

16  Q    The picture that Ms. Kersting has that you provided,

17  how did you get that picture to Ms. Kersting?

18  A    How did I get the what?

19  Q    The picture that Ms. Kersting has, how did you get that

20  picture to Ms. Kersting?

21  A    I believe it was through e-mail if I'm not mistaken.

22  Q    You e-mailed it to her?

23  A    I believe so.  I think, yeah.  I believe so.

24  Q    When you testified October 14 of 2021, you stated

25  quote, "I know the kids weren't home during the alleged incident

 Gmail

M Jimenez <sunnysky155@gmail.com>

**Fwd: Purported Subpoena**
1 message

Karen Winner <karen@karenwinner.com>
To: M Davis <sunnysky155@gmail.com>

Mon, Aug 14, 2023 at 5:49 PM

Sent from my iPhone

Begin forwarded message:

> **From:** Ashley Kersting <ak@mzw-law.com>
> **Date:** August 14, 2023 at 5:12:26 PM EDT
> **To:** Karen Winner <karen@karenwinner.com>
> **Cc:** diGiacomo Nicole <nicole@ndigiacomolaw.com>
> **Subject:** Re: Purported Subpoena

Counsel,

You are assuming a lot of things that are simply inaccurate. The subpoena was never served on Mr. Jimenez; as such, there is no affidavit of service. Nor was a copy provided to the AFC or Ms. Fogarty as it was never served, nor was service attempted.

I hope this clarifies things.

Regards

Ashley

Ashley Kersting, Esq, CFL
Partner
Miller Zeiderman LLP
Direct Dial: (914) 488-2408
Email: ak@mzw-law.com

140 Grand Street – 5th Floor – White Plains – NY 10601
Telephone: 914-455-1000 – Facsimile: 914-468-4244


https://mzwnylaw.com/

150 East 52nd Street – Ste 1002 – New York – NY 10022
Telephone: 212-769-3500



10 BEST LAW FIRM
·· CLIENT SATISFACTION ··
American Institute of
Family Law Attorneys™

ATTORNEY
CLIENT SATISFACTION
American Institute of
Family Law Attorneys™


RATED BY
Super Lawyers
Ashley R. Kersting
SELECTED IN 2021
THOMSON REUTERS


RATED BY
Super Lawyers
Rising Stars
Ashley R. Kersting
SuperLawyers.com


AACFL
AMERICAN ACADEMY FOR
CERTIFIED FINANCIAL LITIGATORS
FOUNDING MEMBER 2017

This electronic transmission by the law firm of Miller Zeiderman LLP contains information that may be confidential or proprietary, or protected by the attorney client privilege or work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents hereof is strictly prohibited. If you have received this transmission in error, please notify Miller Zeiderman LLP at (914) 455-1000. Thank you. We are required by IRS Circular 230 to inform you that any statements contained herein are not intended or written to be used, and cannot be used, by you or any other taxpayer, for the purpose of avoiding any penalties that may be imposed by Federal Tax Law.

On Aug 14, 2023, at 3:35 PM, Karen Winner <karen@karenwinner.com> wrote:

CAUTION: This email originated from outside of the organization. DO NOT reply to the message, click links or open attachments unless you recognize the sender and know the content is safe. Call the sender instead if you are unsure whether the email is legitimate.

Dear Ms. Kersting,
I received a purported subpoena to Brandon Jimenez dated June 19 2023 for trial the next day on June 20, 2023.
So many questions. . . . . You served this on him with no address listed and less than 24 hours — one day before the trial?
You know that trial subpoenas can't be issued less than three days from trial, by law.
You did not serve my client the subpoena. You know that is unlawful as well.
No address? No email? Nothing?
Where is the proof of service — showing actual delivery and receipt?
Where is the response from Ms. DiGiacomo that she received it on the 19th.
Where is the posting on NYSCEF?

I do not believe this document is genuine or that it was ever served on him. If it was served by email you need to show it to me. If it was served overnight delivery you need to show me the delivery receipt. Some tangible actual proof.

