UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAI MALENA JIMENEZ-FOGARTY,<br><br>         Plaintiff,<br><br>-against-<br><br>THOMAS FOGARTY et al.,<br><br>         Defendants. | 1:24-cv-08705 (JLR)<br><br>**ORDER DENYING REQUEST<br>FOR PRO BONO COUNSEL** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is DENIED.

## LEGAL STANDARD

  The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff paid a filing fee to bring this case. Dkt. 1. Plaintiff requests in her December 9, 2019 letter that the Court appoint her *pro bono* counsel. Dkt. 17. In Plaintiff's application for the Court to request *pro bono* counsel, Plaintiff represents that she has not previously filed an IFP application in this case but that she attaches an original IFP application showing her financial status. Plaintiff fails, however, to attach her original IFP application, although she appends documentation reflecting outstanding rent and utility bills.

In any event, at this early stage, the Court cannot make a finding that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62. Nor can the Court make a finding that

Plaintiff's claims will require substantial financial investigation, that the legal issues presented are complex, or that there is any other special reason why appointment of counsel would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. Courts have declined to appoint counsel in similar circumstances. *See, e.g.*, *Washington v. Chase Bank N.A.*, No. 22-cv-01540 (LJL), 2022 WL 4238102, at *1 (S.D.N.Y. Sept. 14, 2022) (denying motion for appointment of counsel because of early stage of the case); *Eichie v. Kuakazi*, No. 221-cv-10712, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022) (same).

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is DENIED. If the Court ultimately determines that her complaint is "likely to be of substance," the application may be revisited.

Dated: December 12, 2024
       New York, New York

SO ORDERED

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge