Sai Malena Jimenez Fogarty
228 East Route 59, Nanuet, NY 10954
sunnysky155@gmail.com
347-993-4550

December 16, 2024

**The Honorable Jennifer L. Rochon**
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Sai Malena Jimenez-Fogarty v. Thomas Fogarty, et al. Case No.: 1:24-CV-08705-JLR**

**Dear Honorable Judge Rochon:**

I am writing to respectfully seek clarification from the Court regarding the motion to dismiss filed by opposing counsel representing the Zeiderman defendants on December 9, 2024. As the Plaintiff and a pro se litigant in this federal civil RICO case, I have several pressing questions and concerns that require the Court's attention. Additionally, I wish to formally express my intention to oppose the motion to dismiss. This case clearly meets the RICO requirements, as irrefutable evidence shows the defendants are involved in a widespread "Cash for Kids" scheme, exploiting vulnerable children for financial gain through fraud, bribery, judicial corruption, and other unlawful actions, causing significant harm to me, my children, and countless other families, requiring immediate legal intervention.

**1. Requirement to Order or Deny the Motion:**

- Does this Honorable Court have an obligation to either grant or deny the motion to dismiss filed by the defendants? An explicit directive on this matter would help clarify the procedural posture of my case. According to Rule 12(b) of the Federal Rules of Civil Procedure, the Court must grant or deny a motion to dismiss, thereby providing a clear pathway forward.

**2. Scope of the Motion to Dismiss:**

- I respectfully seek clarification regarding the motion to dismiss filed by opposing counsel. Specifically, I need to confirm whether this motion to dismiss pertains exclusively to the Zeiderman defendants or if it extends to other defendants in this case. Understanding the scope of the motion is essential for me to appropriately respond and prepare my defense.

**3. Deadline for Opposing Papers:**

- The notice specifies that opposing papers must be served within four weeks of the motion's service. Could the Court please confirm the exact deadline for my response to ensure timely compliance? It is crucial to adhere to the deadlines outlined in Rule 12 of the Federal Rules of Civil Procedure to avoid procedural deficiencies.

**4. Request for Jury Trial:**

- The defendants have requested that the Court decide this case without a trial. However, as the Plaintiff, I have specifically requested a jury trial and hereby renew my request under 28 U.S.C. § 1654, which affirms my right to self-representation and to request a jury trial. Furthermore, the Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases. I seek confirmation from the Court that my right to a jury trial will be preserved.

**5. Potential Treatment as Summary Judgment Motion:**

- I need clarification from the Court on whether this motion will be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. If so, could the Court provide guidance on the specific standards and evidence required for a response? This includes the necessity for affidavits and other supporting documents to meet the burden of proof as outlined in Rule 56(c).

**6. Provision of Required Notices:**

- According to Your Honor's part rules, parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the pro se party with a copy of the notices required under SDNY Local Civil Rules 12.1 or 56.2. I seek confirmation that these notices have been provided in compliance with these rules, ensuring that my rights as a pro se litigant are fully protected. Additionally, I cannot view several documents on my case and am unsure if this information was included there.

**7. Redacted Documents:**

- Opposing counsel has submitted their motion and accompanying documents, including the Memorandum of Law, with extensive redactions. The redactions are so numerous that the document is rendered unintelligible, preventing me from formulating an appropriate response. While the Court has stated that personal information should be redacted, a significant portion of the redactions does not pertain to sensitive information and appears unnecessary. As the Plaintiff, I require access to an unredacted version of the Memorandum of Law to adequately respond to the motion to dismiss. The excessive redactions impede my ability to understand the arguments presented and effectively defend my position. I kindly request that the Court direct opposing counsel to provide an unredacted version of the Memorandum of Law or, at a minimum, limit the redactions to genuinely sensitive or confidential information. This request is supported by the Supreme Court's ruling in *Haines v. Kerner*, 404 U.S. 519 (1972), which emphasizes the need for fair treatment of pro se litigants.

**8. Requirement for Affidavits:**

- The notice to pro se litigant's states that affidavits must be submitted in response to the defendants' motion. Could the Court provide clarification on the format and content required for these affidavits? Are there specific elements or information that must be included to be considered valid under Rule 56(c) of the Federal Rules of Civil Procedure?

**9. Scope of Evidence:**

- In submitting evidence to counter the defendants' motion, are there any limitations or specific types of evidence that I should focus on? Additionally, are there any particular documents or exhibits that the Court requires I include in my response to strengthen my position? This case does meet the RICO requirements, as the irrefutable evidence demonstrates that the defendants are indeed involved in a widespread "Cash for Kids" enterprise, exploiting vulnerable children for financial gain through fraud, bribery, and judicial corruption. The defendants' actions, including manipulating custody decisions, racial discrimination, and embezzling family assets, have caused severe harm to me, my children, and hundreds of families, necessitating immediate legal intervention to protect our rights and ensure justice.

**10. Case Study Supporting Pro Se Litigants:**

- I would like to reference the case of *Bonavito v. Harvard*, where a pro se litigant successfully challenged a powerful institution. This case demonstrates that pro se litigants can achieve significant outcomes when provided with the necessary guidance and support from the Court.

Lastly, Your Honor, I am a victim of domestic violence perpetrated by my estranged husband, Thomas Fogarty, which has resulted in long-term disabilities for which I have been granted accommodations under the Americans with Disabilities Act (ADA) in Court. May I submit the relevant documentation directly to Your Honor, or should it be submitted through another appropriate channel?

In closing, I would like to express my sincere gratitude for your attention to these matters and for any clarification you may provide, which is particularly important given my status as a pro se litigant. I fully appreciate the Court's time and resources and am thankful for your efforts in ensuring a fair and just process. It is crucial for me to be fully compliant with procedural requirements and properly prepared to respond in order to facilitate the fair adjudication of this matter.

**Respectfully submitted,**

*Sai Malena Jimenez Fogarty*