Sai Malena Jimenez Fogarty
228 East Route 59, Nanuet, NY 10954
sunnysky155@gmail.com
347-993-4550

December 19, 2024

**The Honorable Judge Gabriel Gorenstein**
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Sai Malena Jimenez-Fogarty v. Thomas Fogarty, et al. Case No.: 1:24-CV-08705-JLR**

**Dear Honorable Judge Gorenstein,**

I am writing to you in compliance with the Order of Reference to a Magistrate Judge issued by the Honorable Judge Jennifer L. Rochon in the above-referenced case, directing the parties to contact your Chambers no later than December 23, 2024, to determine if any conference is requested by Your Honor.

As per the directive, I am available to discuss scheduling a conference at your convenience. Please let me know any available dates and times that work for you or any additional information or documents you may require.

Regarding the Motion to Dismiss, I was advised by Elliot Gruenhut, Project Coordinator for the Pro Se Legal Assistance Clinic, that I have the right to amend my complaint within 21 days of the filing of the motion. Since the motion was filed on December 9, my amended complaint is due by December 30. I intend to revise my complaint to address the issues raised in the motion to dismiss, correcting any deficiencies and making it more concise. Mr. Gruenhut informed me that by doing so, the motion to dismiss the matter would be resolved and no response would be needed.

However, the clinic is closed from December 24 to January 1, which limits the time available for them to review and assist with my amended complaint. Therefore, I respectfully request a one-week extension until January 9, 2024, to ensure that the Pro Se clinic has sufficient time for their review and to meet the deadline. This extension would allow me to properly amend my complaint with the necessary assistance, ensuring that it is thorough and accurate before submission. Thank you for your consideration of this request.

I also respectfully submit this opposition to the request for an extension of time filed by counsel for Defendant, Thomas Fogarty, in the above-referenced case. The request for an additional 29 days to file a responsive pleading is both unreasonable and unjustified. It should be denied for the reasons outlined below.

## 1. Violation of Procedural Rules

Defendant Fogarty was served with the Summons and Complaint on November 18, 2024. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Mr. Fogarty's responsive pleading was due on December 9, 2024. The fact that Mr. Fogarty failed to file a response by that deadline and did not seek an extension until December 19, 2024—ten days after the deadline—demonstrates an undue delay that is neither excusable nor acceptable. Defendant Fogarty's failure to respond within the specified time frame violates the procedural rules set by the court, which are designed to ensure the timely and efficient resolution of cases.

Courts have consistently held that an extension of time is not warranted when the requesting party has failed to act in a timely manner without adequate justification. See **Khoury v. Miami-Dade County**, 2012 WL 2174023 (S.D. Fla. June 14, 2012) ("The Court will not grant an extension where there is a failure to act within the time permitted by the rules without good cause.").

## 2. Duty to Act Diligently

Additionally, it is troubling that Defendant Fogarty waited until after the deadline to respond when he had access to legal representation through Cole Schotz the entire time, as they are the legal team for Highbury Concrete. This delay is simply another stall tactic commonly used by Defendant Fogarty, who has a history of delaying legal proceedings for his own convenience. For example, in **[Vasquez v West 38 Res, Docket 153481/2021]**, Defendant Fogarty similarly failed to meet deadlines and attempted to delay the case, resulting in unnecessary burdens on the opposing party and the Court. **Judge Hasa A. Kingo, J.S.C.** specifically stated, *"Defendant Highbury Concrete Inc is deliberately impeding the lawful prosecution of plaintiff's action. If counselors for defendant Highbury Concrete Inc do not comply with plaintiffs demands for discovery, plaintiffs will suffer undue prejudice and hardship if they are compelled to proceed to trial without the information requested in their discovery demands."*

The request for an extension is more about the convenience of Defendant Fogarty's counsel than any legitimate need for additional time. Given that Defendant Fogarty had full access to legal representation during the entire period his responsive pleading was due, it is clear that this request is nothing more than an attempt to further delay these proceedings. Courts have consistently denied requests for extensions under such circumstances, especially where the party seeking the extension had previous access to legal counsel and failed to act in a timely manner. See **U.S. v. Hammad**, 523 F.3d 208, 213 (2d Cir. 2008) ("Delay in seeking an extension of time, especially after having access to counsel, does not constitute good cause for an extension.").

## 3. Ethical Violations and Conflict of Interest

Defendant Fogarty's request for an extension is compounded by significant ethical concerns. As noted, Cole Schotz represents Highbury Concrete, Inc., our marital asset created just months after Defendant Fogarty, and I married in January 2013. At the time, Defendant Fogarty made no financial contribution to the business, and he did not receive his spousal green card or work authorization until 2014, while I provided the initial capital and credit to establish the business.

