UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

——————————————————X

SAI MALENA JIMENEZ-FOGARTY,                    Case No.:1:24-CV-08705-JLR

Plaintiff,

-against-

THOMAS FOGARTY, et al.,

Defendants.

——————————————————X

## PLAINTIFF'S MOTION TO DISQUALIFY COLE SCHOTZ P.C. AS COUNSEL FOR DEFENDANT THOMAS FOGARTY

Plaintiff Sai Malena Jimenez-Fogarty ("Plaintiff"), appearing pro se, respectfully moves this Court to disqualify Cole Schotz P.C. ("Cole Schotz") as counsel for Defendant Thomas Fogarty ("Defendant Fogarty"), pursuant to applicable federal law and the Rules of Professional Conduct. Plaintiff states the following grounds for this motion:

### I. Conflict of Interest:

1. **Representation of Family Business:**
   - Cole Schotz represents Highbury Concrete, Inc., a family business and marital asset established April 3, 2013, three months after the Plaintiff and Defendant Fogarty were married on January 25, 2013. Additionally, at that time, Defendant Fogarty was undocumented, and Plaintiff provided the initial capital and credit necessary to start the business. Plaintiff worked at the family business from its inception until around 2018, after the couple's two children became toddlers. **(See Exhibit 1 – Evidence of Cole Schotz representation of Highbury Concrete.)**

- o Defendant Fogarty explicitly did not want to hire Mr. Gardner, as he preferred hiring a candidate from Ireland. It was the Plaintiff who ultimately decided to engage Mr. Gardner after thorough research and upon receiving a recommendation from a mutual acquaintance.
- o The representation of Highbury Concrete by Cole Schotz creates a substantial conflict of interest, as the same law firm also represents an entity that is a marital asset of both Plaintiff and Defendant Fogarty. Essentially, this law firm works indirectly for the Plaintiff and is paid with funds from the marital asset. This dual representation raises concerns regarding impartiality and potential bias in the legal proceedings.
- o **Relevant Law and Case Law:**
    - Rule 1.7 of the ABA Model Rules of Professional Conduct prohibits representation if there is a concurrent conflict of interest.
    - **In re Harris, 152 B.R. 440 (Bankr. E.D. Pa. 1993):** The court disqualified counsel due to a conflict of interest arising from representing both personal and business interests of a party.
    - **Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384 (2d Cir. 1976)**: The court emphasized the importance of avoiding conflicts of interest, especially in cases involving closely held businesses.

## II. Violation of the Advocate-Witness Rule:

2. **Anticipated Witness Testimony:**

- o The Plaintiff intends to call Brian Gardner as a key witness in this case due to his direct involvement in matters pertinent to the RICO violations alleged against Defendant Fogarty. This includes Mr. Gardner's representation of Defendant Fogarty in **Cardenas v. Highbury Concrete Inc. (1:18-cv-03110) (See Exhibit 1 – Evidence of Cole Schotz representation of Highbury Concrete).**
- o Defendant Fogarty allegedly made fraudulent representations regarding Highbury Concrete to the Federal Judge. Despite being fully aware of the falsehoods presented, Mr. Gardner failed to take corrective action, thereby violating his ethical duties as an officer of the court. (See additional information section IV).

- Mr. Gardner's testimony is crucial in establishing the scope of Defendant Fogarty's RICO violations, particularly regarding the fraudulent scheme orchestrated by Fogarty. It will serve to demonstrate Mr. Gardner's knowledge of, and potential complicity in, the fraudulent conduct and racketeering activities, which are central to the Plaintiff's claims of an ongoing enterprise under the RICO statute.
- **Relevant Law and Case Law:**
    - Rule 3.7 of the ABA Model Rules of Professional Conduct, known as the "advocate-witness rule," states that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness.
    - **Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009):** The Second Circuit upheld the disqualification of an attorney who was a necessary witness in the case.
    - **S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp., 69 N.Y.2d 437, 445 (1987):** The court disqualified an attorney to avoid the appearance of impropriety and potential conflict arising from dual roles as advocate and witness.

