UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------------

SAI MALENA JIMENEZ-FOGARTY,

            Plaintiff,

    -against-                                        No. 1:24-cv-08705 (JLR) (GWG)

THOMAS FOGARTY, LISA ZEIDERMAN, ASHLEY KERSTING, NICOLE DIGIACOMO, JUDGE SHERRI EISENPRESS, JUDGE THOMAS ZUGIBE, and LAURA MARINO,

            Defendants.
---------------------------------------------------------------------------------------------

## DECLARATION OF BRIAN L. GARDNER, ESQ.

I, Brian L. Gardner, Esq., declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court for the Southern District of New York. I submit this Declaration on behalf of Defendant Thomas Fogarty in Opposition to the Motion to Disqualify Cole Schotz P.C. as Counsel to Defendant Fogarty filed by Plaintiff Sai Malena Jimenez-Fogarty.

2.      I am a member of a law firm Cole Schotz, P.C. ("Cole Schotz"), which I joined in 2014, and chair of the firm's Construction Services Department. My practice primarily focuses on complex commercial litigation and construction services.

3.      My practice does not involve matrimonial or family law, nor do I have any prior experience in those practice areas. Cole Schotz also does not have any dedicated matrimonial or family law practice.

4.      In or around 2017, while at Cole Schotz, I began representing Highbury Concrete, Inc. ("Highbury") in various corporate and litigation matters, including defending a certain employee litigation brought against the company.

5.      Based on my understanding of Highbury's corporate structure and organization, the company's principals and owners include Thomas Fogarty, Thomas Gorman, and Benny Griffin. Messrs. Fogarty, Gorman, and Griffin have always been my and the firm's primary points of contact in connection with our representation of Highbury.

6.      At some point during my representation of Highbury, I became aware that Mr. Fogarty was married.  However, I have never met or spoken with Plaintiff on any topic and did not even know her name until I was advised by Mr. Fogarty of his divorce proceedings pending in the Supreme Court of the State of New York, Rockland County (the "Matrimonial Action").  From my recollection, I have never spoken with Plaintiff prior to the instant litigation, and I am confident that I would remember it if I had spoken with her.

7.      In the course of my representation of Highbury, I have never dealt directly with Plaintiff and, as far as I am aware, she has no role with respect to the company, whether as management, an employee, or an owner.

8.      Neither Cole Schotz nor I have never represented Plaintiff individually or provided her with any personal legal advice or services, whether formally or informally.  Neither Cole Schotz nor I have ever entered into any agreement with Plaintiff to provide her legal services, nor have we ever received any fee from Plaintiff for legal services.  I am aware that Plaintiff claims in her motion that she once sought legal advice from me regarding a "potential divorce" from Mr. Fogarty during a "legal consultation" concerning Mr. Fogarty's "poor investments."  I am certain that I never consulted with Plaintiff regarding a "potential divorce," nor would I engage in a legal consult with anyone regarding a potential divorce, as it is well outside my area of expertise.  I am also certain that had Plaintiff approached me for such a consultation, I would not have engaged in same for numerous reasons.

2

9.    Neither Cole Schotz nor I represent any party in the pending Matrimonial Action that underlies the RICO claims Plaintiff purports to assert in her Amended Complaint in the within action, nor am I (or Cole Schotz) otherwise involved in the Matrimonial Action.

10.    On May 9, 2024, after Mr. Fogarty advised me of the pending Matrimonial Action, I sent a letter to Plaintiff's then-counsel in the Matrimonial Action regarding Plaintiff's improper public disclosure of Highbury's confidential financial information in express contravention of a confidentiality agreement entered into by the parties in the Matrimonial Action.  A true and complete copy of the May 9, 2024 letter is attached hereto as **Exhibit A**.  In response to that letter, neither Plaintiff's former counsel nor Plaintiff ever raised any of the items now claimed regarding an alleged prior "consultation" with me or Cole Schotz, nor did ever raise her Plaintiff's now alleged role in Highbury.

11.    Contrary to Plaintiff's allegations in her motion and Amended Complaint, neither Cole Schotz nor I have never committed or aided any misconduct or illegal activity in the course of our representation of Highbury.

12.    In 2021, Cole Schotz assisted Highbury with certain corporate organization transactions and the creation of additional Highbury-affiliated entities to fill various roles for the company.  That work was performed for typical business organization purposes, as Cole Schotz has done for countless other similarly situated corporate clients.  The firm's point of contact in connection with that work was not Mr. Fogarty individually, but the Highbury ownership as a whole, and all three of the company's principals were involved in the transactions.  Following the transactions, Highbury has continued to operate in the same capacity as it did before.

13.    There was nothing untoward whatsoever about the legal work Cole Schotz performed for Highbury in 2021, nor did that legal work have anything whatsoever to do with Mr.

Fogarty's personal divorce proceedings.  As mentioned above, contrary to Plaintiff's allegations, no one at Cole Schotz was even aware of Mr. Fogarty's separation from his wife until Mr. Fogarty advised me that he had filed the Matrimonial Action.  Moreover, the corporate paralegal that assisted with the Highbury transactions in 2021, Kim McEllen, merely saw to the administrative tasks required to create the new corporate entities at issue; she had no other function with respect to the entities and no substantive role.

14.    Also contrary to Plaintiff's allegations in her motion and Amended Complaint, neither Cole Schotz nor I engaged in any wrongdoing in our representation of Highbury, Mr. Fogarty, and Mr. Gorman, in litigation brought by Highbury employees alleging wage and hour violations, including *Cardenas v. Highbury Concrete, Inc., et al.*, No. 1:18-cv-03110-PK (E.D.N.Y.) ("*Cardenas*").  In fact, we settled *Cardenas* in November 2019, and in December 2019, the settlement was approved by the Honorable Peggy Kuo, U.S.M.J. as "fair and reasonable" pursuant to the standard set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2016).

15.    To my knowledge, no false statements were made by Mr. Fogarty or Highbury to the court in *Cardenas* or any other case in which I have represented them.

16.    I also have no knowledge whatsoever of the existence of what Plaintiff claims is a Highbury "policy" requiring that any company transaction exceeding $200,000 be reviewed and approved by the company's outside counsel.  Neither Cole Schotz nor I were ever involved with such a policy in any way, and I believe I would know of it if it existed.

17.    I declare under penalty of perjury that the foregoing is true and correct.

5

DATED:      New York, New York              COLE SCHOTZ P.C.
            January 28, 2025

                                            By: */s/ Brian L. Gardner*
                                                Brian L. Gardner, Esq.