UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAI MALENA JIMENEZ-FOGARTY                    :

                                                         :        <u>ORDER</u>
                         Plaintiff,

                                             :        24 Civ. 8705 (JLR) (GWG)

   -v.-                                         :

                                             :
THOMAS FOGARTY et al.,
                                           :

                    Defendants.           :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      This Order addresses three separate matters: the motion to disqualify, the proposed amended complaint, and the request for permission to file a motion for a default judgment.

<u>Motion to Disqualify</u>

      Plaintiff's counsel has filed a reply brief in support of the pro se plaintiff's motion for disqualification (which appears at both Docket # 34 and 37).  <u>See</u> Docket # 58.  This reply brief fails to comply with paragraph 2.D of the Court's Individual Practices which requires that any factual statement in a memorandum of law be "followed by a citation to documents in the record."  Both the pro se moving papers and the reply brief fail to comply with this requirement inasmuch as they contain numerous factual statements that lack citations to evidence in the record.  This failure makes it impossible for the Court to properly adjudicate the motion.  Accordingly, the motion for disqualification (Docket # 34 and 37) is denied without prejudice to a new motion filed by counsel that complies in full with paragraphs 2.B through 2.E of the Court's Individual Practices.  Plaintiff is also reminded that any evidence relied on should presumptively be in the form of a sworn statement or a document attested to by a sworn statement.

<u>Proposed Amended Complaint</u>

      In order to move this case along, the Court will set a deadline of February 25, 2025, for plaintiff to request a pre-motion conference to file a motion to amend as required by paragraph 2.A of the Court's Individual Practices.  Any such letter shall attach a copy of the proposed pleading.  As previously stated, <u>see</u> Docket # 56, before filing such a letter, plaintiff should provide a copy of the proposed pleading to all defendants who have appeared to see if they would be willing to consent to the filing.

Additionally, to the extent the proposed pleading contains any information that should not be publicly filed, see Docket # 10, the plaintiff must confer with defendants as to the redactions that should be made in a publicly filed version to the proposed pleading. If an agreement cannot be reached, the proposed pleading may be filed under seal until the Court resolves the issue. The dispute as to redactions should be presented to the Court in the form of a letter filed on ECF.

If plaintiff chooses not to file a letter seeking permission to amend the complaint, plaintiff's attorney, Tricia Sophia Lindsay, shall instead file a letter or affidavit by February 25, 2025, that contains the following text verbatim and that is signed by counsel:

> I, Tricia Sophia Lindsay, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that: (1) the First Amended Complaint (Docket # 44) ("Complaint") is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions in the Complaint are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions in the Complaint have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

By signing this statement, the Court will deem Ms. Lindsay to have fulfilled and to be subject to the requirements of Fed. R. Civ. P. 11(b). In the event plaintiff chooses to continue with the First Amended Complaint, the parties shall confer in the same manner as provided in Docket # 10 to see if agreement can be reached as to a redacted version of this document that may be publicly filed. If agreement cannot be reached, the disagreements shall be promptly presented to the Court.

Request to File Default Judgment

Counsel's letter justifying service of process (Docket # 57) fails to show proper service of process of Judge Sherri Eisenpress and Judge Thomas Zugibe. To the extent that plaintiff relies on Fed. R. Civ. P. 4(e)(2)(C), she has not cited any authority for the proposition that the supervising clerk is "an agent authorized by appointment or by law to receive service of process" on behalf of these individuals. To the extent plaintiff is relying on N.Y. C.P.L.R. § 308(2) as incorporated by Fed. R. Civ. P. 4(e)(1), she has provided no evidence that all elements of service described in that rule have been met — most obviously, the required mailing. The deadline to effectuate service on these individuals under Fed. R. Civ. P. 4(m) expires February 13, 2025. If plaintiff seeks additional time to effectuate service, she should make a prompt application showing good cause for the extension.

The Court agrees that the record shows proper service as to Laura Marino (provided the process server was able to verify her identity). Accordingly, plaintiff is permitted to seek a certificate of default from the Clerk as provided in Local Civil Rule 55.1. Any motion for a default judgment, however, must await the conclusion of the case inasmuch as there may be joint

liability with co-defendants for at least some of the claims. See Sun v. GTV Media Grp. Inc., 2022 WL 4115221, at *2-3 (S.D.N.Y. Sept. 9, 2022), adopted, 2023 WL 112745 (Jan. 5, 2023). Within 7 days of the adjudication of claims as to all other defendants, plaintiff shall refile her letter requesting permission to make the motion for a default judgment as to Laura Marino.

  SO ORDERED.

Dated: February 11, 2025
   New York, New York

               _____
               GABRIEL W. GORENSTEIN
               United States Magistrate Judge