MEMORANDUM ENDORSED



Brian L. Gardner
Member
Admitted in NY

Reply to New York Office
Writer's Direct Line: 646.563.8937
Writer's Direct Fax: 646.563.7937
Writer's E-Mail: bgardner@coleschotz.com

April 8, 2025

**Via ECF**
Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York New York 10007

    Re:    *Jimenez-Fogarty v. Fogarty, et al.*
           Case No.: 1:24-CV-08705-JLR-GWG

Dear Judge Gorenstein:

      As the Court is aware, this firm represents Defendants Thomas Fogarty ("Fogarty") and Laura Marino ("Marino," and together with Fogarty, "Defendants") in the above-referenced action. In accordance with Rule 2.A of Your Honor's Individuals Practices, we submit this letter to respectfully request: (i) a pre-motion conference regarding Defendants' anticipated motion to dismiss the Second Amended Complaint filed by Plaintiff Sai-Malena Jimenez-Fogarty ("Plaintiff") on April 2, 2025 (the "Complaint") (ECF Dkt. 82), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss"); and (ii) in light of the foregoing, an adjournment *sine die* of the Court-ordered briefing deadlines on Plaintiff's Motion for Disqualification of Counsel (the "Disqualification Motion")[1] (ECF Dkt. 74), pending the outcome of the Motion to Dismiss.

      Despite several bites at the apple, Plaintiff's Complaint remains facially defective and accordingly, should be dismissed as against Defendants, in its entirety and with prejudice. An overview of the numerous bases for dismissal, which (with the Court's permission) will be further detailed and expanded upon in Defendants' brief in support of their anticipated Motion to Dismiss, is set forth below. Defendants reserve the right to include any additional arguments that may be revealed during the course of drafting their motion papers.

## I.    The Court Lacks, or Should Abstain from Exercising, Subject Matter Jurisdiction Over this Action

      As a threshold issue, this Court lacks, or should abstain from exercising, subject matter jurisdiction over the claims set forth in Plaintiff's Complaint and accordingly, the Complaint should be dismissed in its entirety and with prejudice pursuant to Rule 12(b)(1). Despite Plaintiff's

---

[1] The briefing schedule issued by the Court on March 18, 2025 (ECF Dkt. 75) sets a deadline of April 16, 2025 for Defendant's opposition, and April 30, 2025 for Plaintiff's reply (the "March 18 Order").



Hon. Gabriel W. Gorenstein
April 8, 2025
Page 2

self-serving assertions to the contrary, the so-called "distinct and independent federal claims arising from Defendants['] alleged racketeering activity"—Counts III-VI (Violations of RICO's substantive and conspiracy provisions under 18 U.S.C. § 1962(a)-(d)), Count VII (Violation of 42 U.S.C. § 1983), and Count VIII (Violation of 18 U.S.C. § 241)—amount to nothing more than a blatant attempt to forum shop and relitigate unfavorable domestic relations issues and decisions presently before the New York State Supreme Court in the ongoing matrimonial action between Plaintiff and Fogarty (the "Matrimonial Action"). These claims thus implicate several key jurisdictional doctrines which either deprive this Court of subject matter jurisdiction and compel dismissal as a matter of law, or otherwise militate against this Court exercising such jurisdiction "in view of the greater interest and expertise of state courts in this field." *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). The relevant doctrines include the domestic relations/matrimonial exception,[2] *Younger* and *Colorado River* abstention,[3] and *Rooker-Feldman*.[4]

Likewise, Plaintiff's state-law claims against Fogarty (Count I – Violation of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101, *et seq.* and Count II - Battery/Sexual Battery, N.Y. Penal Law §§ 130.50, 130.52, 130.55, and 130.65) must be dismissed, as Plaintiff fails to plead any basis for this Court to exercise subject matter jurisdiction over those claims. To the extent Plaintiff is relying on supplemental jurisdiction in 28 U.S.C. § 1367(a) (which, to be clear, has not been pled), this provision does not apply because, as discussed above, the Court plainly lacks jurisdiction over Plaintiff's federal claims, and there is

---

[2] *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992) (finding that "the domestic relations exception … divests the federal courts of power to issue divorce, alimony, and child custody decrees," as such matters "belong[] to the laws of the States and not to the laws of the United States"); *Block*, 905 F.2d at 14 (holding that federal courts should decline jurisdiction pursuant to the "matrimonial exception" where they are "asked to grant a divorce or annulment, determine support payments, or award custody of a child") (internal citations omitted).

