UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAI MALENA JIMENEZ-FOGARTY,

Plaintiff(s),

-against-

THOMAS FOGARTY, et al.,

Defendant(s).

**DECLARATION OF JACOB B. SHER, ESQ.**

Case No.:
24 Civ. 08705 (JLR) (GWG)

JACOB B. SHER, an attorney duly admitted to practice law before the United States District Court for the Southern District of New York, declares as follows, under penalty of perjury:

1. Defendant EMILY HIRSHOWITZ ("Ms. Hirshowitz"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss the Complaint against her for insufficient service of process.

**RELEVANT PROCEDURAL BACKGROUND**

2. On or about November 15, 2024, Plaintiff Sai Malena Jimenez-Fogarty filed her initial *pro se* Complaint in the instant action against multiple defendants. ECF Doc. No. 1.

3. Following various motion practice not relevant to Ms. Hirshowitz's motion, Plaintiff filed a First Amended Complaint on January 17, 2025. ECF Doc. No. 44.

4. Following further motion practice not relevant to Ms. Hirshowitz's motion, Plaintiff filed a Second Amended Complaint by and through counsel on April 2, 2025. ECF Doc. No. 82 (the "SAC"). The SAC named multiple defendants, including Ms. Hirshowitz, who was named for the first time.

5. The Defendants wrote the Court, seeking permission to move to dismiss on various grounds. Defendants ANDREA LABIS, MARC MEDNICK, SHERRI EISNENPRESS, and THOMAS ZUGIBE sought dismissal based on improper service.

6. On June 4, 2025, this Court entered an Order directing that any defendant wishing to pursue a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) must file such motion by June 12, 2025, so that any motions for improper service may be resolved prior to the filing of any for dismissal pursuant to Rules 12(b)(2) and 12(b)(6). ECF Doc. No. 113. While less than 90 days have elapsed since purported service upon Ms. Hirshowitz, Ms. Hirshowitz files the instant motion, in part, to preserve her right to move to dismiss based on improper service.

7. Ms. Hirshowitz seeks to join in the above-referenced co-defendants' motion, and, as such, timely files this Motion in accordance with the Court's Order, reserving all rights to file a subsequent motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), or on any other relevant and appropriate grounds.

**RELEVANT FACTS**

8. Upon information and belief, it appears that Plaintiff attempted to serve Hirshowitz by mailing the summons and complaint to Ms. Hirshowitz's mailing address without any additional procedural safeguards.

9. Based on the Declaration of Ms. Hirshowitz, she received two separate sets of papers by mail at her home address on May 2, 2025. Declaration of Emily Hirshowitz ("Hirshowitz Decl.") at ¶ 5. The first set of papers contained a three-page Summons and nothing else. Hirshowitz Decl. at ¶ 5; see id. at Exhibit "A", page 1. The second set of papers arrived in a box, dog-eared, torn, and jumbled—apparently with a page labeled "48" on top—and held together with rubber bands. Hirshowitz Decl. at ¶ 5; see id. at Exhibit "A", page 2.

10. At no time was Ms. Hirshowitz personally handed or delivered a copy of the summons and complaint by any person, nor (aside from the mailing) has anyone personally left a copy of the

summons and complaint at her dwelling or usual place of abode, or with any person residing there. Hirshowitz Decl. at ¶¶ 6-7.

11. Ms. Hirshowitz has not designated any agent to receive process on her behalf. Nor has she waived service of process, much less received any request to do so. Therefore, she has not received proper service of process in this case. See Hirshowitz Decl. at ¶¶ 8-11.

**SUMMARY OF LEGAL STANDARD**

12. A defendant may move to dismiss a complaint for "insufficient service of process" under Federal Rule of Civil Procedure 12(b)(5). The plaintiff bears the burden of proving that service was properly effectuated. Here, it was not, and Plaintiff cannot meet her burden.

**SUMMARY OF ARGUMENT**

13. As set forth at greater length in the accompanying Memorandum of Law, Plaintiff has failed to effectuate proper service of process under Federal Rule of Civil Procedure 4. That Rule establishes the exclusive methods for proper service of process in federal court. Service that does not comply with Rule 4's requirements is insufficient and subjects the action to dismissal under Rule 12(b)(5).

14. Rule 4(e) provides that an individual within the United States may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; by personal delivery of the summons and complaint; by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or by delivering a copy of each to an authorized agent. Fed. R. Civ. P. 4(e).

15. Since simple mail service alone is not generally permitted without consent or waiver under New York State Law, see CPLR 308, Hirshowitz has not waived or consented to service under

Rule 4(d), and Plaintiff's attempt at service is otherwise insufficient, Ms. Hirshowitz's motion should be granted.

WHEREFORE, Defendant Emily Hirshowitz respectfully requests that this Court:

A. Grant this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5);

B. Dismiss the Complaint against Hirshowitz for insufficient service of process; and

C. Grant such other and further relief as this Court deems just and proper that failure to respond to this Motion within the time specified may result in judgment being taken by default for the relief demanded in the Motion.

Dated: White Plains, New York
June 12, 2025

J.SHER

Jacob B. Sher, Esq.
Hinman, Howard & Kattell LLP
*Counsel for Defendant Emily Hirshowitz*
1025 Westchester Avenue, Suite 301
White Plains, New York 10604
(914) 694-4102
jsher@hhk.com

TO: *All counsel of record via ECF*