UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAI MALENA JIMENEZ-FOGARTY,

Plaintiff(s),

-against-

THOMAS FOGARTY, et al.,

Defendant(s).

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EMILY HIRSHOWITZ'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Case No.:
24 Civ. 08705 (JLR) (GWG)

## PRELIMINARY STATEMENT

Defendant Emily Hirshowitz ("Ms. Hirshowitz") moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Plaintiff has failed to serve Ms. Hirshowitz in accordance with the mandatory requirements of Rule 4.[1]

## RELEVANT FACTS AND PROCEDURAL HISTORY

As set forth in the Ms. Hirshowitz's Declaration, it appears that Plaintiff attempted service by mailing the summons and complaint, without any additional key procedural safeguards governing service of process. Ms. Hirshowitz received two separate sets of papers by mail at her home address on May 2, 2025. Declaration of Emily Hirshowitz ("Hirshowitz Decl.") at ¶ 5. Ms. Hirshowitz was not personally handed or delivered a copy of the summons and complaint by any person, nor (aside from the mailing) has anyone personally left a copy of the summons and complaint at her dwelling or usual place of abode, or with any person residing there. Hirshowitz Decl. at ¶¶ 6-7. In addition, Ms. Hirshowitz has not designated any agent to receive process on

[1] While less than 90 days have elapsed since purported service upon Ms. Hirshowitz, see Fed. R. Civ. P. 4(m), Ms. Hirshowitz recognizes that the Court's Order dated June 4, 2025 states that "any defendant who wishes to pursue a motion to dismiss under Fed. R. Civ. P. 12(b)(5) must file it by June 12, 2025." Thus, Ms. Hirshowitz files the instant motion, in part, to preserve her right to dismissal based on improper service.

her behalf, nor has she waived service of process—much less received any request to do so—and, therefore, has not received proper service of process in this case. Hirshowitz Decl. at ¶¶ 8-11.

Thus, and as set forth below, the facts surrounding Plaintiff's attempted service upon Hirshowitz therefore fail to comply with Rule 4's requirements.

## ARGUMENT

## POINT I

## RULE 4 ESTABLISHES THE REQUIREMENTS FOR SERVICE OF PROCESS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Regan v. Pelham, 2021 U.S. Dist. LEXIS 52247, at *8 (S.D.N.Y. Mar. 19, 2021), quoting Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006) (quoting Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). "[T]he plaintiff bears the burden of establishing that service was sufficient." Id., quoting Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010), citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005). "Plaintiff must meet this burden by making a prima facie case of proper service 'through specific factual allegations and any supporting materials.'" Id., quoting Kwon v. Yun, No. 05 Civ. 1142, 2006 U.S. Dist. LEXIS 7386, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006); see also Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). Mere "conclusory statements are not sufficient to overcome a defendant's sworn affidavit that service was improper." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F.Supp.2d 382, 387 (S.D.N.Y.2002); see also Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Rule 4(e) of the Federal Rules of Civil Procedure states that service upon an individual within a judicial district of the United States may be completed by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The applicable state law permits the following methods of service:

(1) by delivering the summons within the state to the person to be served; or

(2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business ..., such delivery and mailing to be effected within twenty days of each other . . .; or

(3) by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . .; [or]

(4) where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . ., such affixing and mailing to be effected within twenty days of each other . . .; [or]

(5) in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

N.Y. C.P.L.R. § 308.

New York law can allow for service by mail, but only with key procedural safeguards:

> As an alternative to the methods of personal service authorized by section . . . 308 . . ., a summons and complaint . . . may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . ., together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

CPLR § 312-A(a). Under the alternative method, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." Id. at 312-A(b). Here, no form

issued pursuant to CPLR § 312-A(d) appears to have been supplied, as Ms. Hirshowitz has received no written request to waive service, much less any compliant with the Statement of Service set forth in CPLR § 312-A(d). See Hirshowitz Decl. at ¶ 10.

Plaintiff appears to have attempted to serve Ms. Hirshowitz by merely mailing the summons and complaint to her. "That method . . . is not permitted under the federal rules or applicable state rules, nor has this Court issued an order allowing Plaintiff[] to serve Defendants via an alternate method." Cassano v. Altshuler, 186 F.Supp. 3d 318, 321 (S.D.N.Y. 2016), citing Conway v. Am. Red Cross, 2010 U.S. Dist. LEXIS 120512, 2010 WL 4722279, at *3 ("Service on a natural person solely by certified mail, return receipt requested is insufficient.").

**CONCLUSION**

Plaintiff failed to effectuate proper service of process upon Ms. Hirshowitz. The attempted service method used here—mere mailing—does not comply with Rule 4's mandatory requirements. Dismissal under Rule 12(b)(5) is therefore appropriate.

For these reasons, Ms. Hirshowitz respectfully requests that this Court grant her motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5).

Jacob B. Sher, Esq.
Hinman, Howard & Kattell LLP
*Counsel for Defendant Emily Hirshowitz*
1025 Westchester Avenue, Suite 301
White Plains, New York 10604
(914) 694-4102
jsher@hhk.com

TO: *All counsel of record via ECF*