**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

SAI MALENA JIMENEZ-FOGARTY,                      Case No. 1:24-cv-08705 (JLR) (GWG)

                                    Plaintiff,

-against-

THOMAS FOGARTY, et al.,

                                    Defendants.
---------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
HIRSHOWITZ'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
FOR INSUFFICIENT SERVICE OF PROCESS**

                                    TRICIA S. LINDSAY, ESQ.
                                    *Attorney for Plaintiff*
                                    The Law Offices of
                                    Tricia S. Lindsay, P.C.
                                    531 E. Lincoln Ave., Ste. 5B
                                    Mount Vernon, New York 10552
                                    Tel: (347) 386-4604; (347) 349-5433
                                    Email: TriciaLindsayLaw@gmail.com
                                              Attorney@TriciaLindsayLaw.com

**TABLE OF CONTENTS**

I. Introduction ...........................................................................................................[1]

II. Factual Background ..............................................................................................[1]

III. Legal Standard ................................................................................................... [3]

IV. Argument ............................................................................................................[4]

    A. Plaintiff Effected Proper Service Under CPLR § 308(4) ............................................[4]

    B. Defendant's Motion Misrepresents the Law and Facts ...............................................[5]

    C. Defendant's Bad Faith and Actual Notice Undermine Her Motion ...........................[5]

    D. A Traverse Hearing Is Unnecessary Given Plaintiff's Evidence ...............................[6]

    E. Precedents Supporting Proper Service ......................................................................[6]

V. Conclusion ...........................................................................................................[8]

VI. Table of Evidence ............................................................................................. [8]

**TABLE OF AUTHORITIES**

**Cases**                                                                     **page**

- *Bank of Am., N.A. v. Gruff*, 131 A.D.3d 1185 (2d Dept. 2015) .....................................[7]

- *Bossuk v. Steinberg*, 58 N.Y.2d 916 (1983) .................................................................. [7]

- *Cadle Co. v. Ayala*, 139 A.D.3d 695 (2d Dept. 2016) .................................................... [7]

- *Cassano v. Altshuler*, 186 F. Supp. 3d 318 (S.D.N.Y. 2016) .........................................[5]

- *Conway v. Am. Red Cross*, 2010 WL 4722279 (S.D.N.Y. 2010) ...................................[5]

- *Cornhill LLC v. Sowers*, 183 A.D.3d 649 (2d Dept. 2020) ...........................................[7]

- *Darden v. DaimlerChrysler N. Am. Holding Corp.*,
  191 F. Supp. 2d 382 (S.D.N.Y. 2002) ............................................................................[3]

- *Deutsche Bank Natl. Trust Co. v. White*, 110 A.D.3d 759 (2d Dept. 2013) …................ [7]

- *Feinstein v. Bergner*, 48 N.Y.2d 234 (1979) .................................................................. [7]

- *Gray-Joseph v. Shuhai Liu*, 90 A.D.3d 988 (2d Dept. 2011) ......................................... [7]

- *JPMorgan Chase Bank, N.A. v. Szajna*,

  104 A.D.3d 715 (2d Dept. 2013) ..................................................................[7]

- *Kaszovitz v. Weiszman*, 110 A.D.2d 117 (2d Dept. 1985) ...............................[7]

- *Lynch v. New York City Civilian Complaint Review Bd.*,

  206 A.D.3d 558 (1st Dept. 2022) .................................................................[7]

- *Nationstar Mtge., LLC v. Kamil*, 155 A.D.3d 966 (2d Dept. 2017) ...............................[7]

- *Regan v. Pelham*, 2021 U.S. Dist. LEXIS 52247

  (S.D.N.Y. Mar. 19, 2021) ..................................................................... [3]

- *Serraro v. Staropoli*, 94 A.D.3d 1083 (2d Dept. 2012) ...................................[7]

- *State Farm Mut. Auto. Ins. Co. v. Dr. Ibrahim Fatiha Chiropractic,*

  *P.C.*, 147 A.D.3d 696 (1st Dept. 2017) ..........................................................[7]

