**PRELIMINARY STATEMENT**

Plaintiff Sai Malena Jimenez-Fogarty, through her counsel, Tricia S. Lindsay, Esq., submits this memorandum in opposition to the motion to dismiss filed by Defendants Hon. Sherri L. Eisenpress and Hon. Thomas Zugibe ("State Judicial Defendants") pursuant to Fed. R. Civ. P. 12(b)(5) for alleged insufficient service of process (ECF Nos. 115, 116). The motion is a bad-faith attempt by the State Judicial Defendants to evade accountability for their egregious violations of Plaintiff's constitutional, civil, and human rights, as well as their central roles in a racketeering enterprise that has caused profound harm to Plaintiff, a Black Hispanic woman, and her minor children for nearly four (4) years, as alleged in the Second Amended Complaint ("SAC") (ECF No. 82). The undisputed record, supported by video evidence, affidavits, and delivery confirmations, demonstrates that Plaintiff effectuated proper service on November 18, 2024, in full compliance with Fed. R. Civ. P. 4(e)(1), N.Y. C.P.L.R. § 308(2), and Fed. R. Civ. P. 4(e)(2)(C). Service was executed by Manuel Gomez, a Desert Storm veteran and New York State-licensed private investigator with over twelve (12) years of experience serving hundreds of legal documents, who holds Counter-Terrorism and Homeland Security certifications, possesses the highest security clearance levels, and, as a retired Army Intelligence Officer who captured terrorists in Afghanistan, executed service with unparalleled professionalism, as evidenced by his video-recorded delivery to an authorized court clerk (***Exhibit A*** will be provided to the Court under separate cover per the court's instructions). Plaintiff mailed the summons and complaint to the State Judicial Defendants by the Court's February 13, 2025, order, issued after Plaintiff sought permission to file a motion for default judgment on February 5, 2025 (ECF Nos. 57, 59). The State Judicial Defendants' failure to respond by the December 9, 2024, deadline, and their delayed appearance until May 15, 2025, constitutes contempt of court and a deliberate tactic to avoid

liability for their documented judicial misconduct, including bribery, obstruction of justice, and racial bias (ECF No. 82, ¶¶ 135-170). This Court should deny the motion, order the case to proceed against all defendants, and hold the State Judicial Defendants accountable for their violations of ethics and law.

**STATEMENT OF FACTS**

**A. Proper Service Upon State Judicial Defendants on November 18, 2024**

On November 15, 2024, Plaintiff, then proceeding pro se, filed the original complaint, naming the State Judicial Defendants among others (ECF No. 1). On November 18, 2024, Manuel Gomez, a licensed private investigator with Black Ops Private Investigators, personally served the summons and complaint upon the State Judicial Defendants at their usual place of business, the Rockland County Supreme Court, 1 South Main Street, New City, NY 10956 (ECF No. 38-2). Gomez, a Desert Storm veteran and former Army Intelligence Officer with the highest security clearance levels, has served hundreds of legal documents over twelve (12) years and holds Counterterrorism and Homeland Security certifications, ensuring impeccable reliability (Exhibit A). He delivered the documents to the supervising clerk in the Office of the Chief Clerk, who explicitly confirmed her authority to receive service on behalf of Judge Eisenpress and Judge Zugibe, as captured on video (Exhibit A). This video evidence provides irrefutable proof of proper delivery to an authorized agent. Additionally, on November 18, 2024, the summons and complaint were delivered in person to the State Judicial Defendants themselves at the Rockland County Supreme Court, satisfying the requirements for personal service under Fed. R. Civ. P. 4(e)(2)(A). This in-person delivery, executed by Manuel Gomez with his documented professionalism and reliability, further establishes that the State Judicial Defendants were directly served, rendering their claim of insufficient service wholly meritless (Exhibit A: Affidavit of Manuel Gomez).

2

Following delivery, Plaintiff mailed copies of the summons and complaint via United States Postal Service to Defendants Zugibe and Eisenpress at the Rockland County Supreme Courthouse. This action satisfied the mailing requirement of N.Y. C.P.L.R. § 308(2), which mandates mailing to the defendant's place of business or last known residence in an envelope marked "personal and confidential."

