UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAI MALENA JIMENEZ-FOGARTY                  :

                                                                                 :   <u>AMENDED ORDER TO SHOW CAUSE</u>
                     Plaintiff,

                                                                                 :   24 Civ. 8705 (JLR) (GWG)

   -v.-                                                                    :

                                                                                 :

THOMAS FOGARTY et al.,                                 :

                     Defendants.           :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The parties have completed briefing on the motion of certain defendants to dismiss for insufficient service of process (Docket ## 115, 117). The Court issues this Order to Show Cause with respect to two memoranda of law filed and signed by plaintiff's attorney, Ms. Tricia S. Lindsay, appearing as Docket ## 122 and 123

      The Court's review of these memoranda of law reflects that they contain numerous citations that are either incorrect or do not exist at all. To give but two examples from a single page of one of the memoranda (Docket # 123 at page 7):

> "<u>*T.E. v. Pine Bush Cent. Sch. Dist.*</u><u>, No. 16-CV-8607, 2017 WL 5496274, at *3 (S.D.N.Y. Nov. 15, 2017)</u>." The Westlaw citation is to a District of Iowa case that does not have that name or docket number and has nothing to do with service of process. The docket number 16-CV-8607 in the Southern District of New York does not pertain to that case name and no entry relates to service of process. While there is a case on Westlaw with the name as given, the decision has an entirely different citation and does not relate to service of process.

> "<u>*Nagib v. News Syndicate Co.*</u><u>, 413 N.Y.S.2d 108, 109 (1st Dep't 1978)</u>". The N.Y.S. citation is to an Erie County case that does not have that name. A search of the New York State database on Westlaw and Lexis shows no case with that name at all. The Erie County case has nothing to do with the proposition for which it is cited; it does not even discuss service of process.

These are just two of numerous examples of incorrect or nonexistent case citations in the two memoranda of law.

Accordingly, Tricia S. Lindsay, Esq., is hereby ORDERED TO SHOW CAUSE why she should not be sanctioned pursuant to Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, and/or the inherent powers of the Court for submitting memoranda of law to this Court that contain numerous non-existent or improper citations. Such showing shall be made by affidavit and a memorandum of law compliant with Local Civil Rule 7.1(a)(2) filed on or before July 23, 2025. The affidavit shall include a complete and detailed description of the process of the drafting of the two memoranda of law (Docket ## 122 and 123) as well as a detailed and complete description of the role of any individual or computer system that was involved in the drafting process. If Ms. Lindsay made contemporaneous calendar entries describing her work on these briefs, those calendar entries shall be annexed to the affidavit.

In addition, Ms. Lindsay is directed to examine each case citation in the two memoranda of law (Docket ##122 and 123). With respect to those cases in aggregate, she shall provide two listings: Listing #1 shall be a listing (in alphabetical order by first name in case) of citations to all cases cited in Docket ### 122 and 123 that she contends are accurate. Listing #2 shall be a listing (in alphabetical order by first name in case) of all cases that she now recognizes are inaccurate in any respect — whether it be an incorrect case name, an incorrect database citation, an incorrect docket number, a citation that does not support the contention for which the case was cited, a case that does not exist, or any other reason. For each case on Listing #2, she shall (1) specify the manner in which the citation was inaccurate (the listing of reasons in the previous sentence shall not be deemed to be exhaustive); (2) give the reason she included an incorrect citation in the brief; and (2) supply a corrected citation if one exists.

If desired, any party may reply to Ms. Lindsay's response to this Order to Show Cause within 7 days of the filing of Ms. Lindsay's response.

The Court will thereafter issue a written order in the event a sanction is imposed.

SO ORDERED.

Dated: July 17, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2