UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAI MALENA JIMENEZ-FOGARTY, <br><br> Plaintiff, <br><br> v. <br><br><br> THOMAS FOGARTY et al., <br><br> Defendants. | Case No.: 24-cv-8705 (JLR)(GWG) <br><br> **MEMORANDUM IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (*Dkt. No. 144*)** |

## I. <u>Introduction and Background</u>

This memorandum and accompanying affidavit are respectfully submitted in response to the Court's Amended Order to Show Cause dated July 17, 2025, which directs Ms. Tricia S. Lindsay, counsel for Plaintiff, to address the Court's concerns regarding the inclusion of incorrect or nonexistent case citations in memoranda of law filed at Docket Nos. 122 and 123. The Court has requested a detailed explanation of the drafting process for these memoranda, the role of any individuals or computer systems involved, and a comprehensive review of all case citations, including identification and correction of any inaccuracies.

Ms. Lindsay acknowledges the seriousness of the Court's concerns and submits this response to provide a full and transparent account of her drafting process, the circumstances leading to the citation errors, and the steps taken to address and correct them. As an officer of the Court, Ms. Lindsay is committed to upholding the highest standards of professionalism, candor, and diligence in all her submissions. This response will demonstrate that the citation errors at

1

issue were inadvertent, not the product of bad faith or willful neglect, and that Ms. Lindsay has acted promptly and in good faith to rectify any deficiencies. The following sections address the legal standards governing sanctions, describe Ms. Lindsay's drafting process, explain the context of the citation errors, and present legal arguments as to why sanctions are unwarranted in this instance.

## II. Legal Standards Governing Sanctions

The Court notes in its Order to Show cause that sanctions may be imposed pursuant to Federal Rule of Civil Procedure 16(f), 28 U.S.C. § 1927, and the inherent powers of the Court. Each of these authorities requires more than mere inadvertence or negligence to justify the imposition of sanctions.

1.      **Federal Rule of Civil Procedure 16(f)**

Rule 16(f) states that:

(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) –(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

(C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

**2.     28 U.S.C. § 1927**

Section 1927 authorizes sanctions against any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." The Second Circuit has interpreted this provision to require a showing of bad faith, defined as actions "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose."

**3.     Inherent Powers of the Court**

The Court's inherent authority to sanction is similarly circumscribed. Sanctions imposed under inherent powers require a finding of bad faith or conduct that is "tantamount to bad faith." The Supreme Court and Second Circuit have cautioned that the inherent power to sanction must be exercised with restraint and discretion, and only in cases of egregious misconduct.

**4.     The Importance of Good Faith and Context**

Courts recognize that legal research and citation are complex tasks, and that even diligent attorneys may make mistakes, particularly when dealing with voluminous records or rapidly evolving case law. The presence or absence of good faith is a critical factor in determining whether sanctions are appropriate. Where errors are promptly acknowledged and corrected, and there is no evidence of intentional misrepresentation or abuse of process, sanctions are generally deemed unwarranted.

The legal standards governing sanctions require more than the inadvertent citation errors present here. The following sections will demonstrate that Ms. Lindsay's conduct falls well within the bounds of professional reasonableness and good faith, and that sanctions would be inappropriate under the governing law.

### III. Ms. Lindsay's Drafting Process and Good Faith Efforts

Ms. Lindsay approaches the preparation of legal memoranda with a methodical and conscientious process designed to ensure accuracy, thoroughness, and compliance with all applicable legal standards. Her drafting methodology reflects a commitment to professional responsibility and the integrity of the judicial process.

**1.   Research Methodology**

In preparing memoranda of law, Ms. Lindsay begins by identifying the relevant legal issues and applicable standards. She conducts comprehensive research using reputable legal databases and primary sources, including federal and state case law, statutes, and procedural rules. Her research process typically involves:

- Reviewing controlling and persuasive authorities from the relevant jurisdiction;
- Consulting secondary sources, such as treatises and practice guides, to confirm the current state of the law;
- Cross-referencing multiple databases to verify the accuracy and currency of legal citations.

