UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAI MALENA JIMENEZ-FOGARTY,

         Plaintiff,

v.

THOMAS FOGARTY et al.,

         Defendants.

Case No.: 24-cv-8705 (JLR)(GWG)

**ATTORNEY LINDSAY'S REPLY TO DEFENDANT HIRSHOWITZ'S REPSONSE TO THE COURT'S ORDER TO SHOW CAUSE**

        Attorney Tricia S. Lindsay ("Ms. Lindsay") hereby submits the following Memorandum in Reply to Defendant Emily Hirshowitz's ("Ms. Hirshowitz") Response to the Court's Order to Show Cause ("OSC").

**INTRODUCTION**

        Ms. Hirshowitz's Response is legally meritless in several aspects. Namely, she seeks sanctions and fees pursuant to Fed. R. Civ. Proc. 11 ("Rule 11") where in this instance, they are not available. Ms. Hirshowitz, rather than responding directly to Ms. Lindsay's Memorandum and within the strict confines of the Court's OSC as ordered by the Court, uses this OSC as an opportunity to misrepresent the parties communications and Ms. Lindsay's prior positions, and seek attorney's fees under Rule 11. This is a clear violation of the Court's OSC which orders that "[I]f desired, any party may reply to Ms. Lindsay's response to this Order to Show Cause within 7 days of the filing of Ms. Lindsay's response." (Dkt. 144). The order does not grant opposing counsel permission to retroactively seek attorney's fees under Rule 11 or to raise issues regarding the parties' previous communications that are wholly unrelated to the very specific

issues outlined in the Court's OSC; those issues being, potential sanctions imposed upon Ms. Lindsay pursuant to Fed. R. Civ. Proc. 16(f) and potential sanctions imposed on Ms. Lindsay pursuant to 28 U.S.C § 1927 and/or the Court's inherent authority.

It is ironic that Ms. Hirshowitz would spend a substantial portion of her Response arguing that Ms. Lindsay's Memorandum in Response to the Court's OSC violates the Court's order, while simultaneously raising issues well outside the scope of the OSC and requesting Rule 11 sanctions in a manner that is not only willfully disobedient to the Court's order, but also ignores the procedures that must be followed in bringing a forth a request for Rule 11 sanctions.

## ARGUMENT

### 1. Sanctions and Attorney's Fees Pursuant to Rule 11 Are Not In Play

Fed. R. Civ. Proc. 11(c)(2) states that "[A] motion for sanctions **must be made separately from any other motion** and must describe the specific conduct that allegedly violates Rule 11(b) ." As an initial matter, Ms. Hirshowitz's request for Rule 11 sanctions undeniably disregards this principle. Ms. Hirshowitz' request for sanctions pursuant to Rule 11 was not "made separately from any other motion." Rather, in violation of the Court's OSC and the basic tenets of Rule 11, she makes this request as part of an entirely separate matter which is not even a "motion" in the first place. On these grounds alone, her request for attorney's fees must be denied (*see Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008) (affirming the district court's denial of the defendants' Rule 11 motion where the defendants "failed to make a separate motion for sanctions under Rule 11, and therefore failed to comply with the procedural requirements of the rule"); *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 89-90 (2d Cir. 1998) (reversing the district court's decision to impose sanctions where the movant "included its request for sanctions in its letter requesting a Rule 54(b) certification,

thereby failing to give [the non-movant] the separate notice referred to in Rule 11"); *Begonja v. Vornado Realty Tr.*, 159 F.Supp.3d 402, 414-15 (S.D.N.Y. 2016) ("[D]efendants' request for attorneys' fees under Rule 11 was made together with the motion to dismiss rather than as a separate motion, and for that reason alone it must be denied."); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (stating that "service of a separate motion for sanctions" is necessary to comply with Rule 11's safe harbor provision.)

Any reliance by Ms. Hirshowitz as to Rule 11(c)(3) is equally unavailing. Rule 11(c)(3) states that "[O]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Here, the Court's OSC does not make any mention of Rule 11(b). The authority cited for potential sanctions in the Court's OSC are "Fed. R. Civ. Proc. 16(f)" and "28 U.S.C § 1927 and/or the Court's inherent authority." Rule 11 is very clear on this, stating that "[T]he court must not impose a monetary sanction… on its own, unless it issued the show-cause order **under Rule 11(c)(3)**…" Fed. R. Civ. Proc. 11(c)(5)(B); *see also Rankin v. City of Niagara Falls*, 293 F.R.D. 375 (W.D.N.Y. 2013), aff'd sub nom. *Rankin v. City of Niagara Falls, Dep't of Pub. Works*, 569 F. App'x 25 (2d Cir. 2014) "[D]ue process and Fed. R. Civ. P. 11 require that "the subject of a sanctions motion be informed of: (1) **the source of authority for the sanctions being considered**; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense."

Ms. Hirshowitz clearly misused the Court's OSC, disobeyed the specific instructions therein as what her Response was limited to, and attempted to weaponize the OSC for her own financial gain while deliberately ignoring the procedures outlined by Rule 11. This is not only

the epitome of bad faith, but **it is also sanctionable conduct.** Counsel for Ms. Hirshowitz, through her Response, violated Rule 11(b)(1) through **"improper purpose,"** and Rule 11(b)(2) because her "claims and legal contentions are unsupported by existing law."

