UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAI MALENA JIMENEZ-FOGARTY,

    Plaintiff,

v.

THOMAS FOGARTY et al.,

    Defendants.

Case No.: 24-cv-08705 (JLR)(GWG)

**ATTORNEY LINDSAY'S MEMORANDUM IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (*Dkt. No. 157*)**

    This memorandum is in response to the Order dated September 11, 2025, where the Court stated that it would now be considering sanctions against Ms. Lindsay pursuant to Federal Rule of Civil Procedure 11 (specifically, Rule 11(c)(3)).

    Based on the below memorandum, *sua sponte* sanctions under Rule 11 would also be improper and without legal basis under the circumstances outlined in the Court's Order to Show Cause.

**I. Legal Standard for Sanctions Under Rule 11**

    Sanctions may not be imposed by the Court pursuant to Rule 11 unless the Court determines, amongst other factors, that a violation of Rule 11(b) has occurred. Rule 11(b) contains four (4) subsections outlining the conduct which is sanctionable. In this case, to warrant sanctions, the Court must determine that Ms. Lindsay's memoranda of law (Dkt Nos. 122 & 123) qualify as one of the following:

        (1) They were presented for an improper purpose, such as to harass, delay, or needlessly increase the cost of litigation;

>(2) That the claims, defenses, and other legal contentions were not warranted by existing law;
>
>(3) That the factual contentions had no evidentiary support, or;
>
>(4) That the denials of factual contentions were unwarranted by the evidence.

Rule 11(b)(3) states that "the court may order an attorney, law firm, or party to show cause why conduct *specifically described in the order* has not violated Rule 11(b)."

Second Circuit case precedent holds that "Rule 11 contemplates that "ordinarily" opposing counsel will initiate sanctions proceedings. (Advisory Committee notes to the 1993 amendments). In those situations, opposing counsel must serve a notice of the sanctions claim on the accused attorney 21 days before moving for sanctions **to give an opportunity to correct the asserted misconduct**. (Fed.R.Civ.P. 11(c)(2)). Rule 11 also gives the court the power to initiate sanctions proceedings *sua sponte.* (Fed.R.Civ.P. 11(c)(3)). In these rarer cases, however, the 21–day safe harbor does not apply, and the court may impose sanctions without providing opportunity to withdraw the misstatement. *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013).

In discussing this Rule, the Court in *Muhammad* also noted the "heightened" standard for sanctions under Rule 11 when the Court imposes them *sua sponte*, reasoning "that the power of the court under Rule 11 to issue sanctions *sua sponte* without affording the offender the opportunity to withdraw the challenged document in the manner provided in the "safe harbor" provision of Rule11(c)(1)(A), is akin to the court's inherent power of contempt," and that "like contempt, *sua sponte* sanctions in those circumstances should issue only upon a finding of subjective bad faith." *Id.*

This heightened standard is justified where, as here, "the court simultaneously acts as accuser, fact finder, and sentencing judge." *Mackler Prods., Inc. v. Cohen,* 146 F.3d 126, 128 (2d Cir.1998).

## II. Argument

The conduct *specifically described in the Court's order* is as follows:

> "**Accordingly, Tricia S. Lindsay, Esq., is hereby ORDERED TO SHOW CAUSE why she should not be sanctioned pursuant to Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, and/or the inherent powers of the Court for submitting memoranda of law to this Court that contain numerous non-existent or improper citations**."

Whereby, Ms. Lindsay, in accordance with the Court's amended order at Docket No. 157, is now required to show why Rule 11 does not apply to the conduct of "submitting memoranda of law to this Court that contain numerous non-existent or improper citations."

First, Ms. Lindsay extensively explained in her previous response to the order to show cause her drafting process and her good faith efforts to ensure accuracy in her legal filings (Dkt. 149 pp. 4-5). Ms. Lindsay also provided the Court a thorough explanation for the errors that were found in her memoranda of law which were the subject of the order to show cause (Dkt. 149 pp. 6-8).

Most importantly, there is a complete absence of "subjective bad faith" on the part of Ms. Lindsay. As stated in her response, the citation errors at issue were not the result of any intent to mislead the Court or opposing counsel, nor do they reflect a pattern of disregard for professional obligations. Rather, they were isolated and inadvertent mistakes that occurred despite good faith efforts to ensure accuracy. The errors were promptly acknowledged and addressed once brought to Ms. Lindsay's attention, and corrective measures have been implemented to prevent recurrence.

