UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

| | |
|---|---|
| SAI MALENA JIMENEZ-FOGARTY, | **MEMORANDUM OF LAW IN REPLY AND SUPPORT OF ORDER REGARDING SANCTIONING OF PLAINTIFF'S COUNSEL PURSUANT TO RULE 11** |
| Plaintiff(s), | |
| -against- | |
| THOMAS FOGARTY, et al., | Case No.: |
| Defendant(s). | 24 Civ. 08705 (JLR) (GWG) |

───────────────────────────────

### PRELIMINARY STATEMENT

Defendant Emily Hirshowitz ("Ms. Hirshowitz") respectfully submits this Reply Memorandum in support of the Court's Order to Show Cause dated September 11, 2025 (ECF Doc. No. 157) with respect to sanctions against Counsel for Plaintiff SAI MALENA JIMENEZ-FOGARTY ("Plaintiff").

### RELEVANT PROCEDURAL HISTORY

The relevant procedural history in this matter is set forth at length in the previously-filed Affirmation in Reply and Support (see ECF Doc. No. 152). Briefly, Plaintiff's counsel engaged in a pattern of conduct which culminated in the filing of AI-generated, 'hallucinated' legal authorities in opposition papers and—when challenged—continuing apparent omission of any substantive details as to how the filing of 'hallucinated' authorities occurred.

The Court issued an Amended Order to Show Cause requiring detailed and specific explanations from Plaintiff's Counsel for nonexistent citations (ECF Doc. No. 144).

Rather than complying, Plaintiff's Counsel issued a generalized, blanket response revealing further bad faith. In her belated submission, she failed to acknowledge her well-established use of AI, providing generic and generalized explanations for her erroneous citations.

The undersigned filed reply papers asserting that Plaintiff's Counsel had violated Rule 11 of the Federal Rules of Civil Procedure by submitting the hallucinated case law (see ECF Doc. No. 153). It was only after that filing that Plaintiff's Counsel conceded that she might have used "Lexis Nexis" AI systems, and that the hallucinated citations "may very well have been generated by the Lexis Nexis software during the research phase" (ECF Doc. No. 154 at page 8-9). While claiming that she "did not intentionally submit non-existent or improper citations, nor did she delegate research or drafting responsibilities to any automated system without oversight," Counsel asserted in the same sentence that "any errors were the result of an innocent oversight in the review process, compounded by reliance on technology that, while generally reliable, is not immune to error" (ECF Doc. No. 154 at pages 8-9). Her vague responses failed to supply any detail whatsoever regarding how this "innocent oversight" that she "did not intentionally . . . delegate to any automated system without oversight" had happened. She further claimed that the Court had not ordered her to respond in its Order as to how she had violated Rule 11, and accused the undersigned of "Litigating Matters Outside the Scope of The OSC" (see ECF Doc. No. 154 at pages 2-4).

This Court responded on September 11, 2025, issuing an Order, indicating that it would consider whether, in addition to the bases for sanctions listed in Docket No. 144, Plaintiff's Counsel's conduct "violated Rule 11 of the Federal Rules of Civil Procedure" (ECF Doc. No. 157). The Court's Order permitted any party to respond within 7 days after September 19, 2025 (ECF Doc. No. 157). This response is issued pursuant to that Order.

## ARGUMENT

## POINT I

## SANCTIONS REMAIN WARRANTED

Ms. Hirshowitz maintains the previously-cited case law referenced in her Memorandum in Reply and Support, which is incorporated here by reference (see ECF Doc. No. 153).

Despite now having repeated opportunities to rescind the erroneously-cited case law, Counsel for Plaintiff has not actually done so. Her matrix of "Inaccurate Case Citations"—which she has not amended or rescinded—reflects that the "Nature of Inaccuracy" for "*Bank of Am., N.A. v. Gruff*, 131 AD3d 1185 (2d Dept. 2015)" and "*Cornhill LLC v. Sowers*, 183 A.D.3d 649 (2d Dept. 2020)" are that, for each such case, the "[c]ase number exists" with the "incorrect case name" (see ECF Doc. No. 149 at page 14).

