UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SAI MALENA JIMENEZ-FOGARTY                    :

                                              :        ORDER
                    Plaintiff,
                                              :        24 Civ. 8705 (JLR) (GWG)

     -v.-                                      :

                                              :

THOMAS FOGARTY et al.,                         :

                                              :

                    Defendants.               :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

        With regard to plaintiff's application to strike the document at Docket # 166 filed by
defendant Emily Hirshowitz, see Docket # 169, it is unclear what is the purpose of this
document, which is styled as a "notice." The document states that it is giving notice of an
"intent" to file a motion under Fed. R. Civ. P. 11(c)(2).  But Rule 11(c)(2) contemplates only that
a complete motion will be served on the offending party.  To the extent the document is
something other than that complete motion, the Court agrees that Docket # 166 should be struck
since Rule 11 does not contemplate the filing of a notice of an "intent" to file a Rule 11 motion.

        To the extent Docket # 166 is the complete Rule 11 motion or otherwise intended to
fulfill the requirements of Rule 11(c)(2), it still should be struck.  Rule 11(c)(2) contemplates
that the motion will be "served" on the offending party, not filed.  While defendant correctly
notes that Fed. R. Civ. P 5(b)(2)(E) allows service of papers on a party generally by means of the
ECF system, see Docket # 170 at 4-5, that particular method of service logically should not be
used for papers that are not supposed to be filed.

        All this being said, we see some utility in a court being informed that a filing that the
court is expected to act on --- here, objections under Rule 72 --- is the subject of the Rule 11
process.  Knowing that the filing might be withdrawn within Rule 11's 21-day window might
cause the court to defer action on the filing and not unnecessarily consider it.  The better way to
inform the court, however, would be to file a brief letter informing the court of the planned
motion and the 21-day withdrawal period, and to do so without expounding on the basis for the
motion.[1]

---

[1] It is unnecessary to file such a letter at this time, however, as the planned motion is now
plain from the record.

Finally, the Court notes that defendant is incorrect that plaintiff's application to strike "ascribes quotations to case law that do not exist." Docket # 170 at 4. The quotations defendant points to are indeed contained in the decision cited by plaintiff: "2018 WL 11458925, at *3." <u>See</u> Docket # 169 at 3. Defendant apparently made the error because she looked for the quoted language in an entirely different decision in the same case that was filed on the same date: "308 F. Supp. 3d 628." <u>See</u> Docket # 170 at 4. But this decision was not cited by plaintiff. Obviously, defendant must be more careful in making accusations of this kind in the future. Inasmuch as defendant's request for sanctions is premised on this perceived violation, <u>see</u> Docket # 170 at 6-9, it is denied.

In sum, plaintiff's motion to strike (filed as Docket # 169) is granted. The Clerk shall strike Docket # 166 from the record.

Dated: October 30, 2025

New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge