

**THE LAW OFFICE OF**
**TRICIA S. LINDSAY**

Civil Rights
Labor Law
Criminal Defense
Family Law
Wills, Trusts, and Estate

November 14, 2025

<u>**VIA ECF**</u>

Hon. Judge Gabriel Gorenstein
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

**Re**:  *Jimenez-Fogarty v. Thomas Fogarty et al.*, No.: 1:24-cv-08705-JLR-GWG
Request for Nunc Pro Tunc Extension to File Amended Objections to
Report and Recommendation Pursuant to Fed. R. Civ. P. 6(b)(1)(B)

Dear Judge Gorenstein:

I represent the Plaintiff, Sai Malena Jimenez-Fogarty, in the above-referenced matter. I write respectfully to request a nunc pro tunc extension of one day, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), to file the amended version of Plaintiff's Objections to Your Honor's Report and Recommendation dated September 30, 2025 (ECF No. 163). This request is necessitated by unforeseen technical difficulties with internet service in counsel's area, which resulted in intermittent connectivity and prevented timely electronic filing through the ECF system on November 13, 2025. Counsel deeply regrets this oversight and extends sincere apologies to the Court for any inconvenience caused by this brief delay.

As Your Honor is aware, on November 12, 2025, counsel submitted a letter (ECF No. 172) notifying the Court of Plaintiff's withdrawal of certain arguments and citations from the original Objections (ECF No. 164) in full compliance with the safe harbor provision of Federal Rule of Civil Procedure 11(c)(2). Attached to that letter were: (1) a redlined version of the Objections, clearly delineating the withdrawn content; and (2) a clean, amended version reflecting only the remaining, fully supported arguments. Your Honor's Memorandum Endorsement of the same date (ECF No. 173) graciously granted the implicit request to deem ECF No. 164 withdrawn and directed that any new objections be filed directly through the ECF system on or before November 13, 2025, while expressly noting that the Order should not be construed as a ruling on timeliness.

Counsel fully intended to comply with this directive by filing the amended Objections as a standalone document via ECF on November 13, 2025.

However, due to unexpected and intermittent internet outages in counsel's geographic area attributable to regional service disruptions beyond counsel's control, the electronic filing could not be completed on that date. These technical issues were unforeseeable and resolved only this morning, allowing for prompt action today.

The delay is minimal, spanning only one day, and poses no prejudice to the Defendants or the judicial proceedings, as the substantive content of the amended Objections was already provided to the Court and all parties via the attachments to ECF No. 172 on November 12, 2025. Indeed, the Court and opposing counsel are already in possession of the amended document, which promotes judicial efficiency and avoids any surprise or undue burden.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), the Court may, for good cause, extend the time to act after the specified period has expired "if the party failed to act because of excusable neglect." The Supreme Court has interpreted "excusable neglect" broadly, emphasizing a flexible, equitable standard that considers all relevant circumstances, including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); see also *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (applying *Pioneer* factors and noting that excusable neglect is an "elastic concept" not limited to circumstances beyond the movant's control).

Applying these factors here weighs strongly in favor of granting the requested extension. First, there is no prejudice to Defendants, as they have had access to the amended Objections since November 12, 2025, and the one-day delay does not affect their ability to respond or the overall case schedule. Second, the delay is de minimis—one business day—and will not disrupt the proceedings, particularly given the Court's prior familiarity with the content. Third, the reason for the delay was a genuine technical issue with internet service, which was not within counsel's control and was addressed as expeditiously as possible. Fourth, counsel has acted in good faith throughout, as evidenced by the prompt submission of the November 12 letter and attachments, the diligent review and withdrawal under Rule 11, and this immediate request upon resolution of the issue. See, e.g., *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (affirming extension where delay was short and excusable).

In light of these considerations, counsel respectfully requests that the Court grant a nunc pro tunc extension to deem the amended Objections filed as of November 13, 2025, or, in the alternative, permit their filing today as a standalone ECF entry.

This relief aligns with the remedial purpose of Rule 6(b) and the Second Circuit's preference for resolving matters on the merits rather than on procedural technicalities. See *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (emphasizing that defaults are not favored, particularly when there is no prejudice to the opposing party and the "opposition papers were filed only a day or so late"). Counsel stands ready to file the amended Objections immediately upon the Court's approval and appreciates Your Honor's understanding in this matter.

We thank the Court for its kind consideration and continued attention to this case.

                                        Respectfully,

                                        /s/ *Tricia S. Lindsay*
                                        Tricia S. Lindsay
                                        Attorney for Plaintiff