UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAI MALENA JIMENEZ-FOGARTY                    :

                                             :          ORDER TO SHOW CAUSE

                           Plaintiff,         :
                                             :          24 Civ. 8705 (JLR) (GWG)

             -v.-                             :

                                             :

THOMAS FOGARTY et al.,                        :

                                             :

                           Defendants.        :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Plaintiff's letter of December 11, 2025, discloses for the first time that plaintiff filed for Chapter 7 bankruptcy in April 2025.  See Docket # 179, at 1-2.  The failure to disclose was improper given that the filing of a bankruptcy action under 11 U.S.C. § 301 creates a bankruptcy estate which includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  See 11 U.S.C.§ 541(a)(1).  Thus, a debtor's causes of action vest in the bankruptcy estate, and the trustee of the estate has "exclusive standing" to assert causes of action belonging to the estate."  In re Port Morris Tile & Marble LP, 645 B.R. 500, 512 (Bankr. S.D.N.Y. 2022) (citation omitted).  As a result, it is "well settled that the trustee is the proper or real party in interest to prosecute prepetition causes of action."  Hopkins v. Foothill Mountain, Inc. (In re Hopkins), 346 B.R. 294, 304 (Bankr. E.D.N.Y. 2006) (collecting cases); see also Bailey v. Household Fin. Corp. III (In re Bailey), 306 B.R. 391, 394 (Bankr. D.D.C. 2004) ("[U]nder the Bankruptcy Code, a debtor in a [C]hapter 7 case under the Bankruptcy Code violates § 362(a)(3) when she continues prosecution of litigation initiated prepetition, or when she commences litigation postpetition of a prepetition claim, if the claim pursued is property of the estate.").

      Further, the Bankruptcy Code automatically stays any litigation pursued by a debtor, rather than by a trustee.  As one court recently explained:

      Under § 362(a) of the Bankruptcy Code, with exceptions inapplicable here, a
      bankruptcy petition "operates as a stay, applicable to all entities, of . . . (3) any act
      . . . to exercise control over property of the estate[.]" 11 U.S.C. § 362(a). Property
      of the estate "includes causes of action belonging to the debtor at the time the case
      is commenced." 5 Collier on Bankruptcy ¶ 541.07.

In re Sakon, 2024 WL 3944897, at *4 (Bankr. D. Conn. Aug. 26, 2024).

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE why this action should not be stayed pending the appearance of the trustee in this lawsuit, the issuance of an order containing direction from the Bankruptcy Court with regard to the pursuit of this lawsuit, or the conclusion of her bankruptcy proceeding.  Such showing shall be made by December 19, 2025. (Any other party is free to address the issue as well.)

Dated:  December 12, 2025
        New York, New York


_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2