

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

December 12, 2025

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Jimenez-Fogarty v. Fogarty et al¸* No. 24 Civ. 8705 (JLR) (GWG)

Dear Judge Rochon:

      The Office of the Attorney General (this "Office") represents defendants the Hon. Thomas Zugibe, Justice of the Supreme Court, State of New York, Rockland County, and the Hon. Sherri Eisenpress, Justice of the Supreme Court, State of New York, Orange County (the "State Judicial Defendants") in the above-referenced action (the "Action") brought by Plaintiff Sai Malena Jimenez-Fogarty ("Plaintiff."). I write in opposition to Ms. Jimenez-Fogarty's December 11, 2025 letter (ECF No. 179, the "Letter") seeking a conference with respect to her request for the Court's intervention regarding various judicial decisions allegedly made by Justice Zugibe while presiding over the underlying New York State matrimonial action (the "State Matrimonial Action"). Specifically, Ms. Jimenez-Fogarty complains of the following alleged judicial acts by Justice Zugibe, which she alleges are retaliatory:

1) Not granting Ms. Jimenez-Fogarty's requests to intervene to stop co-Defendant Thomas Fogarty from restricting Ms. Jimenez-Fogarty's supervised visitation time with her minor children to 2 hours per week in purported violation of a court order (Letter at 2);
2) Not granting Ms. Jimenez-Fogarty's requests to stop Mr. Fogarty's alleged denial of her supervised in-person and telephonic time with the children for prolonged periods of time (*Id.* at 2);
3) Not recusing himself from presiding over the State Matrimonial Action at her request (*Id.* at 3);
4) Awarding full custody of the children to Mr. Fogarty on February 28 ,2025, allegedly without letting Ms. Jimenez-Fogarty present evidence (*Id.*);
5) Changing the title of the custody award from a "custody decision" to a "custody order" (*Id.*);
6) Removing Ms. Jimenez-Fogarty's Christmas Day access to the children and not awarding her extra time over the summer (*Id.*); and
7) Ordering her to have supervised visitation without an initial evidentiary hearing or annual reviews, causing her financial hardship (*Id.* at 3-4).

The Hon. Jennifer L. Rochon                                                                                           Page 2 of 2
December 12, 2025

     Ms. Jimenez-Fogarty's allegations implicate the factual basis and procedural history of the State Matrimonial Action, which is subject to a gag order with respect to information pertaining to the minor children. Without disclosing confidential material, the Court should be aware that the alleged events involve Ms. Jimenez-Fogarty's repeated defaults and absences in the State Matrimonial Action and her difficulties in working with supervisors for her visitation.

     Further, Ms. Jimenez-Fogarty's requested federal intervention into the State Matrimonial Action is barred by Eleventh Amendment sovereign immunity, the *Younger* and domestic relations abstention doctrines, and judicial immunity. Claims against the State Judicial Defendants in their official capacities are barred by Eleventh Amendment sovereign immunity. *Ippolito v. Meisel*, 958 F. Supp. 155, 160 (S.D.N.Y. 1997). Ms. Jimenez-Fogarty's request also would interfere with the New York State court's ability to perform its judicial function in the State Matrimonial Action, in contravention of the *Younger* abstention doctrine. *Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cty.*, 805 F. 3d 425, 427-428 (2d Cir. 2015). The domestic relations abstention doctrine also bars Ms. Jimenez-Fogarty's request, because pursuant to that doctrine, federal courts abstain from exercising jurisdiction under the where a complaint implicates child custody, matrimonial or other family matters being litigated in a State court. *Deem v. DiMella-Deem*, 941 F.3d 618, 623-624 (2d Cir. 2019). Finally, the State Judicial Defendants, in both their individual and official capacities, have absolute immunity from suits for judicial decisions. *Libertarian Party of Erie County v. Cuomo et al.*, 970 F. 3d 106, 125 (2d Cir. 2020) (individual capacity) (abrogated on other grounds by *N.Y.S. Rifle & Pistol Assoc., Inc., et al. v. Bruen, et al.*, 597 U.S. 1 (2022)); *DiPasquale v. Milin*, 303 F. Supp. 2d 430, 431 (S.D.N.Y. 2004) (official capacity). This includes immunity from damages suits, immunity from suits for injunctive relief under Section 1983, unless a declaratory decree was violated or declaratory relief was unavailable, and immunity from suits for retrospective declaratory relief. *See, e.g., Bliven v. Hunt*, 579 F. 3d 204, 209 (2d Cir. 2009). Here, Ms. Jimenez-Fogarty complains of judicial acts made by Justice Zugibe while presiding over the State Matrimonial Action, including his custody, evidentiary, and recusal decisions, for which he is immune. *See, e.g., Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 714 (2d Cir. 2011) (a judge's decision to recuse or not to recuse is a judicial act protected by judicial immunity).

     Accordingly, Ms. Jimenez-Fogarty's request for a conference should be denied in its entirety.

                                                    Respectfully submitted,

                                                    /s/ Anjali Bhat_____
                                                    ANJALI BHAT
                                                    Assistant Attorney General
                                                    212-416-8632
                                                    Anjali.Bhat@ag.ny.gov