If there are any other subpoenas that were purportedly served you are required to provide them in real time. You did not answer my question. Where are the other subpoenas that were sent out?
Very truly yours,

Karen Winner, Esq.
252 W. 37th St., Suite 600
New York, NY 10018
917-741-0213
Karen@karenwinner.com
AttorneyWinner.com

CONFIDENTIALITY NOTICE: The information contained in this message and any attachments may be information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above. If you have received this communication in error, please immediately notify us by email and telephone and return the original message and any attachments to us at the above address via email and by the U. S. Postal Service and delete the message from your system and destroy any printed copies. karen@karenwinner.com

3



Civil Rights
Labor Law
Criminal Defense
Family Law
Wills, Trusts, and Estate

THE LAW OFFICE OF
TRICIA S. LINDSAY

June 30, 2024

***Via NYSCEF and Email***
Hon. Thomas P. Zugibe, J.S.C
1 South Main Street
New York, NY 10956

      ***Re:   Thomas Fogarty v. Sai Malena Jimenez Fogarty***
           ***File No. 035547/2021***

Dear Judge Zugibe:

      As Your Honor is aware, I represent the Defendant, Sai Malena Jimenez-Fogarty in
this matter. The Plaintiff is represented by Ashley Kersting and the children are represented
by Nicole DiGiacomo.

      I write to bring to Your Honor's attention a matter of serious concern regarding Ms.
Kersting's recent submission to the court on June 28, 2024. It is deeply concerning to
observe Ms. Kersting's submission of yet another deceptive self-serving letter to the court
containing intentional falsehoods. Ms. Kersting is well aware of the Confidentiality
Address Court Order, as evidenced by its inclusion in NYSCEF document No. 200. As she
has stated numerous times on the docket, during multiple court proceedings, filing on
NYSCEF is considered to be notice to the Plaintiff and his counsel. In fact, according to the
New York State Unified Court System, "service in a NYSCEF case is made through
NYSCEF by a participating e–filer upon other e–filers who have recorded their consent or,
in a mandatory case, noted their representation for a party. When a document is filed
through NYSCEF in a case in which other attorneys or parties have recorded their consent
or their representation, transmission of the document to NYSCEF automatically causes
service to occur on the other participating attorneys/parties."

      Additionally, the notification was sent to Ms. Kersting, Siobhan O'Grady, and Lisa
Zeiderman on May 25, 2022, at 9:59 AM (see attached). Therefore, Ms. Kersting's assertion
that neither she nor her office received a copy of the court's order constitutes a blatant
falsehood. Her repeated and deliberate deception to the court demands accountability for her
continued and egregious misconduct. In fact, Ms. Kersting's assertion that she did not
receive a copy of the court's confidentiality order, despite clear evidence to the contrary, is

*Jimenez-Zugibe-035547/2021*
*June 30, 2024*
*Page 2*

not only false but also a direct violation of her obligations under the *New York Rules of Professional Conduct (NYRPC)*. Specifically, her actions may contravene Rule 3.3, which mandates candor toward the tribunal, prohibiting attorneys from knowingly presenting false statements or failing to correct previously made false statements. Additionally, Rule 8.4 addresses misconduct, explicitly prohibiting dishonesty, fraud, deceit, or misrepresentation by legal practitioners. The implications of Ms. Kersting's conduct are grave. By knowingly misrepresenting the facts and deceiving the court, she undermines the integrity of our judicial system and risks bringing this Court into disrepute. Such behavior demands immediate disciplinary action by both this esteemed Court and the New York State Bar Association.

Furthermore, Ms. Kersting's attempt to manipulate the narrative to diminish my client's status as a domestic abuse survivor is equally reprehensible. Her disregard for the court's Confidentiality Order, designed to protect my client's safety, further underscores her lack of respect for both legal directives and the well-being of those she is duty-bound to serve. Ms. Kersting's pattern of behavior, which includes baseless accusations and attempts to shift blame, epitomizes the strategy of DARVO (Deny, Attack, Reverse, Victim, Offender). Throughout this litigation, she has consistently sought to vilify my client for her actions and those of her client's. This matter is of the utmost seriousness, directly impacting the safety and well-being of my client. Urgent intervention is essential, as any delay could jeopardize my client's safety. Immediate action is imperative to address and remedy this critical situation. Ms. Kersting's actions constitute a deliberate violation of this Court's Order, which is not only wrongful but also compounded by her continued subsequent blatant falsehoods before this Court. Instead of accepting discipline for contempt of court, and admitting her wrongs, Ms. Kersting has chosen to escalate matters by persisting in dishonesty, thereby violating established professional standards in New York. Immediate measures are necessary to address Ms. Kersting's misconduct and uphold the integrity of this court's proceedings. Should any harm befall my client, responsibility must squarely rest on Thomas Fogarty and Ashley Kersting as a result of their actions.