Cole Schotz's dual representation of Defendant Fogarty and Highbury Concrete creates a blatant conflict of interest. The firm is directly involved in representing an entity that is central to the marital estate, as it funds the RICO Enterprise, which is at the heart of this legal dispute. The firm's representation of both parties undermines the integrity of the legal process and creates the potential for bias or partiality. This conflict is further exacerbated by the firm's potential involvement in fraudulent conduct related to the concealment of marital assets, misappropriation of funds, and violation of the Rules of Professional Conduct.

In light of these significant ethical violations, I went to the Federal Courthouse today and dropped off a motion to disqualify Cole Schotz, P.C. from representing Defendant Fogarty. Their continued involvement in this case threatens the fairness of these proceedings and directly undermines the fundamental principles of justice. As the Court is aware, a lawyer's conflict of interest is grounds for disqualification if it "undermines the integrity of the judicial process or the fairness of the trial." See **Optyl Eyewear Fashion International Corp. v. Style Cos.**, 760 F.2d 1045, 1050 (9th Cir. 1985) ("The principle of fair play requires that no party be forced to accept the potential bias of its opposing counsel."). Allowing Cole Schotz to continue its representation would pose a significant risk of prejudice to the Plaintiff.

## 4. Prejudice to My Case

Strategic delays can provide the defendants with additional time to devise strategies to undermine claims, putting me at a significant disadvantage. Prolonged litigation can cause substantial emotional stress and anxiety. Furthermore, the longer the delay, the greater the risk that witness memories will deteriorate, potentially weakening my case. This ongoing delay also burdens me financially, as I am incurring continuous expenses while being denied timely resolution of my claims, violating my right to a fair and speedy trial as guaranteed by the Sixth Amendment.

## 5. No Justifiable Excuse

The defendants have not provided a justifiable excuse for missing the deadline. Simply asking for more time, especially after already missing the deadline, is insufficient without a compelling reason. This is contrary to the principles of diligence and good faith expected in legal proceedings. See **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship**, 507 U.S. 380, 395 (1993) ("Excusable neglect is a strict standard, and courts consider factors such as the danger of prejudice, the length of the delay, and the reason for the delay.").

## 6. Interest of Justice

In the interest of justice, the court should compel the defendants to respond promptly to prevent unnecessary delays and ensure the case proceeds fairly and efficiently. Delays hinder the court's ability to manage its docket and impair the efficient administration of justice. Courts have an inherent duty to protect the rights of litigants to timely resolve their disputes. See **Henderson v. United States**, 517 U.S. 654, 662 (1996) ("The purpose of Rule 4 is to provide notice to the defendant and to bring the matter to an early conclusion.").

## 7. Court's Authority

The court's authority to enforce its own deadlines and rules is paramount. Courts have the inherent power to manage their dockets and ensure compliance with procedural requirements to maintain the integrity of the judicial process. The court's ability to control its calendar and ensure timely adjudication is essential for fair and efficient justice. See **Link v. Wabash R. Co.**, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

## 8. Previous Delays

Defendant Fogarty has a long history of causing delays in cases where he is the defendant. This pattern of conduct is part of his scorched-earth litigation tactic, aimed at frustrating plaintiffs and delaying the resolution of disputes. As noted by **Judge Hasa A. Kingo, J.S.C.** in the previously mentioned case, such tactics are detrimental to the judicial process and unfairly prejudice the plaintiffs. See **Chambers v. NASCO, Inc.**, 501 U.S. 32, 45-46 (1991) ("A court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'").

## Request for Denial of the Extension

Given Defendant Fogarty's ample time to respond to the Complaint, his access to legal counsel prior to the missed deadline, and the serious ethical violations associated with Cole Schotz's dual representation, I respectfully request that the Court deny Defendant's request for an extension. The request lacks merit serves to further delay these proceedings and is based on improper legal tactics. The original deadline of December 9, 2024, should be enforced.

Additionally, I received a similar request from Richard Boone, Jr., Esq., who states he is Defendant DiGiacomo's attorney, despite no formal attorney appearance being listed for her on the record. Mr. Boone requests a 60-day adjournment, which I vehemently oppose for the reasons stated above. Granting such an extension would unjustly disrupt the proceedings and reward dilatory conduct.

In conclusion, while emergencies may justify brief extensions, it is unacceptable to reward attorneys who willfully disregard federal court deadlines. Their failure to meet deadlines undermines the judicial process and prejudices my due process rights. Over the past three years, the defendants' delay tactics have caused significant hardship, while I, as a pro se litigant, face this case alone. Further extensions would only perpetuate their misconduct. I respectfully urge the Court to deny the requested extensions and enforce the deadlines to ensure a fair and timely resolution. Thank you again for your time and attention to this matter.

Sincerely,

*Sai Malena Jimenez Fogarty*