## III. Financial Misconduct and Concealment of Assets:

3. **Financial Misconduct and Concealment of Assets:**
   - On November 3, 2020, one year before the separation and without the Plaintiff's knowledge, Defendant Fogarty secretly consulted with Miller Zeiderman LLP to discuss initiating divorce proceedings against his wife after he received his American citizenship. This consultation occurred despite Defendant Fogarty's prior assurances to cease his alcohol and drug abuse and his promises to change in order to preserve the marriage. His actions, however, were a direct betrayal of these commitments.
   - Shortly following this meeting, Defendant Fogarty orchestrated the creation of at least ten separate business entities some with similar names, funded with assets derived from the family business, Highbury Concrete—a marital asset. These entities were intentionally registered under Defendant Fogarty's name, deliberately excluding the Plaintiff. This deliberate action was designed to conceal and shield marital assets from the Plaintiff,

    effectively undermining her financial rights. **(See Exhibit 3 – Evidence of Numerous Separate Entities Including Highbury Concrete Construction LLC).**

- The involvement of Kim McEllen from Cole Schotz P.C. in facilitating these unethical and illegal actions further highlights the severity of Defendant Fogarty's financial misconduct. At one point Ms. McEllen, a paralegal at Cole Schotz P.C. was even CEO of one the entities. By aiding in the concealment of marital assets, Cole Schotz P.C. not only acted in contravention of professional ethical standards, but also engaged in conduct designed to prejudice Plaintiff's financial interests in anticipation of divorce proceedings. This coordinated effort to manipulate and conceal assets represents a serious breach of fiduciary duty and underscores the fraudulent nature of Defendant Fogarty's actions. **(See Exhibit 4 – Evidence of Kim McEllen involvement in the Entity of Highbury Concrete Construction LLC).**

- **Relevant Law and Case Law:**
    - Rule 3.3(a)(1) of the ABA Model Rules of Professional Conduct obligates lawyers to refrain from making false statements of material fact or law to a tribunal.
    - Rule 1.7 of the ABA Model Rules of Professional Conduct prohibits representation if there is a concurrent conflict of interest.
    - **In re Harris, 152 B.R. 440 (Bankr. E.D. Pa. 1993):** The court disqualified counsel due to a conflict of interest arising from representing both personal and business interests of a party.
    - **Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384 (2d Cir. 1976)**: The court emphasized the importance of avoiding conflicts of interest, especially in cases involving closely-held businesses.
    - **Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009)**: The Second Circuit upheld the disqualification of an attorney who was a necessary witness in the case.
    - **S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp., 69 N.Y.2d 437, 445 (1987)**: The court disqualified an attorney to avoid the appearance of impropriety and potential conflict arising from dual roles as advocate and witness.

- **Tekni-Plex, Inc. v. Meyner & Landis, 89 N.Y.2d 123, 132 (1996)**: The court highlighted the importance of protecting confidential information obtained during prior representations.
- **Bank of New York v. Berisford Int'l, 190 A.D.2d 622, 624 (N.Y. App. Div. 1st Dep't 1993)**: The court disqualified counsel due to ethical violations and the impact on the integrity of the judicial process.

IV. Misconduct and Violation of Automatic Orders:

4. **Misconduct and Violation of Automatic Orders:**
   - **Misappropriation of Funds:** Defendant Fogarty misappropriated funds from Highbury Concrete to pay for his personal divorce legal team, Miller Zeiderman LLP, in violation of the automatic orders of the divorce case. This action was taken without Plaintiff's knowledge or court approval.
   - **Wage Theft and Misrepresentation:** Defendant Fogarty misled the Court in federal cases and class action lawsuits against him, including **Cardenas v. Highbury Concrete Inc.** He claimed a lack of financial means to pay employees while simultaneously spending $1.55 million of Highbury Concrete funds on his divorce and receiving a $6.3 million PPP loan on April 28, 2020, which was later forgiven. He failed to pay the employees and, unbeknownst to the Plaintiff, purchased a Cadillac Escalade and other high-priced items for himself.
   - **Highbury Concrete Policy:** Highbury Concrete, Inc. maintains a stringent policy that mandates any transaction exceeding $200,000 must be reviewed and approved by both the company's legal counsel and accountant. Therefore, Defendant Fogarty's withdrawal of $1.55 million from the company accounts would unequivocally require the involvement and oversight of Cole Schotz P.C.
   - **Involvement of Cole Schotz P.C.:** The participation of Cole Schotz P.C. in these actions further underscores the severity of Defendant Fogarty's misconduct. By advising and facilitating unethical and illegal activities, Cole Schotz P.C. acted in direct contravention of professional ethical standards. Their complicity in these actions, designed to prejudice Plaintiff's financial interests, highlights the necessity of their disqualification. The firm's