[3] "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan,* 282 F.3d 191, 198 (2d Cir. 2002); *Spargo v. New York State Comm'n on Jud. Conduct,* 251 F.3d 65, 74 (2d Cir. 2003) ("[F]ederal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings."). *Younger* abstention is mandatory where, as here: (i) there is an ongoing state proceeding; (ii) an important state interest is involved; and (iii) the plaintiff has an adequate opportunity for judicial review of her constitutional claims during or after the state court proceeding. *Spargo*, 351 F.3d at 75. Under the *Colorado River* abstention doctrine, a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in "comprehensive disposition of litigation" and abstention would "conserve judicial resources." *Colorado River Water Conserv. Dist. v. United States*, 425 U.S. 800, 813 (1976). The threshold question in evaluating the applicability of the *Colorado River* abstention doctrine is whether there are "substantially the same parties [] contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d. Cir. 2012).

[4] "Under the *Rooker–Feldman* doctrine, 'federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.'" *Yapi v. Kondratyeva*, 340 F. App'x 683, 684 (2d Cir. 2009). More specifically, *Rooker-Feldman* deprives a district court of jurisdiction where, as here, the plaintiff: (i) lost in a state-court judgment rendered before commencing her federal action, (ii) alleges injuries caused by the unfavorable state-court judgment; and (iii) invites district court review and rejection of state-court judgment. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).



Hon. Gabriel W. Gorenstein
April 8, 2025
Page 3

thus no independent basis to confer jurisdiction on the Court in this action. Moreover, this Court would be entirely justified in refusing to exercise supplemental jurisdiction in this particular case, as Plaintiff's federal and state-law claims lack a common nucleus of operative fact, and the federal claims are all subject to dismissal for the myriad procedural and substantive reasons described herein. *See* 28 U.S.C. § 1367(c)(3) (giving district court discretion to decline to exercise supplemental jurisdiction where, *inter alia*, "[it] has dismissed all claims over which it has original jurisdiction"); *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (when "the federal claims are dismissed before trial, ... the state claims should be dismissed as well") (internal citations and quotation marks omitted).

**II.     The Complaint Fails to State Any Viable Cause of Action Against Defendants**

The Complaint is also subject to dismissal under Rule 12(b)(6) for failure to state any cognizable cause of action against either Fogarty or Marino. As to the alleged civil RICO violations (Counts III-VI), Plaintiff fails to allege sufficient plausible facts to make out the essential elements of her claims, including: (i) the existence of an association-in-fact RICO enterprise sharing a "common purpose to engage in a particular fraudulent course of conduct and work[ing] together to achieve such purposes"; (ii) a continuous, long-term pattern of racketeering activity; and (iii) concrete financial harm directly and proximately caused by the alleged racketeering activity (allegations of personal injury, such as emotional distress and generalized "suffering," are insufficient). *See, e.g.*, *First Cap. Asset Mgmt., Inc.*, 385 F.3d at 174. Plaintiff also fails to allege a sufficient nexus because the alleged predicate acts and interstate commerce. Finally, to the extent Plaintiff's RICO claims are predicated on alleged acts of fraud by Defendants, Plaintiff fails to plead such fraud with the requisite specificity. *See* Fed. R. Civ. P. 9(b). Simply put, the alleged conduct set forth in the Complaint does not rise to the level of a RICO violation.

Plaintiff's other federal claims fare no better. Count VII (Violation of Plaintiff's Civil and Constitutional Rights under 42 U.S.C. § 1983) fails as a matter of law and must be dismissed because Plaintiff does not (and cannot) plausibly allege that Fogarty or Marino, who are mere private citizens, acted "under color of state law." *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (to state a claim under 42 U.S.C. § 1983, the plaintiff must "allege that [s]he was injured by either a state actor or a private party acting under color of state law"). While the Complaint purports to name Fogarty and Marino in their "individual and official capacit[ies,]" it sets forth no factual basis whatsoever to support that these individuals were ever employed by or acting with the actual or apparent authority of the government, nor could it. *See id.* ("A merely conclusory allegation that a private [actor] acted in concert with a state actor does not suffice to state a § 1983 claim against the private [actor]."). Count VII is further subject to dismissal because the civil and constitutional rights Plaintiff claims were violated, and Defendants' specific role in the alleged violations, are, at best, pled in vague and conclusory fashion.