- *Tetro v. Tizov*, 184 A.D.2d 633 (2d Dept. 1992) ........................................... [7]

- *Wells Fargo Bank, N.A. v. Enitan*, 155 A.D.3d 781 (2d Dept. 2017) ...................... [3], [7]

- *3694 Broadway Assoc., LLC v. Layens*,

  2019 NY Slip Op 50388 (Sup. Ct., N.Y. County 2019) ................................ [6]

**Statutes**

- Fed. R. Civ. P. 4(e) .........................................................................[1],[3],[8]

- Fed. R. Civ. P. 12(a) .........................................................................[2], [6]

- Fed. R. Civ. P. 12(b)(5) ......................................................................... [1]

- N.Y. CPLR § 308(4) ...........................................................[1], [5], [6], [7], [8]

**Other Authorities**

- *Understanding the 'Nail and Mail' Method*, Undisputed Legal (Jan. 15, 2025)

  ....................................................................................................... [4]

## I. PRELIMINARY STATEMENT

Plaintiff Sai Malena Jimenez-Fogarty, by and through her attorney Tricia S. Lindsay, respectfully submits this memorandum in opposition to Defendant Emily Hirshowitz's *Motion to Dismiss the Second Amended Complaint for Insufficient Service of Process,* filed pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff asserts that service was properly effected upon Defendant Hirshowitz in strict compliance with Federal Rule of Civil Procedure 4(e) and New York Civil Practice Law and Rules ("CPLR") § 308(4). The evidence, including an affidavit from a licensed private investigator, video recordings, and a certified mail receipt, conclusively demonstrates that Defendant was served through the authorized "nail and mail" method after multiple diligent attempts at personal service.

Defendant's motion is without merit and appears to be a calculated attempt to evade accountability for her alleged violations of ethics and law, which have caused substantial harm to Plaintiff and her children over nearly four (4) years. Defendant's failure to respond to the complaint within the mandated 21-day period, coupled with her strategic delay in retaining counsel until after the resolution of a separate criminal matter, further underscores her bad faith. Plaintiff respectfully requests that this Court deny Defendant's motion and permit this case to proceed on its merits before Magistrate Judge Gabriel W. Gorenstein.

## II. FACTUAL BACKGROUND

On April 28, 2025, and April 29, 2025, Manuel Gomez, a New York State-licensed private investigator with over 12 years of experience serving thousands of legal documents, attempted to personally serve Defendant Emily Hirshowitz at her residence. Mr. Gomez, a Desert Storm veteran and former Army Intelligence Officer with Counterterrorism and Homeland Security certifications, executed these attempts with unparalleled professionalism. On both occasions, he rang the doorbell

and knocked, but no one answered. On April 29, 2025, Mr. Gomez heard a dog barking inside the residence, which was then moved to the back of the house and silenced, strongly indicating that someone was present but refused to open the door.

After these unsuccessful attempts, Mr. Gomez affixed the summons to the door of Defendant's residence on April 29, 2025, and mailed the Second Amended Complaint, along with 55 exhibits totaling over 200 pages, via USPS certified mail to Defendant's address. The entire process was video recorded, providing irrefutable evidence of the service attempts and execution. A certified mail receipt confirms that Defendant received the mailed documents on May 2, 2025.

Despite receiving the summons and complaint on May 2, 2025, Defendant failed to file an answer or motion by May 23, 2025, as required by Federal Rule of Civil Procedure 12(a). Instead, she retained counsel, Jacob B. Sher, Esq., of Hinman, Howard & Kattell LLP, on May 29, 2025, only after resolving a separate criminal case in which she was also a defendant. This delay is indicative of bad faith litigation tactics and an attempt to manipulate the judicial process to avoid accountability.

Plaintiff has provided comprehensive evidence of proper service, including:

- An affidavit from Manuel Gomez detailing his diligent attempts at personal service and subsequent nail and mail execution;

- Video recordings of the service attempts on April 28 and 29, 2025, capturing the circumstances at Defendant's residence;

- A certified mail receipt confirming delivery of the complaint and exhibits on May 2, 2025; and

- A copy of the mailed box and its contents, verifying that the documents were carefully organized and sent in order, contrary to the false assertion by Ms. Hirshowitz and her counsel, Mr. Scher.