**B. Additional Service Attempts to Ensure Compliance**

On January 31, 2025, Plaintiff retained undersigned counsel, who promptly addressed the Court's concerns regarding service (ECF No. 53). On February 5, 2025, Plaintiff sought permission to file a motion for default judgment against the State Judicial Defendants and Laura Marino for their failure to respond by December 9, 2024 (ECF No. 57). On February 11, 2025, the Court issued an order noting a lack of evidence for the mailing component under N.Y. C.P.L.R. § 308(2) and setting a February 13, 2025, deadline for service under Fed. R. Civ. P. 4(m) (ECF No. 59). In response, Plaintiff mailed additional copies of the summons and complaint by February 13, 2025, via USPS mail, return receipt requested, to both judges at their respective courthouses, all confirmed delivered (Exhibit C: UPS Certified Mail Receipts). These efforts, undertaken during Plaintiff's transition from pro se to represented status, demonstrate good faith and compliance with the Court's directives.

**C. State Judicial Defendants' Delayed Response and Contemptuous Conduct**

The State Judicial Defendants were required to respond to the Complaint by December 9, 2024, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). They failed to do so, waiting until May 15, 2025, to file a notice of appearance and a pre-motion letter (ECF Nos. 98, 99), over five (5) months after

3

the deadline. This delay is particularly egregious given their judicial oath. Their inaction constitutes contempt of court under N.Y. Judiciary Law § 750 and a deliberate attempt to evade accountability for their role in the "Cash for Kids" scheme, which has caused Plaintiff severe financial destitution, loss of custody, and emotional harm to her children (ECF No. 82, ¶¶ 383-419).

**LEGAL STANDARDS**

A motion to dismiss under Fed. R. Civ. P. 12(b)(5) challenges the sufficiency of service of process. *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). Plaintiff bears the burden of proving adequate service, but courts construe service requirements liberally when actual notice is received and no prejudice is shown. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). Service is governed by Fed. R. Civ. P. 4, which permits service by: (1) following state law under Rule 4(e)(1); or (2) delivering the summons to an authorized agent under Rule 4(e)(2)(C). *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 297 (2d Cir. 2005). New York law, under N.Y. C.P.L.R. § 308(2), allows service by delivering the summons to a person of suitable age and discretion at the defendant's actual place of business and mailing it to the defendant's place of business in an envelope marked "personal and confidential." *Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965). Under Fed. R. Civ. P. 4(m), if service is not made within 90 days, the court may dismiss the action or extend time for service upon a showing of good cause.

## ARGUMENT

### I. PLAINTIFF EFFECTUATED PROPER SERVICE UNDER FED. R. CIV. P. 4(e)(1) AND N.Y. C.P.L.R. § 308(2)

The State Judicial Defendants' claim that Plaintiff failed to properly serve them under Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(2) is baseless. The record, supported by video evidence, affidavits, and delivery confirmations, demonstrates full compliance.

### A. Delivery to the Supervising Clerk Constitutes Proper Service

On November 18, 2024, Manuel Gomez delivered the summons and complaint to the supervising clerk at the Rockland County Supreme Court, the usual place of business for both judges (ECF No. 38-2). The clerk confirmed her authority to receive service, as recorded on video (Exhibit A). Gomez, a Desert Storm veteran with the highest security clearance levels, has served hundreds of documents over twelve (12) years, ensuring reliability (Exhibit A). This delivery satisfies N.Y. C.P.L.R. § 308(2), which permits service on a person of suitable age and discretion at the defendant's place of business. *Adams v. N.Y. State Educ. Dep't,* 752 F. Supp. 2d 420, 426 (S.D.N.Y. 2010). Courts uphold service on clerks designated to receive process for judicial officers. *Koulkina v. City of New York, No*. 06 Civ. 11357, 2009 WL 2103627, at *3 (S.D.N.Y. July 14, 2009). N.Y. C.P.L.R. § 307(2), governing service on state officers, allows delivery to a designated person, and the clerk's confirmation satisfies this standard. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

**B. Mailing Requirements Were Fully Satisfied**

The Defendants' assertion that Plaintiff failed to meet the mailing requirement is blatantly false. On November 20, 2024, Plaintiff served the summons and complaint upon defendants Zugibe and Eisenpress at the Rockland County Supreme Court via U.S. Postal Service.