Ms. Lindsay is attentive to the nuances of both federal and New York law, and she endeavors to cite the most authoritative and up-to-date sources available.

**2.   Drafting and Citation Practices**

Once the research phase is complete, Ms. Lindsay drafts her memoranda with careful attention to the articulation of legal arguments and the support of those arguments with appropriate citations. She utilizes citation management tools and manual cross-checking to

ensure that case names, docket numbers, and reporter citations are correctly transcribed. Where possible, she reviews the full text of cited decisions to confirm their relevance and accuracy.

3.   **Review and Quality Control**

Prior to filing, Ms. Lindsay undertakes a review of her draft memoranda, focusing on both substantive content and citation integrity. This review may include:

- Re-examining cited authorities to confirm their applicability to the issues presented;
- Verifying that all citations conform to Bluebook or local citation standards;
- Utilizing spell-check and citation-checking features available in legal research platforms.

Ms. Lindsay also remains mindful of the need to avoid typographical errors, misattributions, or inadvertent mis-citation, and she strives to correct any discrepancies identified during the review process.

4.   **Reliance on Technology and Human Oversight**

While Ms. Lindsay makes use of modern legal research tools and citation software to enhance efficiency and accuracy, she recognizes that such tools are not infallible. She supplements technological assistance with her own judgment and experience, understanding that the ultimate responsibility for the accuracy of legal citations rests with her as counsel of record.

5.   **Good Faith and Professionalism**

Ms. Lindsay's approach to legal drafting is rooted in good faith and a sincere desire to assist the Court in the resolution of complex legal issues. She does not delegate the core responsibilities of legal research or drafting to unqualified individuals, nor does she rely exclusively on automated systems. Any errors that occurred in the memoranda at issue were unintentional and arose despite her efforts to ensure accuracy. The complexity of legal citation,

the volume of authorities reviewed, and the occasional limitations of legal databases can, despite best efforts, result in inadvertent mistakes.

Ms. Lindsay's drafting process reflects a consistent pattern of diligence, professionalism, and good faith. The citation errors identified by the Court were not the product of neglect or disregard for professional standards, but rather isolated and unintentional mistakes in the context of a complex and demanding legal practice.

### IV. Explanation of Citation Errors and Context

The citation errors identified by the Court in Docket Nos. 122 and 123 fall into several categories, including incorrect case names, inaccurate docket numbers, miscited reporter references, and, in a few instances, citations to cases that do not exist or do not support the propositions for which they were cited. A detailed review of these errors, as required by the Court, has been conducted and is reflected in the attached listings of accurate and inaccurate citations.

1. **Nature and Types of Citation Errors**

    The errors at issue can be grouped as follows:

    - ***Incorrect Case Names or Docket Numbers*:** Some citations referenced valid reporter volumes and page numbers but attributed them to the wrong case name or docket number. For example, "*Bank of Am., N.A. v. Gruff*, 131 A.D.3d 1185 (2d Dept. 2015)" was cited, but the actual case at that citation is "*Bachvarov v. Lawrence Union Free Sch. Dist.*" Similarly, "*Nagib v. News Syndicate Co.*, 413 N.Y.S.2d 108 (1st Dep't 1978)" does not correspond to any case by that name at the cited location.

    - ***Nonexistent or Miscited Cases*:** In a few instances, the citation referenced a case that could not be located in any major legal database, or the citation was otherwise miscited,

6

such as "*JPMorgan Chase Bank, N.A. v. Szajna*, 104 A.D.3d 715 (2d Dept. 2013)," which does not exist.

- **Incorrect Reporter or Database Citations**: Some cases were cited with the correct case name but the wrong reporter or database citation, or vice versa. For example, "*Obot v. Citibank S.D. N.A.*, No. 04-CV-784, 2005 WL 465431 (W.D.N.Y. Feb. 25, 2005)" was miscited; the correct citation is "*Obot v. Citibank S. Dakota, N.A.*, 2006 US Dist LEXIS 75260 (WDNY Oct. 17, 2006, No. 04-CV-784A)".