One has to wonder if the Court will take similar action against counsel for Ms. Hirshowitz for intentionally disregarding its order and submitting a frivolous, meritless, and procedurally deficient request for attorney's fees.

### 2. Ms. Hirshowitz Litigating Matters Outside The Scope of The OSC is Improper

The Response from Ms. Hirshowitz asks the Court to consider matters wholly unrelated to its OSC. The narrow set of issues identified by the Court in the OSC are related to Ms. Lindsay's caselaw citations. Despite this, Ms. Hirshowitz attempts to reach back and litigate communications between the parties and Ms. Lindsay's position on completely unrelated matters. Ms. Hirshowitz argues that "[E]ven in advance of the instant motion, counsel has made numerous prior incorrect representations in this case, regarding interactions with Ms. Hirshowitz's attorney, and the status of Ms. Hirshowitz's representation as of May 20, 2025…" (Dkt. 153, p. 6.) Counsel for Ms. Hirshowitz also uses a substantial portion of her Affirmation to argue circumstances surrounding her Motion to Dismiss. (Dkt 152, Sections A and B, ¶¶ 6-13.) None of the issues raised here by Counsel are included in the Court's OSC and it is fundamental law that "an attorney whom the court proposes to sanction must receive **specific notice of the conduct alleged** to be sanctionable and the standard by which that conduct will be assessed, *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000). Here, the "specific conduct alleged" in the Court's OSC is not related in any way to the parties' alleged communications surrounding Ms. Hirshowitz's Motion to Dismiss. The OSC explicitly puts Ms. Lindsay on

4

notice only as to "submitting memoranda of law to this Court that contain numerous non-existent or improper citations." (Dkt. 144).

Notwithstanding this fact, Counsel for Ms. Hirshowitz attempts to accuse Ms. Lindsay of making a false statement when she argued that "Ms. Hirshowitz failed to respond or obtain legal representation by the court-ordered deadline of May 22, 2025." (Dkt. 152, ¶ 8). However, the Court's entry on March 28, 2025, states that the deadline to respond to the Second Amended Complaint is May 22, 2025." (Dkt. 80). Ms. Hirshowitz is a named Defendant in the Second Amended complaint and was served on April 29, 2025. (Dkt. 89). Counsel for Ms. Hirshowitz did not file a Notice of Appearance until May 29, 2025, one-week after the Court's deadline for her response. (Dkt. 106). Counsel did not contact the Court until May 30. While Counsel for Ms. Hirshowitz argues that his email to Ms. Lindsay on May 20 put her on notice as to Ms. Hirshowitz's representation, that is irrelevant to Ms. Lindsay's position that Ms. Hirshowitz "failed to respond" to the Second Amended Complaint or make any meaningful contact with the Court until well after the deadline to do so had passed. Despite the May 20 email, without a formal appearance of counsel, a timely response, or any timely communication to the Court, Ms. Lindsay was absolutely entitled to argue, as she does in her letter, (Dkt. 109) that "[T]his delay is prejudicial to my client."

This argument from Counsel for Ms. Hirshowitz is not only irrelevant to the Court's OSC, but also a blatant attempt to mischaracterize Ms. Lindsay's legal positions and arguments. The same is true for Ms. Hirshowitz's argument that had Ms. Lindsay agreed "to a short adjournment," her motion to dismiss for improper service would not have been necessary, and therefore he is entitled to attorney's fees. (Dkt. 152, ¶¶ 30, 31). This conclusion is absurd, as it is premised on a false assumption that Ms. Lindsay is required to agree to an adjournment in the

first place. Perhaps if Counsel for Ms. Hirshowitz had appeared and responded in this matter pursuant to the Court's deadlines, Ms. Lindsay may have been more amendable to a "short adjournment."

What's more, since Ms. Hirshowitz chose to raise issues outside the scope of the OSC, it appears that their motion to dismiss was purposely filed for improper purposes and is knowingly meritless. Counsel states in his Affirmation that "[O]riginally, I had intended to move to dismiss on the merits…. Unfortunately, because Plaintiff's counsel appeared to have done an about-face and was refusing to accept Ms. Hirshowitz's papers as timely, I examined service of process more closely as a potential avenue for ensuring that the Court would accept her papers as timely filed." (Dkt. 152, ¶ 10). This is nothing short of an express admission that Counsel for Ms. Hirshowitz only filed a motion to dismiss pursuant to Rule 12(b)(5) as a means of "ensuring that the Court would accept her papers as timely filed," and not because he believed it was meritorious. This fact is confirmed by the very next statement, where Counsel further admits that "[T]he goal of this motion was and remains to ultimately seek dismissal on the merits…" Here, Counsel states that the goal of his motion to dismiss for lack of proper service was merely a placeholder for filing a motion to dismiss on the merits. That is flatly improper.