In Ms. Lindsay's Reply regarding the order to show cause (Dkt. 154), she further addresses the suggestion that she relied on artificial intelligence to generate case law citations, noting that she routinely utilizes Lexis Nexis, which incorporates advanced search algorithms and AI-driven features to assist attorneys in identifying relevant authorities. Ms. Lindsay explains that she did not intentionally submit non-existent or improper citations, nor did she delegate research or drafting responsibilities to any automated system without oversight. The citation errors acknowledged by Ms. Lindsay were the result of an innocent oversight in the review process, compounded by reliance on technology that is not immune to error. Upon learning of the citation issues, Ms. Lindsay has taken steps to further strengthen her review protocols to ensure accuracy going forward.

Pursuant to *Muhammad v. Walmart*, a showing of "subjective bad faith" is required in order to sanction Ms. Lindsay under the Court's inherent authority. Additionally, it must be determined that Ms. Lindsay's memoranda violated one of the four subsections of Rule 11(b). None of the foregoing apply here. The memoranda at issue were objectively not "presented for an improper purpose," as they were in response to a motion, the "claims, defenses, and other legal contentions" contained within the memoranda, when taken as a whole, are supported by existing law, despite the incorrect citations at issue, and there are no "factual contentions" raised as issues in the court's order to show cause.

It is a fundamental principal that "[A] court must, of course, exercise caution in invoking its inherent power…" *S.E.C. v. Smith*, 798 F. Supp. 2d 412, 421 (N.D.N.Y. 2011), *aff'd in part, dismissed in part,* 710 F.3d 87 (2d Cir. 2013). The foregoing case is instructive here in many ways.

*S.E.C. v. Smith* further explains that "[B]ecause of the potency of the court's inherent power, courts must take pains to exercise restraint and discretion when wielding it. Accordingly,

4

this court has required a finding of bad faith for the imposition of sanctions under the inherent power doctrine." Citing to *LeGrande v. Adecco,* 233 F.R.D. 253, 257–58 (N.D.N.Y.2005), the Court in *S.E.C. v. Smith* also reiterated that "when a court considers imposing sanctions, it should do so with restraint and only when a party acts in **bad faith, vexatiously, wantonly or for oppressive reasons**." (Emphasis added). None of which is present here.

Finally, "[T]o impose sanctions under the Court's inherent authority, there must exist **clear and convincing evidence** that an individual's conduct was not merely negligent but was undertaken with subjective bad faith." *S.E.C. v. Smith*, 798 F. Supp. 2d 412, 422 (N.D.N.Y. 2011), *aff'd in part, dismissed in part,* 710 F.3d 87 (2d Cir. 2013); (quoting *Schlaifer Nance & Co., Inc. v. Estate of Warhol,* 194 F.3d 323, 338 (2d Cir.1999); *Podany v. Stephens,* 318 F.Supp.2d 146, 154 (S.D.N.Y.2004) (emphasis added).

There is absolutely no "clear and convincing evidence" that Ms. Lindsay's conduct as alleged in the order to show cause "was undertaken with subjective bad-faith," as "[S]ubjective bad faith requires proof of deliberate fraud or wrongdoing." *S.E.C. v. Smith*, 798 F. Supp. 2d 412, 424 (N.D.N.Y. 2011), *aff'd in part, dismissed in part,* 710 F.3d 87 (2d Cir. 2013).

### III. Conclusion

For the Court to impose sanctions *sua sponte* in this instance, it must find that Ms. Lindsay's memoranda of law (1) violated one of the prongs of Rule 11(b), (2) that the incorrect legal citations were submitted with subjective bad faith, vexatiously, wantonly or for oppressive reasons, with proof of deliberate fraud or wrongdoing, and (3) that clear and convincing evidence of bad faith exists.

The Court should find that none of these factors are present here, let alone all three, and decline to impose sanctions *sua sponte.*

Dated: September 17, 2025
      Mount Vernon, NY

                                        Respectfully submitted,

                                        *Tricia Lindsay*
                                        TRICIA S. LINDSAY
                                        531 E. Lincoln Ave Ste 5B
                                        Mount Vernon, NY 10552
                                        Ph. (347) 386-4604;(914) 668-4908
                                             (347) 349-5433
                                        Fax. (914) 840-1196
                                        Email:  tricialindsaylaw@gmail.com
                                                  attorney@tricialindsaylaw.com