Notably absent from Plaintiff's Counsel's papers is any reference to either above-referenced "hallucinated" case, much less whether either discusses issues that are actually relevant to service of process. Plaintiff's Counsel could have made this representation. She knows how. She did so with respect to "*T.E. v. Pine Bush Cent. Sch. Dist.*," where she indicated unequivocally: "**Miscited. Correct citation is:** *T.E. v Pine Bush Cent. Sch. Dist.*, 58 F Supp 3d 332 [SDNY 2014]. However, this case discusses issues that were not relevant to service of process" (ECF Doc. No. 149 at page 14) (emphasis in original). Certainly, the undersigned pointed out that the "*Bank of Am., N.A. v. Gruff*" and "*Cornhill LLC v. Sowers*" cases are inaccurate. Their citations reference cases with other names, neither of which actually concerns service of process (see ECF Doc. No. 152 at page 4). Despite noting that the most recent Order may trigger her duty to correct prior representations pursuant to Rule 11 (b), Counsel has not corrected her errors—much less properly detailed how she made them—pursuant to this Court's Orders (compare ECF Doc. Nos. 144 and 157 with ECF Doc. Nos. 154 and 159).

3

Instead, Counsel for Plaintiff has still not properly corrected her glaring errors, much less admitted that *Bank of Am., N.A. v. Gruff*" and "*Cornhill LLC v. Sowers*" discuss issues that were not relevant to service of process, as she did with "*T.E. v. Pine Bush Cent. Sch. Dist.*" (see ECF Doc. Nos. 154, 159). She still does not mention either hallucinated case in her responsive papers to the Court's last two Orders (see ECF Doc. Nos. 154, 159). She has had many opportunities to rescind or correct her error. Under the standard set by prior decisions (real ones), she still has not managed to do so. Thus, she remains in violation of Rule 11 (b). If sanctions were not permitted before, they are now.

Perhaps one might ask why any of this motion practice matters. The use of "hallucinated" cases could easily self-generate a new state of normalcy, if courts choose complacency.[1] But history dissents from that position. Justice Black, facing a case involving the fabrication of a bogus trade journal article from 1926 (well before fabrication of authorities, yet not before the invention of that fabrication, itself), has the answer:

> [T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society.

Hazel-Atlas Glass Co. v. Harford-Empire Co., 322 U.S. 238, 246 (1944).

We as jurists now face a society where truth and precedent are far easier to fabricate than they have ever been. The bedrock of our common law comes not from enacted legislation, but from the decisions—rightly or wrongly decided—that our predecessors made, pored over, reviewed, revised, and remade. But they did so by first acknowledging the truth of what decisions

---

[1] See, e.g., Perez v. Evans, No. 24-CV-356 (VSB) (SN), 2025 U.S. Dist. LEXIS 188902, *12 n 2 (S.D.N.Y. Sep. 25, 2025) ("It is possible that Plaintiff's brief contains other 'hallucinated' citations. Due to its substantial length and the fact that I find the objections without merit, I have not expended the time to verify each citation in the brief").

courts had rendered before. Guarding against continued attempts at fabrication requires that we insist on holding our profession to the proper standards—under Rule 11 or otherwise.

## CONCLUSION

For the reasons set forth above, it is maintained that Plaintiff's Counsel should be sanctioned (pursuant to Rule 11 or otherwise), and should—at a minimum—receive a fine and be required to pay a relevant portion of Ms. Hirshowitz's attorneys' fees and costs associated with the motion to dismiss.

_____
Jacob B. Sher, Esq.
Hinman, Howard & Kattell LLP
*Counsel for Defendant Emily Hirshowitz*
1025 Westchester Avenue, Suite 301
White Plains, New York 10604
(914) 694-4102
jsher@hhk.com

CC:   *All counsel of record via ECF*

5