In New York State, there are legal precedents that support the filing of a contempt motion when an attorney violates a court order protecting confidential information, such as a confidential address. The following are a few relevant cases regarding such:

1. *Matter of Holtzman v. Hellenbrand*, **92 A.D.3d 856 (2d Dept. 2012)**:
   In this case, the Appellate Division, Second Department, affirmed a finding of contempt against an attorney who disclosed confidential information in violation of a court order. The court emphasized the importance of protecting confidential information and holding attorneys accountable for their actions.

2. *Matter of Kelly v. Strohmeyer*, **72 N.Y.2d 843 (1988):**
   This case involved an attorney who was held in contempt for violating a court order that prohibited the disclosure of certain information. The Court of Appeals of New York upheld the contempt finding, reinforcing the principle that attorneys must comply with court orders protecting confidential information.

*Jimenez-Zugibe-035547/2021*
*June 30, 2024*
*Page 3*

These cases illustrate that in New York State, attorneys can be, and are, held in contempt for violating court orders protecting confidential addresses or other sensitive information. The courts recognize the seriousness of such violations and uphold the need to enforce orders that safeguard the privacy and safety of individuals involved in legal proceedings. It is imperative that my client remains insulated from any adverse effects resulting from Ms. Kersting's falsehoods. Ms. Kersting's deliberate and repeated falsehoods constitute a flagrant breach of legal and ethical standards. Her deliberate strategy of delay is intended to defer the contempt motion, despite its clear justification based on her unethical behavior and direct contravention of a court order. Given the urgency of this matter, immediate action is essential; any delay of a month is unacceptable and unjustifiable.

Based on the attached evidence, including the actual *Confidential Address Court Order* and *NYSCEF Confirmation Notice*, coupled with Ms. Kersting's actions of attempting to mislead the Court, I respectfully request two (2) actions from the Court: first, permission to file a motion for contempt without delay to be granted immediately, and second, referral to the New York Bar Association of Ms. Kersting's egregious actions, for immediate disciplinary proceedings. Additionally, we urge denial of Ms. Kersting's obnoxious request for a cross-motion for legal fees and sanctions, which would unjustly reward her misconduct. Ms. Kersting's recent letter is devoid of merit and appears designed solely to vex the undersigned party, thereby perpetuating unwarranted escalation of Defendant's legal expenses.

*Your Honor*, the trust and fairness upon which our legal system is built, demand swift and decisive action in response to Ms. Kersting's misconduct. We trust in *Your* commitment to uphold the integrity of this *Court* and the principles of justice upon which *Your* Bench rests.

We thank the Court for its time and attention to this matter, and for its consideration.

Respectfully,

*Tricia Lindsay*
Tricia S. Lindsay, Esq.

cc: Ashley Kersting
Nicole DiGiacomo



Civil Rights
Labor Law
Criminal Defense
Family Law
Wills, Trusts, and Estate

July 1, 2024

***VIA NYSECF***
Hon. Thomas Zugibe, J.S.C.
1 South Main Street
New City, NY 10956

> Re:  ***Thomas Fogarty v. Sai Malena Jimenez-Fogarty***
> ***Index No.: 035547/2021***

Dear Judge Zugibe,

As Your Honor is aware, I represent the Defendant, Sai Malena Jimenez-Fogarty in this matter. The Plaintiff is represented by Ashley Kersting and the children are represented by Nicole DiGiacomo.

Ms. Kersting's latest correspondence persists in falsehoods and attempts to justify her contempt of court. The reality is that the Court Order supporting my client's confidential address exists, and she has willfully violated it, constituting contempt of court. Furthermore, the Order protecting the confidential address remains in effect today, a fact Ms. Kersting has acknowledged since April 25, 2022, by referencing it when she claims that my client will have to share her address with Thomas Fogarty once supervision is removed. This was underscored during Ms. Barbara Conklin's recent testimony in April 2024, where the supervisor expressed concern about Thomas Fogarty's intentions to go to my client's home and get the children. Ms. Conklin began supervising a year ago which is well after April 25, 2022.