  - involvement in these matters not only compromises the integrity of the legal process but also represents a significant conflict of interest that warrants immediate disqualification.
  - **Future Implications:** As this case advances, it is expected that Cole Schotz P.C. will be implicated as a co-defendant due to their involvement in multiple RICO violations.
  - **Relevant Law and Case Law:**
    - Rule 3.3(a)(1) of the ABA Model Rules of Professional Conduct obligates lawyers to refrain from making false statements of material fact or law to a tribunal.
    - **In re Goldstein, 430 F.3d 106 (2d Cir. 2005)**: The court emphasized the duty of honesty and the severe consequences for misleading the court.
    - **Bank of New York v. Berisford Int'l, 190 A.D.2d 622, 624 (N.Y. App. Div. 1st Dep't 1993)**: The court disqualified counsel due to ethical violations and the impact on the integrity of the judicial process.

**V. Prior Consultation with Plaintiff:**

5. **Prior Legal Consultation:**
  - Plaintiff previously sought advice from Mr. Gardner regarding the potential divorce from Defendant Fogarty during a legal consultation while discussing concerns over Defendant Fogarty's poor investments, and the possible liability. This prior consultation creates a clear conflict of interest, as Mr. Gardner obtained confidential information from Plaintiff during these discussions.
  - **Relevant Law and Case Law:**
    - Rule 1.9(a) of the ABA Model Rules of Professional Conduct prohibits representation adverse to a former client in the same or a substantially related matter.
    - **NCK Org. Ltd. v. Bregman, 542 F.2d 128, 133 (2d Cir. 1976)**: The court disqualified counsel due to a conflict arising from prior consultations with the opposing party.
    - **Tekni-Plex, Inc. v. Meyner & Landis, 89 N.Y.2d 123, 132 (1996)**: The court highlighted the importance of protecting confidential information obtained during prior representations.

- **United States v. Ostrer, 597 F.2d 337, 341 (2d Cir. 1979)**: The court emphasized the need to disqualify counsel to prevent any potential misuse of confidential information received during prior consultations.

**Conclusion:**

For the foregoing reasons, Plaintiff respectfully submits that the continued representation of Defendant Thomas Fogarty by Cole Schotz P.C. presents serious ethical and legal conflicts that cannot be reconciled. The firm's representation of Highbury Concrete, a marital asset, creates an undeniable conflict of interest, compromising the integrity of the legal proceedings. Moreover, the anticipated involvement of Brian Gardner as a necessary witness, coupled with Cole Schotz P.C.'s involvement in the concealment of assets and other fraudulent conduct, further exacerbates the potential for bias and prejudice against the Plaintiff.

The violations of the ABA Model Rules of Professional Conduct, including Rule 1.7 (concurrent conflict of interest), Rule 3.7 (advocate-witness rule), and Rule 3.3 (obligation to refrain from making false statements), are substantial and cannot be ignored. These violations not only undermine the Plaintiff's right to a fair trial, but also threaten the integrity of the judicial process itself.

Additionally, Defendant Fogarty should not be permitted to use marital business assets to cover his personal legal expenses, as this would represent an improper diversion of marital or business resources. Such a request contradicts established case law regarding the protection of assets in divorce proceedings. Allowing Defendant to access these assets for personal legal fees would unfairly deplete the value of the business and disadvantage Plaintiff in the ongoing proceedings. This is especially egregious given that Defendant is unlawfully withholding access to the shared assets without a court order, forcing Plaintiff to proceed pro se without legal representation and with no legal experience.

In light of these serious ethical breaches and the need to preserve the impartiality of the Court, Plaintiff respectfully requests that this Court disqualify Cole Schotz P.C. from representing Defendant Thomas Fogarty in this matter. Disqualification is not only warranted but is essential to upholding the standards of legal ethics and ensuring that this case proceeds without the taint of

conflicts, misconduct, and undue influence. I affirm this 19th day of December 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**Respectfully submitted,**

*Sai Malena Jimenez Fogarty*

**Sai Malena Jimenez Fogarty**