Count VIII, which seeks money damages for an alleged violation of a federal criminal statute (18 U.S.C. § 241), is so patently devoid of merit as to be potentially frivolous. It is black-letter law that "a private citizen lacks a judicial cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Indeed, the Second Circuit has expressly declined to recognize a private right of action under 18 U.S.C. § 241.



Hon. Gabriel W. Gorenstein
April 8, 2025
Page 4

*Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019). Accordingly, Count VIII must be dismissed.

### III.    Briefing on Plaintiff's Pending Disqualification Motion Should Be Suspended Pending the Outcome of the Motion to Dismiss, Which Should Be Decided First

Given Defendants' intention to move to dismiss the Complaint in its entirety, including based on a lack of federal subject matter jurisdiction, we respectfully request that the Court suspend the briefing deadlines on Plaintiff's pending Disqualification Motion (ECF Dkt. 74, 75), until it decides the Motion to Dismiss. If the jurisdictional and/or substantive issues raised in the anticipated Motion to Dismiss are resolved in Defendants' favor, and the Complaint is thus fully dismissed with prejudice, the Disqualification Motion will be rendered completely moot. Accordingly, we respectfully submit that adjourning the briefing schedule on the Disqualification Motion *sine die* pending the outcome of the Motion to Dismiss will not only allow the Court to prioritize the critical threshold question of jurisdiction, it will also advance judicial economy and avoid needless waste of party resources. *See, e.g.*, *Mehmet v. Thompson*, No. 05CIV.7739(LMM)(DF), 2006 WL 2254975, at *2 (S.D.N.Y. Aug. 7, 2006) (denying pending disqualification motion "without prejudice to renew, should the Court determine that it has subject matter jurisdiction over this matter," where subsequently-filed motion to dismiss challenged the Court's jurisdiction); *Vetter v. Sands*, No. 81 CIV. 5072, 1984 WL 794, at *2 (S.D.N.Y. Aug. 23, 1984) (holding that "[i]n light of the pending motion going to the court's subject matter jurisdiction, the defendant's motion to disqualify the plaintiffs' counsel will be continued until the motion to dismiss is determined"). In the unlikely event that Defendant's Motion to Dismiss is denied, the Disqualification Motion can be briefed and decided at that time.

*    *    *

In sum, we respectfully request that Your Honor: (i) schedule a pre-motion conference regarding Defendants' contemplated Motion to Dismiss at the Court's earliest convenience, or otherwise provide Defendants leave to file that motion; and (ii) in light of anticipated Motion to Dismiss filing, adjourn *sine die* the briefing deadlines applicable to Plaintiff's Disqualification Motion, as set forth in the Court's March 18 Order, until the Motion to Dismiss is decided. As always, we thank the Court for its time and attention to this matter.

        Respectfully submitted,

        */s/ Brian L. Gardner*

        Brian L. Gardner

BLG:cgh

cc: All counsel of record (via ECF)

The Court grants permission to file the contemplated motion to dismiss. The motion's filing, however, shall await further order of the Court. The Court will set a date for the filing of any motions to dismiss only after all parties have been served and have had an opportunity to either answer or request permission to move to dismiss.

With respect to the application made in part III of this letter to suspend briefing on the motion to disqualify counsel pending disposition of the planned motions to dismiss, no opposition was filed by the deadline provided in paragraph 2.A of the Court's Individual Practice. Thus, the Court grants the request. The motion to disqualify (Docket # 74) is deemed withdrawn without prejudice to reinstatement by letter within 14 days of the resolution of the motions to dismiss in the event the case continues. At that time, plaintiff shall discuss with defendant a proposed schedule for the filing of the opposition and reply briefs and shall include the proposed schedule in the letter reinstating the motion.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

April 11, 2025