2

Defendant's motion falsely claims that service was "merely by mail," ignoring the affixation of the summons to her door as part of the nail and mail procedure. This misrepresentation, combined with her untimely response, undermines her credibility and highlights her intent to obstruct justice.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) permits service upon an individual within a judicial district of the United States by following the state law for serving a summons in the state where the district court is located. In New York, CPLR § 308 delineates permissible methods for serving an individual, including:

1. Personal delivery to the individual (CPLR § 308(1));

2. Delivery to a person of suitable age and discretion at the individual's dwelling place or usual place of abode, followed by mailing (CPLR § 308(2)); and

3. When service under paragraphs (1) and (2) cannot be made with due diligence, affixing the summons to the door of the individual's dwelling place or usual place of abode and mailing copies by first-class mail, with both actions completed within 20 days of each other (CPLR § 308(4)).

The plaintiff bears the burden of establishing that service was proper, typically through affidavits or other evidence that create a prima facie case of compliance with legal requirements. See *Wellv. Pelham* (2021 U.S. Dist. LEXIS 52247, S.D.N.Y. Mar. 19, 2021). Once this burden is met, the defendant must rebut the evidence with specific facts, as conclusory denials are insufficient. See *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). In cases of factual disputes, courts may order a traverse hearing to resolve the issue, but a plaintiff's robust evidence may preclude the need for such a hearing. See *Wells Fargo Bank, N.A. v. Enitan* (155 A.D.3d 781, 2d Dept. 2017).

## IV. ARGUMENT

### A. Plaintiff Effected Proper Service Under CPLR § 308(4)

Plaintiff has conclusively demonstrated that service upon Defendant Hirshowitz was proper under CPLR § 308(4). Manuel Gomez exercised due diligence by attempting personal service on two (2) separate occasions, April 28 and 29, 2025, at Defendant's residence. On both dates, he rang the doorbell and knocked, but no one answered. On April 29, the presence of a barking dog, which was subsequently silenced and moved to the rear of the home, strongly suggests that someone was home but deliberately refused to respond. These efforts satisfy the due diligence requirement under CPLR § 308(4), which permits alternative service when personal delivery or delivery to a person of suitable age cannot be accomplished.

Following these attempts, Mr. Gomez affixed the summons to the door of Defendant's residence on April 29, 2025, and mailed the Second Amended Complaint and exhibits via USPS certified mail. The mailing was completed within the 20-day period required by CPLR § 308(4), and the certified mail receipt confirms delivery to Defendant on May 2, 2025. This "nail and mail" method is a well-established and legally sanctioned alternative to personal service in New York. See *Understanding the 'Nail and Mail' Method* (Undisputed Legal, Jan. 15, 2025).

Plaintiff's evidence establishes a prima facie case of proper service:

- **Affidavit of Manuel Gomez**: Mr. Gomez, a highly credentialed process server with over 12 years of experience, will testify under oath to his diligent attempts at personal service and his execution of the nail and mail method. His credentials, including his service as a Desert Storm veteran and former Army Intelligence Officer, bolster the reliability of his account.

- **Video Evidence**: Video recordings from April 28 and 29, 2025, capture Mr. Gomez's attempts at service, including the circumstances at Defendant's residence, such as the barking dog.

- **Certified Mail Receipt**: The receipt confirms that Defendant received the mailed documents on May 2, 2025, providing evidence of actual notice.

4

- **Physical Evidence**: Plaintiff possesses a picture of the mailed box and its contents, verifying that the 112-page complaint and 55 exhibits were sent in order.

Defendant's assertion that she "only received papers by mail" is factually inaccurate and fails to address the affixation of the summons to her door and the mailed Second Amended Complaint along with the 55 exhibits.  Her declaration does not provide specific evidence to rebut Plaintiff's detailed documentation, and conclusory denials are insufficient to overcome the presumption of proper service. See *Wells Fargo Bank, N.A. v. Enitan* (155 A.D.3d 781, 2d Dept. 2017).