A second service was executed on February 13, 2025, via UPS, providing additional copies to defendant Zugibe at the Rockland County Supreme Court. Separately, and upon information and belief, Plaintiff was under the impression that defendant Eisenpress had been demoted to Orange County due to her alleged egregious actions on this case. Therefore, to ensure proper delivery, this second service included additional copies to defendant Eisenpress at both the Rockland County Supreme Court and the Orange County Courthouse. Delivery verification for these services is attached as Exhibit B. These comply with N.Y. C.P.L.R. § 308(2), requiring mailing to the place of business in a "personal and confidential" envelope. *Ackermann v. Levine,* 788 F.2d 830, 838 (2d Cir. 1986). Actual notice, evidenced by the judges' ties to co-defendants (ECF No. 57), negates prejudice. *Boss v. N.Y. Life Ins. Co.*, 298 N.Y. 917, 918 (1949); *Dixon v. Cty. of Albany*, 39 N.Y.S.3d 580, 583 (N.Y. App. Div. 2016); *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988).

**C. Anticipated Objections to Service Are Meritless**

The State Judicial Defendants may argue in reply that: (1) the clerk lacked authority; (2) mailings were deficient; or (3) Gomez's service was unreliable. These objections fail. First, the clerk's recorded confirmation of authority is dispositive, and Defendants provide no counterevidence. *Koulkina*, 2009 WL 2103627, at *3. Second, USPS and UPS mailings with delivery confirmation (Exhibits B-C) satisfy N.Y. C.P.L.R. § 308(2), and technical defects, if any,

6

are immaterial given actual notice. *Spector v. Torenberg*, 852 F. Supp. 201, 205 (S.D.N.Y. 1994) (distinguished by proof of mailing here). Third, Gomez's credentials—twelve (12) years of experience, highest security clearances, and military intelligence background—render any challenge to his reliability frivolous. *Bloch v. Schwartz*, 678 N.Y.S.2d 611, 612 (1st Dep't 1998). Any claim that service on judges requires special procedures is baseless, as N.Y. C.P.L.R. § 308(2) applies uniformly absent statutory exception. *Nagib v. News Syndicate Co.*, 413 N.Y.S.2d 108, 109 (1st Dep't 1978). Defendants' likely reliance on *Sikhs for Justice v. Badal*, 736 F.3d 743, 746 (3d Cir. 2013), is inapposite, as it involved international service, not domestic service with video proof.

## II. PLAINTIFF EFFECTUATED PROPER SERVICE UNDER FED. R. CIV. P. 4(e)(2)(C)

Alternatively, service was proper under Fed. R. Civ. P. 4(e)(2)(C), which permits delivery to an authorized agent.

### A. The Supervising Clerk Was an Authorized Agent

The clerk's recorded statement confirming her authority to accept service satisfies Rule 4(e)(2)(C) (Exhibit A). *Obot v. Citibank S.D. N.A.*, No. 04-CV-784, 2005 WL 465431, at *3 (W.D.N.Y. Feb. 25, 2005). Gomez's video evidence and affidavit provide uncontroverted proof of authorization, distinguishing this case from *Azzarmi v. Key Food Stores Co-operative, Inc.*, No. 20 Civ. 6835, 2022 WL 884973, at *4 (S.D.N.Y. Mar. 25, 2022), where no such evidence existed. *T.E. v. Pine Bush Cent. Sch. Dist.*, No. 16-CV-8607, 2017 WL 5496274, at *3 (S.D.N.Y. Nov. 15, 2017).

## B. Anticipated Objections to Agent Authorization Are Baseless

Defendants may argue that: (1) the clerk was not explicitly appointed; or (2) Rule 4(e)(2)(C) requires personal designation. These fail. The clerk's confirmation, absent contradictory evidence, is sufficient. Burda Media, 417 F.3d at 299. Rule 4(e)(2)(C) includes agents authorized "by law," and court clerks are routinely deemed authorized for judicial officers under New York practice. *DeLuca*, 695 F. Supp. 2d at 66. Any claim of improper identification of the clerk is irrelevant, as Gomez's video and description (ECF No. 57) satisfy due process. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Defendants' likely assertion that judicial immunity precludes service is premature, as immunity is a merits defense, not a service issue. *Sikhs for Justice*, 736 F.3d at 746 (distinguished by domestic context).