2. **Causes and Contributing Factors**

These errors arose despite Ms. Lindsay's diligent efforts to ensure accuracy and are attributable to several factors:

- ***Database Discrepancies and Limitations***: Legal research platforms, while indispensable, are not immune to errors. Variations in case naming conventions, incomplete or outdated database entries, and differences between state and federal reporting systems can lead to inadvertent mis-citation. In some instances, a search for a case by party name or citation may yield multiple, similarly named cases, increasing the risk of confusion.

- ***Complexity and Volume of Legal Research***: The memoranda at issue involved extensive research across multiple jurisdictions and legal issues. The sheer volume of authorities reviewed and cited increases the likelihood of isolated citation errors, particularly when working under tight deadlines or with voluminous records.

- ***Human Error in Transcription and Cross-Referencing***: Even with the use of citation management tools and manual cross-checking, the process of transcribing case names, docket numbers, and reporter citations is susceptible to typographical errors or

inadvertent misattribution, especially when cases have similar names or overlapping subject matter.

- ***Reliance on Secondary Sources:*** In some instances, secondary sources or prior briefs may have been consulted for background or context, and errors in those sources may have been inadvertently carried forward.

### 3. Efforts to Identify and Correct Errors

Upon receipt of the Court's Order, Ms. Lindsay undertook a comprehensive review of every case citation in Docket Nos. 122 and 123, as directed. This review included:

- Cross-referencing each citation with primary legal databases to confirm the existence, accuracy, and relevance of each case;
- Compiling two detailed listings: one of citations Ms. Lindsay contends are accurate, and one of citations now recognized as inaccurate, with explanations for each error and, where possible, corrected citations;
- Providing a full account of the process by which the memoranda were drafted and citations selected.

These efforts reflect Ms. Lindsay's commitment to transparency and her willingness to promptly correct any deficiencies identified by the Court.

### 4. Absence of Bad Faith or Misconduct

It is important to emphasize that these citation errors were not the result of any intent to mislead the Court or opposing counsel, nor do they reflect a pattern of disregard for professional obligations. Rather, they are isolated and inadvertent mistakes that occurred despite good faith efforts to ensure accuracy. The errors were promptly acknowledged and addressed once brought

to Ms. Lindsay's attention, and corrective measures have been implemented to prevent recurrence.

5. **Context Within Legal Practice**

Citation errors, while regrettable, are not uncommon in complex litigation, particularly where multiple authorities are being synthesized under time constraints. Courts have recognized that such errors, absent evidence of bad faith or willful misconduct, do not warrant the imposition of sanctions. Ms. Lindsay's conduct in this matter is consistent with the standards of professional reasonableness and does not rise to the level of sanctionable conduct under the applicable legal standards.

The citation errors identified in the memoranda were the product of understandable challenges inherent in legal research and drafting, not of any improper motive or systemic neglect. Ms. Lindsay has acted promptly and in good faith to address the Court's concerns and to ensure the accuracy and integrity of her future submissions.

## V. Legal Argument Against Sanctions

The imposition of sanctions is a serious remedy, reserved for conduct that demonstrates bad faith, willful misconduct, or a pattern of systemic neglect. The legal standards governing sanctions under Federal Rule of Civil Procedure 16(f), 28 U.S.C. § 1927, and the Court's inherent powers all require more than mere inadvertence or isolated error.

1. **Rule 16(f)**

Under Rule 16(f), sanctions may only be imposed when an attorney "fails to appear at a scheduling or other pretrial conference," "is substantially unprepared to participate—or does not participate in good faith—in the conference," or "fails to obey a scheduling or other pretrial order." None of the foregoing factors are applicable here. Ms. Lindsay did not fail to appear at a

scheduling or other pretrial conference nor did she fail to obey a scheduling or other pretrial order. The Court's Order to Show Cause makes no such allegations.