### 3. The Response Fails to Acknowledge the Standard for Sanctions Pursuant to 28 U.S.C § 1927 and The Court's Inherent Authority

28 U.S.C. § 1927 requires a finding that counsel "so multiplies the proceedings in any case unreasonably and vexatiously." The Second Circuit has interpreted this to require "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Jones v Combs*, 759 F Supp 3d 534, 539 (SDNY 2024) (quoting *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)).

"A federal court may [also] exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)). The standard for imposing sanctions pursuant to the Court's inherent power is the same as that under Section 1927: "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Jones v Combs*, 759 F Supp 3d 534, 539 (SDNY 2024).

Rather than address the foregoing standards, Ms. Hirshowitz devotes her entire memorandum to caselaw surrounding sanctions pursuant to **Rule 11**. In *Benjamin v. Costco Wholesale Corp.*, 766 F. Supp. 3d 419 (E.D.N.Y. 2025), the Court explicitly put counsel on notice that through the OSC that it was considering sanctions pursuant to **Rule 11**. That was not the case here. In *Galin v. Hamada*, 283 F. Supp. 3d 189 (S.D.N.Y. 2017), *aff'd,* 753 F. App'x 3 (2d Cir. 2018), it was opposing counsel who filed a **Rule 11** motion for sanctions related to discovery. The case *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023), cited numerous times by Ms. Hirshowitz, only refers to sanctions pursuant to **Rule 11**. The same is true for *Park v. Kim,* 91 F.4th 610, 614 (2d Cir. 2024), *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104 (2d Cir. 2013), and *In re Gushlak*, No. 11-MC-218 NGG, 2012 WL 2564523 (E.D.N.Y. July 2, 2012). In the case of *Lacey v. State Farm Gen. Ins. Co.*, No. CV 24-5205 FMO (MAAX), 2025 WL 1363069 (C.D. Cal. May 5, 2025), the Court's sua sponte OSC noticed the party that it was considering sanctions pursuant to **Rule 11**.

Here, the OSC makes no mention of Rule 11, and Ms. Hirshowitz did not submit a Motion under Rule 11 "made separately from any other motion." Therefore, each argument made and case cited to by Ms. Hirshowitz in support of Rule 11 sanctions is irrelevant.

Furthermore, sanctions here are inappropriate under both Federal Rule 16(f) and 28 U.S.C. § 1927. Rule 16(f) states, in pertinent part, "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). *Carter v. Jablonsky*, 121 F. App'x 888, 888–89 (2d Cir. 2005). Rule 16(f) has no application to the issues raised in the Court's OSC. Sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority require a look at the totality of the motion to determine if there is "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Jones v Combs*, 759 F Supp 3d 534, 539 (SDNY 2024). "A federal court may [also] 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023).

Ms. Lindsay's claims were not "entirely meritless," not did she act with any "improper purpose." Ms. Lindsay has admitted that she miscited cases and committed citation errors in her memorandum; and she has taken steps to ensure that such errors are not repeated. However, her claims were absolutely meritorious, even with the mistakes made, and she has not "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

### 4. Use of Lexis Nexis and the Role of Technology in Legal Research

To address the suggestion that counsel relied on artificial intelligence to generate case law citations, it is important to clarify the research process employed. Ms. Lindsay routinely utilizes Lexis Nexis, a reputable legal research platform widely used in the profession, which incorporates advanced search algorithms and AI-driven features to assist attorneys in identifying

relevant authorities. These features are designed to streamline research and improve efficiency, but they are not infallible.

The cases at issue in the Court's Order to Show Cause, and those identified in Ms. Lindsay's response, may very well have been generated by the Lexis Nexis software during the research phase. While every effort is made to manually review and verify each citation before submission, the volume and complexity of legal research, especially under tight deadlines, can occasionally result in inadvertent oversight. In this instance, it appears that the incorrect citations were not caught prior to filing, despite Ms. Lindsay's established process for cross-checking and reviewing authorities.

Ms. Lindsay did not intentionally submit non-existent or improper citations, nor did she delegate research or drafting responsibilities to any automated system without oversight. Rather, any errors were the result of an innocent oversight in the review process, compounded by reliance on technology that, while generally reliable, is not immune to error. Upon learning of the citation issues, Ms. Lindsay has taken steps to further strengthen her review protocols to ensure accuracy going forward.

## CONCLUSION

Ms. Lindsay has not engaged in conduct warranting sanctions, and Rule 11 does not apply here, as the procedural requirements for a Rule 11 motion have not been met and the Court's Order to Show Cause does not reference Rule 11 as a source of authority. Accordingly, the request for attorney's fees must be denied. Further, Ms. Lindsay's has acknowledged and addressed any citation errors and at no point acted in bad faith or with improper purpose and sanctions should be deemed unnecessary.

Dated: August 19, 2025

*Tricia Lindsay*
TRICIA S. LINDSAY, ESQ.
Attorney for Plaintiff
Law Offices of
Tricia S. Lindsay, P.C.
531 E. Lincoln Avenue, Suite 5B
Mount Vernon, New York 10552
Tel: (347) 386-4604; (347) 349-5433
TriciaLindsayLaw@gmail.com
Attorney@TriciaLindsayLaw.com