Ms. Kersting cannot have it both ways. Despite my relatively brief tenure of seven (7) months on this case, Ms. Kersting has repeatedly admonished me when stating the lawyer's duty to be fully informed of what's in the file. It is noteworthy that Ms. Kersting has been involved in this case since its inception (actually Miller Zeiderman ("MZ") was retained well before Thomas Fogarty filed for divorce). This is confirmed by Thomas Fogarty himself, as he has made substantial payments totaling hundreds of thousands of dollars to this law firm, supported by a team of four (4) lawyers which includes Lisa Zeiderman, Ashley Kersting, Siobhan Ogrady, Andrew Perez, and numerous staff members including paralegals, and thirteen (13) MZ employees who are promptly notified of every document uploaded on NYSCEF. Ms. Kersting's insinuation of inefficiency within MZ is unfounded, given their

*Lindsay-Zugibe*
*July 1, 2024*
*Pg. 2*

established reputation and the substantial inflated fees they charge their clients, including Thomas Fogarty, and it is no excuse. As a solo practitioner I have only been compensated $50,000 for hundreds of hours' worth of work, which is a very small fraction of what Ms. Kersting's legal team has received, yet, I seem to be better acquainted with the court orders governing this case.

It is pertinent to highlight that Thomas Fogarty has paid millions of dollars to MZ Law Firm from their marital assets, whereas his wife has received a mere $125,000 over the course of three years of litigation. The decision to relinquish the order of protection on April 25, 2022, stemmed exclusively from financial constraints, and the issue was never adjudicated, and despite Ms. Jimenez being innocent of the false accusation, she was deprived of the opportunity to present her case in court. That situation was a serious due process violation for my client. Despite the matter commencing on September 22, 2021, as of April 25, 2022, Ms. Jimenez had not received a red cent in emergency spousal support or any legal fee award and was penniless and homeless after being abruptly thrown out of her home by Thomas Fogarty. The application for emergency spousal support and legal fees was uploaded on February 4, 2022, and was fully submitted by April 25, 2022 yet my client still had not received any money despite it coming from her marital assets from which Thomas Fogarty unlawfully blocked her.

This approach diverges from the principle of DRL 237 and fails to uphold the standard of living. Thomas Fogarty and Miller Zeiderman Law Firm are attempting to secure a divorce by financially overpowering his wife Sai Malena Jimenez Fogarty. Miller Zeiderman has a long history of misconduct and of using this approach to dominate the less monied spouse. The repeated submission of misleading letters by Ms. Kersting further underscores Miller Zeiderman's commitment to wasting the court's time and resources when the fact remains that Ms. Kersting is indeed in contempt of court. This perpetuates their unethical conduct, resulting in an additional financial burden on my client, who currently owes over $150,000 in legal fees and has not been awarded legal fees since January 2024. If Thomas Fogarty had not paid his legal bill in six (6) months, MZ would have terminated their representation a long time ago. However, I am expected to provide services while Ms. Kersting continuously uploads documents containing falsehoods which necessitate responses. At this point we are requesting a *Gatekeeper Order* against Ms. Kersting to stop her senseless back and forth. Ms. Kersting's conduct is wholly unethical and inexcusable warranting severe disciplinary action.

In New York State, a relevant legal precedent involving the accidental disclosure of a confidential address resulting in lawyer sanctions can be found in the case of Matter of Conroy**, 97 N.Y.2d 88 (2001). In this case, the attorney inadvertently disclosed a confidential address during court proceedings, leading to disciplinary action by the New York State Bar Association. The court's decision highlighted the importance of safeguarding confidential information and maintaining client confidentiality, even in accidental circumstances, to uphold ethical standards within the legal profession.

*Lindsay-Zugibe*
*July 1, 2024*
*Pg. 3*

The indisputable truth remains that Ms. Kersting has misled the court, persisted in her falsehoods, and breached the Confidential Address Court Order. Ms. Kersting must be held in contempt of court and must face immediate disciplinary action by the New York Bar Association.

Respectfully,

*Tricia Lindsay*

Tricia S. Lindsay

cc: Ashley Kersting
Nicole DiGiacomo