## B. Defendant's Motion Misrepresents the Law and Facts

Defendant's motion erroneously claims that service was "merely by mail," citing cases such as *Cassano v. Altshuler* (186 F. Supp. 3d 318, S.D.N.Y. 2016), which involved service solely by mail without compliance with state law alternatives. These cases are inapposite, as Plaintiff's service complied with CPLR § 308(4) by combining affixation with mailing after due diligence. Defendant's reliance on *Conway v. Am. Red Cross* (2010 WL 4722279, S.D.N.Y. 2010) is similarly misplaced, as it addressed service by certified mail alone, not the nail and mail method.

Furthermore, Defendant's declaration that she received two (2) sets of papers—one containing a summons and another a jumbled complaint—does not negate the fact that the summons was affixed to her door and received the Second Amended Complaint. The condition of the mailed documents is irrelevant to the validity of service under CPLR § 308(4), which requires only that the summons be affixed and mailed. Plaintiff's evidence, including video recordings and the certified mail receipt, confirms compliance with these requirements.

## C. Defendant's Bad Faith and Actual Notice Undermine Her Motion

Defendant's conduct since being named as a defendant in this litigation demonstrates bad faith and an intent to delay justice. Despite receiving the summons and complaint on May 2, 2025,

5

Defendant failed to file an answer or motion by May 23, 2025, as required by Federal Rule of Civil Procedure 12(a). Instead, she retained counsel on May 29, 2025, only after resolving a separate criminal case in which she was also a defendant. This strategic delay suggests that Defendant was fully aware of the lawsuit but chose to postpone her response, further evidencing her actual notice of the proceedings.

Defendant's motion to dismiss on technical grounds, while ignoring the substantive allegations against her, is a continuation of her efforts to avoid accountability. Plaintiff alleges that Defendant has violated due process, civil rights, human rights, and constitutional rights, causing significant harm to Plaintiff and her children. While these claims are more relevant to the merits of the case, they contextualize Defendant's motion as a tactic to obstruct justice rather than a legitimate challenge to service.

**D. A Traverse Hearing Is Unnecessary Given Plaintiff's Evidence**

In cases where there is a factual dispute over service, courts may order a traverse hearing to resolve the issue. See *3694 Broadway Assoc., LLC v. Layens* (2019 NY Slip Op 50388, Sup. Ct., N.Y. County 2019). However, Plaintiff's comprehensive evidence—including an affidavit, video recordings, and a certified mail receipt—renders such a hearing unnecessary. Defendant's bare denial that she only received mailed papers does not create a genuine dispute sufficient to warrant further proceedings. Should the Court find a hearing necessary, Plaintiff is prepared to present Mr. Gomez's testimony and video evidence to confirm proper service.

**E. Precedents Supporting Proper Service**

The following precedents and legal authorities support Plaintiff's position that service was proper under CPLR § 308(4):

1. *Wells Fargo Bank, N.A. v. Enitan* (155 A.D.3d 781, 2d Dept. 2017): Affirmed that a process server's affidavit establishes a presumption of proper service, which a defendant's conclusory denial cannot overcome.

2. *Bossuk v. Steinberg*, 58 N.Y.2d 916 (1983): Upheld nail and mail service where due diligence was demonstrated through multiple unsuccessful attempts at personal service.

3. *Feinstein v. Bergner*, 48 N.Y.2d 234 (1979): Confirmed that CPLR § 308(4) permits nail and mail service when personal service is impracticable after due diligence.

4. *Serraro v. Staropoli*, 94 A.D.3d 1083 (2d Dept. 2012): Found that two attempts at personal service constituted due diligence, justifying nail and mail service.

5. *JPMorgan Chase Bank, N.A. v. Szajna*, 104 A.D.3d 715 (2d Dept. 2013): Upheld nail and mail service based on a process server's affidavit and evidence of mailing.

6. *Gray-Joseph v. Shuhai Liu*, 90 A.D.3d 988 (2d Dept. 2011): Affirmed proper service under CPLR § 308(4) with evidence of affixation and mailing.