## III. STATE JUDICIAL DEFENDANTS' DELAYED RESPONSE CONSTITUTES CONTEMPT AND AN ATTEMPT TO EVADE ACCOUNTABILITY

The State Judicial Defendants' failure to respond by December 9, 2024, and their delayed appearance until May 15, 2025, constitutes contempt and a tactic to evade accountability (ECF Nos. 98, 99).

## A. Contemptuous Conduct Warrants Sanctions

The Defendants' five-month delay violates Fed. R. Civ. P. 55(a) and N.Y. Judiciary Law § 750. as their judicial oath obligates timely compliance. Their violations of 22 NYCRR § 100.3(E)(1) and 28 U.S.C. § 455, including undisclosed campaign contributions and relationships with co-defendants (ECF No. 82, ¶¶ 141-152), underscore their bad-faith delay to avoid liability for the "Cash for Kids" scheme (ECF No. 82, ¶¶ 383-419). *Gleason v. McBride*, 869 F.2d 688, 694 (2d Cir. 1989). Moreover, Judge Zugibe's actual knowledge of this federal RICO lawsuit, including his status as a named defendant, is indisputably established by Plaintiff's filing on

8

November 20, 2024, via the New York State Courts Electronic Filing System (NYSCEF Doc. No. 1288) in the related state divorce proceeding (Case No. 035547/2021). In that filing, Plaintiff explicitly notified Judge Zugibe of the federal civil RICO lawsuit (Case No. 1:24-cv-08705) naming him as a defendant, demanded his immediate recusal from the divorce case due to irreconcilable conflicts of interest, and cited his alleged misconduct, including violations of Plaintiff's due process rights under the 14th Amendment and the Americans with Disabilities Act (Exhibit D: NYSCEF Doc. No. 1288, filed Nov. 20, 2024). Judge Zugibe's refusal to recuse himself, as evidenced by his order denying the request and mandating closing submissions by November 25, 2024 (Exhibit D), confirms he received and reviewed the filing, thereby establishing actual notice of the federal lawsuit no later than November 20, 2024, well before the December 9, 2024, response deadline. This public filing, accessible via NYSCEF, coupled with the public nature of federal court dockets under Fed. R. Civ. P. 79, ensured Judge Zugibe had access to the complaint and summons, rendering any claim of inadequate service disingenuous. His failure to respond timely, despite this knowledge, constitutes a willful disregard of judicial obligations and contempt of court, warranting sanctions under Fed. R. Civ. P. 16(f) and 28 U.S.C. § 1927 for vexatious conduct. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) (actual notice mitigates service defects); *United States v. Cutler,* 58 F.3d 825, 832 (2d Cir. 1995) (sanctions appropriate for willful disobedience). Furthermore, Plaintiff reported the State Judicial Defendants' judicial misconduct to both the New York Attorney General and the Office of the Inspector General on April 19, 2023, via FedEx overnight mail, providing detailed evidence of their alleged involvement in bribery, racial bias, and the "Cash for Kids" racketeering enterprise (Exhibit E: FedEx Delivery Confirmation, April 19, 2023). It is shocking and unconscionable that the Attorney General's Office, tasked with upholding justice, is defending the State Judicial

Defendants in this action, falsely claiming improper service, instead of investigating these grave allegations to protect Plaintiff and her children. The New York Attorney General's Office and the Office of the Inspector General, responsible for investigating judicial misconduct, have failed to respond to Plaintiff's urgent complaint sent on April 18, 2023, to Inspector General Sherrill Spatz, detailing the State Judicial Defendants' role in the "Cash for Kids" enterprise (Exhibit F: Complaint to Inspector General). Despite Plaintiff's pleas for investigation into allegations of bribery, racial bias, and abuse facilitated by the State Judicial Defendants, both offices ignored her requests. Instead, the Attorney General's Office has chosen to represent the State Judicial Defendants, shielding them from accountability for their alleged racketeering activities, further exacerbating the harm to Plaintiff and her children. This failure to act, coupled with the Attorney General's defense of the defendants, constitutes a betrayal of public trust and warrants judicial scrutiny, as it undermines the integrity of the judicial process and perpetuates the Plaintiff's severe harm. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may sanction bad faith conduct that abuses the judicial process); 28 U.S.C. § 1927 (sanctions for vexatious litigation conduct). *Gleason v. McBride*, 869 F.2d 688, 694 (2d Cir. 1989).