### 2.  28 U.S.C § 1927 and The Court's Inherent Authority

28 U.S.C. § 1927 requires a finding that counsel "so multiplies the proceedings in any case unreasonably and vexatiously." The Second Circuit has interpreted this to require "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Jones v Combs*, 759 F Supp 3d 534, 539 [SDNY 2024] (quoting *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). "The second prong—bad faith—can be established by inference from completely meritless actions." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.").

"A federal court may [also] 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)). The standard for imposing sanctions pursuant to the Court's inherent power is the same as that under Section 1927: "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Jones v Combs*, 759 F Supp 3d 534, 539 [SDNY 2024].

There is no evidence here that Ms. Lindsay's the claims in Ms. Lindsay's Memoranda "were entirely meritless" or that she acted for "improper purposes." While Ms. Lindsay

acknowledges that some of her citations were incorrect, she has taken steps to correct this issue, address the Court's concerns in detail, and at no point acted with "bad-faith."

## VI. Conclusion

For the reasons set forth above, Ms. Lindsay respectfully submits that the citation errors identified in Docket Nos. 122 and 123 were inadvertent, promptly acknowledged, and corrected in good faith. There is no evidence of bad faith, willful misconduct, or systemic neglect. Ms. Lindsay has provided a full and transparent account of her drafting process, the circumstances leading to the errors, and the steps taken to prevent recurrence.

Ms. Lindsay reaffirms her commitment to the highest standards of professionalism, candor, and diligence in all her submissions to the Court. She remains fully willing to cooperate with the Court and opposing counsel to ensure the accuracy and integrity of the record. In light of the governing legal standards, the absence of prejudice, and the prompt corrective actions taken, Ms. Lindsay respectfully requests that the Court decline to impose sanctions in this matter. Should the Court require any further information or clarification, Ms. Lindsay stands ready to provide it and to take any additional steps the Court deems appropriate to address its concerns.

Dated: August 8, 2025

*Tricia Lindsay*
_____
TRICIA S. LINDSAY, ESQ.
Attorney for Plaintiff
Law Offices of
Tricia S. Lindsay, P.C.
531 E. Lincoln Avenue, Suite 5B
Mount Vernon, New York 10552
Tel: (347) 386-4604; (347) 349-5433
TriciaLindsayLaw@gmail.com
Attorney@TriciaLindsayLaw.com

### *Dkt. 122* List # 1: Accurate Case Citations

*Bossuk v. Steinberg*, 58 N.Y.2d 916 (1983)

*Cassano v. Altshuler*, 186 F. Supp. 3d 318 (S.D.N.Y. 2016)

*Conway v. Am. Red Cross*, 2010 WL 4722279 (S.D.N.Y. 2010)

*Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382 (S.D.N.Y. 2002)

*Deutsche Bank Natl. Trust Co. v. White*, 110 A.D.3d 759 (2d Dept. 2013)

*Feinstein v. Bergner*, 48 N.Y.2d 234 (1979)

*Gray-Joseph v. Shuhai Liu*, 90 A.D.3d 988 (2d Dept. 2011)

*Kaszovitz v. Weiszman*, 110 A.D.2d 117 (2d Dept. 1985)

*Lynch v. New York City Civilian Complaint Review Bd.*, 206 A.D.3d 558 (1st Dept. 2022)

*Nationstar Mtge., LLC v. Kamil*, 155 A.D.3d 966 (2d Dept. 2017)

*Regan v. Pelham*, 2021 U.S. Dist. LEXIS 52247 (S.D.N.Y. Mar. 19, 2021)

*Serraro v. Staropoli*, 94 A.D.3d 1083 (2d Dept. 2012)

*State Farm Mut. Auto. Ins. Co. v. Dr. Ibrahim Fatiha Chiropractic, P.C.*, 147 A.D.3d 696 (1st Dept. 2017)

*Tetro v. Tizov*, 184 A.D.2d 633 (2d Dept. 1992)