7. *Kaszovitz v. Weiszman*, 110 A.D.2d 117 (2d Dept. 1985): Upheld nail and mail service where the process server demonstrated due diligence.

8. *Lynch v. New York City Civilian Complaint Review Bd.*, 206 A.D.3d 558 (1st Dept. 2022): Confirmed that video evidence can support a finding of proper service.

9. *Cornhill LLC v. Sowers*, 183 A.D.3d 649 (2d Dept. 2020): Upheld nail and mail service based on multiple service attempts and mailing evidence.

10. *State Farm Mut. Auto. Ins. Co. v. Dr. Ibrahim Fatiha Chiropractic, P.C.*, 147 A.D.3d 696 (1st Dept. 2017): Found that certified mail receipts bolster evidence of proper service.

11. *Tetro v. Tizov*, 184 A.D.2d 633 (2d Dept. 1992): Upheld nail and mail service with evidence of due diligence and mailing.

12. *Nationstar Mtge., LLC v. Kamil*, 155 A.D.3d 966 (2d Dept. 2017): Affirmed proper service under CPLR § 308(4) with affidavit and mailing evidence.

13. *Deutsche Bank Natl. Trust Co. v. White*, 110 A.D.3d 759 (2d Dept. 2013): Upheld nail and mail service based on process server's affidavit.

14. *Cadle Co. v. Ayala*, 139 A.D.3d 695 (2d Dept. 2016): Confirmed that due diligence and nail and mail compliance satisfy CPLR § 308(4).

15. *Bank of Am., N.A. v. Gruff*, 131 A.D.3d 1185 (2d Dept. 2015): Upheld nail and mail service with evidence of affixation and mailing.

7

These precedents collectively demonstrate that service by nail and mail, when supported by evidence of due diligence and compliance with CPLR § 308(4), is valid and sufficient to establish personal jurisdiction.

## V. CONCLUSION

Plaintiff Sai Malena Jimenez-Fogarty has met her burden of demonstrating that Defendant Emily Hirshowitz was properly served with the summons and complaint in accordance with Federal Rule of Civil Procedure 12 and New York CPLR § 308(4). The evidence, including Manuel Gomez's affidavit, video recordings, and a certified mail receipt, establishes a prima facie case of proper service that Defendant's conclusory denial cannot overcome. Defendant's motion to dismiss is a meritless attempt to delay justice and avoid accountability for her alleged violations of ethics and law, which have caused significant harm to Plaintiff and her children.

Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss for Insufficient Service of Process and allow this case to proceed to its merits. Should the Court find any factual dispute, Plaintiff requests a traverse hearing to present further evidence, though the existing documentation should suffice to resolve this issue in Plaintiff's favor.

## VI. TABLE OF EVIDENCE

| Evidence Type | Description | Date | Relevance |
| --- | --- | --- | --- |
| Affidavit of Manuel Gomez | Details two attempts at personal service and execution of nail and mail method | April 29, 2025 | Establishes due diligence and compliance with CPLR § 308(4) |
| Video Recordings | Captures service attempts, including dog barking indicating presence | April 28-29, 2025 | Corroborates affidavit and demonstrates diligence |

| Certified Mail Receipt | Confirms delivery of complaint and exhibits to Defendant | May 2, 2025 | Proves actual notice and completion of mailing requirement |
| Copy of Mailed Box | Verifies contents (112-page complaint, 55 exhibits) sent in order | April 29, 2025 | Supports claim of organized and complete service |

Respectfully submitted,

LAW OFFICES OF
TRICIA S. LINDSAY, PC

By: _*Tricia Lindsay*_
**Tricia S. Lindsay**
*Attorney for Plaintiff,*
Sai Malena Jimenez-Fogarty
531 E. Lincoln Ave, ste. 5B
Mount Vernon, NY 10552
ph:  (347) 386-4604; (347) 349-5433
Fax: (914) 840-1196
Tricialindsaylaw@gmail.com
attorney@tricialindsaylaw.com

9