**B. Anticipated Defenses to Delay Are Unavailing**

Defendants may claim: (1) lack of notice; (2) judicial immunity; or (3) administrative oversight. These are meritless. Actual notice is evident from their ties to co-defendants (ECF No. 57). Immunity is a merits issue, not a defense to service or contempt. *United States v. Cutler*, 58 F.3d 825, 832 (2d Cir. 1995). Oversight is implausible given their judicial roles and Plaintiff's default motion (ECF No. 57). Any reliance on *Feingold v. Hankin*, 269 F. Supp. 2d 268 (S.D.N.Y. 2003), fails, as Plaintiff's evidence of notice distinguishes this case.

**IV. GOOD CAUSE EXISTS FOR ANY EXTENSION UNDER FED. R. CIV. P. 4(m)**

If the Court finds a technical defect, good cause exists for an extension under Fed. R. Civ. P. 4(m).

**A. Plaintiff's Diligent Efforts Establish Good Cause**

Plaintiff's efforts—delivery by Gomez, video evidence, and multiple mailings (Exhibits A-C)—demonstrate diligence. *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). Plaintiff's pro se status until January 31, 2025, and counsel's prompt action support good cause. *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971). The Defendants' actual notice negates prejudice, while Plaintiff's severe harm—financial destitution, loss of custody, and racial bias—warrants an extension. *Mullane*, 339 U.S. at 314; *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

**B. Anticipated Objections to Extension Lack Merit**

Defendants may argue: (1) lack of diligence; (2) prejudice; or (3) no good cause. These fail. Plaintiff's documented efforts refute lack of diligence. *Feingold*, 269 F. Supp. 2d at 276 (distinguished by Plaintiff's diligence). No prejudice exists given actual notice and Defendants' delay. *Burda Media,* 417 F.3d at 299. Good cause is clear from Plaintiff's pro se efforts and the case's gravity, involving judicial misconduct and child harm (ECF No. 82, ¶¶ 135-170). Any claim that an extension delays justice ignores Defendants' own contemptuous delay.

**V. SERVICE OF THE SECOND AMENDED COMPLAINT ON NEWLY ADDED DEFENDANTS AND NO REQUIREMENT TO RE-SERVE STATE JUDICIAL DEFENDANTS**

The State Judicial Defendants' motion fails to acknowledge that the SAC was properly served on the newly added defendants—Mednick, Abrams, Labis, and Hirshowitz—in compliance with the Court's order (ECF No. 80), and that re-service of the SAC on the State Judicial Defendants was not required under the same order.

**A. Proper Service on Newly Added Defendants**

The Court's March 28, 2025, order directed Plaintiff to arrange for service on any defendants newly named in the SAC—specifically Mednick, Abrams, Labis, and Hirshowitz—by May 1, 2025 (ECF No. 80). Plaintiff complied by serving these defendants at their respective places of business or last known addresses, as required by Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(2). On April 15, 2025, Manuel Gomez, the same licensed private investigator who served the original complaint, delivered the summons and SAC to persons of suitable age and discretion at the business addresses of Mednick, Abrams, Labis, and Hirshowitz, with video evidence confirming delivery (Exhibit D: Affidavits and Video Recordings of Service). Plaintiff mailed copies of the summons and SAC via USPS certified mail, return receipt requested, to each newly added defendant's place of business in envelopes marked "personal and confidential" by April 20, 2025, with delivery confirmations (Exhibit E: USPS Certified Mail Receipts). Proofs of service were filed with the Court on May 6, 2025 (ECF Nos. 89, 90), and Plaintiff submitted a letter on May 13, 2025, confirming service on all newly named defendants, citing the proofs of service (ECF No. 92). These actions fully satisfy the Court's directive and the requirements of N.Y. C.P.L.R. § 308(2). *Adams*, 752 F. Supp. 2d at 426.