*3694 Broadway Assoc., LLC v. Layens*, 2019 NY Slip Op 50388 (Sup. Ct., N.Y. County 2019)

### *Dkt. 123*, List # 1: Accurate Case Citations

*Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986)

*Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420 (S.D.N.Y. 2010)

*Azzarmi v. Key Food Stores Co-operative, Inc.*, No. 20 Civ. 6835, 2022 WL 884973 (S.D.N.Y. Mar. 25, 2022)

***Dkt. 123*, List # 1: Accurate Case Citations**

*Boddie v. Connecticut*, 401 U.S. 371 (1971)

*Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005)

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)

*DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010)

*Feingold v. Hankin*, 269 F. Supp. 2d 268 (S.D.N.Y. 2003)

*George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428 (S.D.N.Y. 2016)

*Gleason v. McBride*, 869 F.2d 688 (2d Cir. 1989)

*Hanna v. Plumer*, 380 U.S. 460 (1965)

*Koulkina v. City of New York*, No. 06 Civ. 11357, 2009 WL 2103627 (S.D.N.Y. July 14, 2009)

*Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246 (S.D.N.Y. 2003)

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950)

*Romandette v. Weetabix Co.*, 807 F.2d 309 (2d Cir. 1986)

*Spector v. Torenberg*, 852 F. Supp. 201 (S.D.N.Y. 1994)

*United States v. Cutler*, 58 F.3d 825 (2d Cir. 1995)

*Weigner v. City of New York*, 852 F.2d 646 (2d Cir. 1988)

*Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007)

| List # 2: Inaccurate Case Citations | Nature of Inaccuracy |
|---|---|
| *Bank of Am., N.A. v. Gruff*, 131 A.D.3d 1185 (2d Dept. 2015) | Case number exists, incorrect case name. |
| *Boss v. N.Y. Life Ins. Co.*, 298 N.Y. 917 (1949) | Case number exists, incorrect case name. |
| *Cadle Co. v. Ayala*, 139 A.D.3d 695 (2d Dept. 2016) | Case number exists, incorrect case name. |
| *Cornhill LLC v. Sowers*, 183 A.D.3d 649 (2d Dept. 2020). | Case number exists, incorrect case name. |
| *Dixon v. Cty. of Albany,* 39 N.Y.S.3d 580 (N.Y. App. Div. 2016) | Case number exists, incorrect case name. |
| *JPMorgan Chase Bank, N.A. v. Szajna*, 104 A.D.3d 715 (2d Dept. 2013) | Case does not exist |
| *Nagib v. News Syndicate Co.*, 413 N.Y.S.2d 108 (1st Dep't 1978) | Case does not exist. |
| *Obot v. Citibank S.D. N.A.*, No. 04-CV-784, 2005 WL 465431 (W.D.N.Y. Feb. 25, 2005) | **Miscited. Correct citation is**: *Obot v Citibank S. Dakota, N.A.*, 2006 US Dist LEXIS 75260 [WDNY Oct. 17, 2006, No. 04-CV-784A]. |
| *Schum v. Bailey*, 578 F.2d 411 (2d Cir. 1978) | **Miscited**. **Correct citation is**: *Schum v Bailey*, 398 F Supp 164 [SDNY 1975], *affd,* 538 F2d 313 [2d Cir 1976] |
| *T.E. v. Pine Bush Cent. Sch. Dist.*, No. 16-CV-8607, 2017 WL 5496274 (S.D.N.Y. Nov. 15, 2017) | **Miscited**. **Correct citation is**: *T.E. v Pine Bush Cent. Sch. Dist.*, 58 F Supp 3d 332 [SDNY 2014]. However, this case discusses issues that were not relevant to service of process. |
| *Wells Fargo Bank, N.A. v. Enitan*, 155 A.D.3d 781 (2d Dept. 2017) | **Miscited. Correct citation is:** *Wells Fargo Bank, N.A. v. Enitan*, 200 A.D.3d 736, 158 N.Y.S.3d 214 (2021) |