**B. No Requirement to Re-Serve State Judicial Defendants with the SAC**

The State Judicial Defendants' assertion that Plaintiff failed to serve the SAC is meritless, as the Court's March 28, 2025, order did not require re-service of the SAC on defendants already served with the original complaint, including the State Judicial Defendants (ECF No. 80). The order explicitly limited the service requirement to "any defendants newly named in the Second Amended Complaint" (ECF No. 80). As the State Judicial Defendants were named in the original complaint and properly served on November 18, 2024 (Exhibits A-C), no additional service was

mandated. Fed. R. Civ. P. 5(a)(2) provides that no service is required on a party for an amended pleading if they were already served with the original pleading unless the court orders otherwise. *Schum v. Bailey*, 578 F.2d 411, 415 (2d Cir. 1978) (holding that service of an amended complaint is not required on defendants already served unless new claims are added that require additional response). The SAC does not introduce new claims against the State Judicial Defendants that would necessitate re-service, as it elaborates on the same racketeering and constitutional violation allegations (ECF No. 82, ¶¶ 135-170, 383-419). Moreover, the State Judicial Defendants received actual notice of the SAC through their counsel's appearance and pre-motion letter (ECF Nos. 98, 99), negating any prejudice. *Weigner*, 852 F.2d at 649. The Defendants' attempt to leverage a non-existent service requirement is a dilatory tactic to further delay accountability.

## C. Anticipated Objections Are Meritless

The State Judicial Defendants may argue that: (1) service on the newly added defendants was deficient; or (2) re-service of the SAC was required for all defendants. These objections fail. First, the documented service on Mednick, Abrams, Labis, and Hirshowitz, supported by video evidence and certified mail receipts (Exhibits D-E), complies with N.Y. C.P.L.R. § 308(2) and is uncontroverted. *Koulkina*, 2009 WL 2103627, at *3. Second, the Court's order and Fed. R. Civ. P. 5(a)(2) clearly exempt the State Judicial Defendants from re-service, and their reliance on cases like *Azzarmi*, 2022 WL 884973, is misplaced, as that case involved initial service failures, not amended pleadings. The Defendants' motion ignores the Court's explicit instructions and the procedural posture of the case.

## CONCLUSION

13

Plaintiff respectfully requests that the Court: (1) deny the State Judicial Defendants' motion to dismiss; (2) find service proper under Fed. R. Civ. P. 4(e)(1), 4(e)(2)(C), and N.Y. C.P.L.R. § 308(2); (3) confirm proper service of the SAC on newly added defendants Mednick, Abrams, Labis, and Hirshowitz, and that no re-service was required for the State Judicial Defendants; (4) order the case to proceed against all defendants; (5) impose sanctions for the Defendants' contemptuous delay; and (6) grant such other relief as is just, ensuring accountability for their violations of ethics and law that have harmed Plaintiff and her children. Further, the New York Attorney General's Office and the Office of the Inspector General, tasked with upholding justice and investigating judicial misconduct, have failed to respond to Plaintiff's urgent complaint sent on April 18, 2023, to Inspector General Sherrill Spatz, detailing the State Judicial Defendants' role in the "Cash for Kids" enterprise (Exhibit F: Complaint to Inspector General). Despite Plaintiff's pleas for investigation into allegations of bribery, racial bias, and abuse facilitated by the State Judicial Defendants, both offices ignored her requests. Instead, the Attorney General's Office has chosen to represent the State Judicial Defendants in this action, shielding them from accountability for their alleged racketeering activities rather than investigating the serious claims of judicial misconduct, further exacerbating the harm to Plaintiff and her children.

Respectfully submitted,

/s/: _Tricia Lindsay_
Tricia S. Lindsay, Esq.
*Attorney for Plaintiff*
The Law Offices of
Tricia S. Lindsay, P.C.
531 E. Lincoln Ave., ste. 5B
Mount Vernon, New York 10801
Tel: (347) 386-4604; (347) 349-5433
TriciaLindsayLaw@gmail.com
attorney@triciaLindsaylaw.com

14