```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SAI MALENA JIMENEZ-FOGARTY               :
                                         :    MEMORANDUM ORDER
                    Plaintiff,           :
                                         :    24 Civ. 8705 (JLR) (GWG)
        -v.-                             :
                                         :
THOMAS FOGARTY et al.,                   :
                                         :
                    Defendants.          :
-----------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

After plaintiff disclosed that she had filed for bankruptcy, the Court ordered plaintiff to show cause why this action should not be stayed "pending the appearance of the trustee in this lawsuit, the issuance of an order containing direction from the Bankruptcy Court with regard to the pursuit of this lawsuit, or the conclusion of her bankruptcy proceeding." Order to Show Cause, dated Dec. 12, 2025 (Docket # 180) ("OSC"), at 2. The Court is in receipt of plaintiff's response. See Plaintiff's Response to the Court's Order to Show Cause, filed Dec. 30, 2025 (Docket # 189) ("Resp."). Other parties were invited to address the issue of a stay if they wished (see OSC at 2), but none chose to do so.

For the reasons stated below, the Court hereby stays this action.

Plaintiff filed a Chapter 7 petition in bankruptcy on April 17, 2025. See Official Form 101, filed Apr. 17, 2025 (Docket # 1 in No. 25-22329 (Bankr. S.D.N.Y. Apr. 17, 2025)). As In re Hopkins, 346 B.R. 294 (Bankr. E.D.N.Y. 2006) explains:

> The act of filing a petition for relief under the Bankruptcy Code
> commences a bankruptcy case and creates an estate in bankruptcy. See 11 U.S.C.

>§§ 301 and 541. Upon commencement of the case, a debtor's interests in property vest in the bankruptcy estate, and the debtor surrenders the right to control estate property. Property of the estate falls under the exclusive jurisdiction of the bankruptcy court. See 28 U.S.C. § 1334(e). Since property of the estate is now in custodia legis, it is administered exclusively by a specifically designated fiduciary, a trustee. See, e.g., 11 U.S.C. §§ 323(a), 363 and 704. All rights held by a debtor in the property are extinguished, unless the property is exempted from the estate under 11 U.S.C. § 522 or abandoned back to the debtor under 11 U.S.C. § 554. . . .
>
>Property of the estate in the bankruptcy context is broad. See United States v. Whiting Pools, Inc., 462 U.S. 198, 204-5 . . . (1983). The estate is comprised "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). And, the reference to "all" in § 541(a)(1) means all tangible or intangible interests. . . . Accordingly, it is well settled that prepetition causes of action are assets included within the meaning of property of the estate. . . .
>
>As property of the bankruptcy estate, a trustee has the duty to administer a prepetition cause of action, if he so chooses. He is the representative of the estate (11 U.S.C. § 323(a)) and has the capacity to sue on behalf of the estate (11 U.S.C. § 323(b)). Accordingly, it is also well settled that the trustee is the proper or real party in interest to prosecute prepetition causes of action. . . . Moreover, courts have consistently held that only the trustee and not a debtor has standing to pursue causes of action that belong to the bankruptcy estate.

In re Hopkins, 346 B.R. at 303-04. Thus, "[w]hen [plaintiff] filed for bankruptcy protection, [s]he lost standing to prosecute the instant causes of action." In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig., 375 B.R. 719, 725 (S.D.N.Y. 2007); accord Beach-Mathura v. City of New York, 2025 WL 2997281, at *2 (E.D.N.Y. Oct. 24, 2025).

Further, as explained in the Court's order to show cause, "[u]nder § 362(a) of the Bankruptcy Code, with exceptions inapplicable here, a bankruptcy petition 'operates as a stay, applicable to all entities, of . . . (3) any act . . . to exercise control over property of the estate[.]'" OSC at 1 (quoting In re Sakon, 2024 WL 3944897, at *4 (Bankr. D. Conn. Aug. 26, 2024)). And "a debtor . . . violates § 362(a)(3) when she continues prosecution of litigation initiated prepetition, or when she commences litigation postpetition of a prepetition claim, if the claim

2

pursued is property of the estate." Id. (quoting In re Bailey, 306 B.R. 391, 394 (Bankr. D.D.C. 2004)).

Plaintiff offers no compelling reason why the rules articulated in case law as describe above do not apply in her case. She first argues that "the automatic stay under 11 U.S.C. § 362(a) . . . does not bar post-petition components of the action." Resp. at 6. But plaintiff's recitation of post-petition events, see id. at 7-9, do not appear to have been included in her operative complaint, see Second Amended Complaint, filed Apr. 2, 2025 (Docket # 82) ("Compl."), and thus are not part of this case. And even if they were to be included, this case was filed pre-petition, and there is no practical way to separate the litigation into separate components.

Second, while plaintiff acknowledges that at least the portion of this action arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO") "is property of the estate under § 541(a)(1)," she argues that it "must be prosecuted for creditor [sic] benefit rather than stayed." Id. at 9. But whether this action "must be prosecuted" is for the trustee, not the Court, to decide. See Sandra Cotton, Inc. v. Bank of N.Y., 87 B.R. 272, 274 (W.D.N.Y. 1988) ("Pursuant to Bankruptcy Rule 6009 the Trustee is granted complete authority and discretion with respect to prosecuting or defending any litigation involving the bankrupt.") (citation omitted).

Third, plaintiff argues that "[p]ortions of [her] claims qualify as personal injury torts exempt from the estate under [11 U.S.C.] § 522(d)(11)(D) . . . or New York exemptions (DCL § 282(3)(ii) [sic])." Resp. at 10. The cited statutes, however, refer to a potential exemption only for property traceable to claims of "personal bodily injury." 11 U.S.C. § 522(d)(11)(D) (emphasis added); N.Y. Debt. & Cred. Law § 282(3)(iii) (emphasis added). The Court does not

3

believe there are any such claims against defendants other than Thomas Fogarty, and the claims against Fogarty are subject to a stay based on his own bankruptcy filing. Accordingly, this exemption may not even apply at the present time. Regardless, the exemption does not prevent a stay for two critical reasons. First, the Bankruptcy Code requires a debtor to "file a list of property [s]he claims as exempt under § 522(b)" in order to benefit from an exemption. In re Stylianou, 2009 WL 2930143, at *18 (Bankr. S.D.N.Y. Aug. 21, 2009) (citation omitted). Only then, and "unless a party in interest objects, the property claimed as exempt on such list is exempt." Id. (citation omitted). But Schedule C of plaintiff's bankruptcy petition does not list this lawsuit, let alone any "[p]ortions of [her] claims," as exempt. See Official Form 106C, filed May 1, 2025 (Docket # 8 in No. 25-22329 (Bankr. S.D.N.Y. Apr. 17, 2025)), at 13-15. Plaintiff admits as much, stating that she "intends to amend Schedule C in her bankruptcy case to claim these exemptions." Resp. at 10. Consequently, plaintiff's argument on this front is premature. The second critical reason is that the cited statute merely excludes from the definition of "property of the estate" a recovery by plaintiff up to $31,575. See 11 U.S.C. § 522(d)(11)(D). Plaintiff, however, seeks over $200,000,000 in damages. See Compl. ¶¶ 488-91. Thus, even if plaintiff were to amend her Schedule C, the statute does not exempt the lawsuit from the "property of the estate" and the pursuit of this litigation remains in the control of the Trustee, not the plaintiff-debtor. The only possible effect of the listing of this litigation in Schedule C would be to allow plaintiff to keep up to $31,575 of any recovery.

Fourth, plaintiff argues that her "claims for injunctive relief . . . are not property of the estate and fall outside the scope of the automatic stay under 11 U.S.C. § 362(a)." Resp. at 10. The cases plaintiff invokes, however, do not stand for this proposition. See id. (citing In re Hopkins, 346 B.R. at 304; In re Stringer, 847 F.2d 549 (9th Cir. 1988)). The Court thus questions

4

whether this proposition is correct. In general, "all legal or equitable interests of the debtor in property" vest in the estate when the debtor files for bankruptcy. 11 U.S.C. § 541(a)(1) (emphasis added); see also Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) ("[E]very conceivable interest of the debtor . . . is within the reach of § 541.") (quoting In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993)) (alteration in original). While some case law holds that § 541 does not reach a debtor's claims for purely non-monetary equitable relief, see Roca v. Kraft Foods Glob., Inc., 792 F. Supp. 2d 245, 250 (D.R.I. 2011), there is authority to the contrary. See, e.g., Schiano v. Salkin, 2019 WL 3997129, at *4 n.4 (S.D. Fla. Aug. 23, 2019) (collecting "case law suggest[ing] . . . a [C]hapter 7 debtor's non-economic claims, remedies, and interests relating to pre-petition disputes are property of the estate"). Certainly, to the extent plaintiff's claims for equitable relief could enlarge her estate — such as her claim for restitution, see Compl. ¶ 494 — these claims surely constitute an interest in "property" of the estate, and thus plaintiff has no standing to pursue them. But we need not parse all of plaintiff's claims to determine whether they include purely non-monetary claims because, once again, we will not separate out certain claims not to be stayed and allow others to go forward. If the Court were to sever non-monetary claims and permit plaintiff to pursue them, the Court would effectively have to adjudicate the same case twice: once now with respect to plaintiff's claims for non-monetary relief and again later with respect to her remaining claims. Defendants would be obliged to defend two actions and engage in discovery twice over. A court "may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." SDJ Invs., LLC v. Collector's Coffee Inc., 2022 WL 17097231, at *2 (2d Cir. Nov. 22, 2022) (quoting WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997)). Such a stay would plainly be warranted.

Fifth, plaintiff states that "Defendant Fogarty's bankruptcy filing . . . imposes a stay solely on claims against him, enabling seamless continuation against the other nine non-bankrupt defendants." Resp. at 10. Defendant Fogarty's bankruptcy filing, however, is irrelevant. What is at issue instead is plaintiff's standing to purse her claims against any defendant. The case cited by plaintiff, A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986), concerns whether an automatic stay under the Bankruptcy Code extends to a defendant-debtor's co-defendants; it says nothing about a plaintiff-debtor's lack of standing to prosecute litigation initiated before she filed for bankruptcy.

Finally, plaintiff contends that "compelling 'cause' exists for relief from stay [sic] under 11 U.S.C. § 362(d)(1)." Resp. at 11. This argument is meritless because the statute provides that only "the court" — referring to the Bankruptcy Court — can offer such relief, as plaintiff herself appears to recognize.

Conclusion

This case is stayed pending the appearance of the trustee in this lawsuit, the issuance of an order containing direction from the Bankruptcy Court permitting plaintiff or another party to proceed with this lawsuit, or the conclusion of plaintiff's bankruptcy proceeding — whichever occurs first. Plaintiff is directed to file a letter on the docket within 7 days of any of these events occurring.

The stay will not, however, affect the Court's consideration of its Order to Show Cause regarding the conduct of plaintiff's attorney, see Docket # 144, as this issue is collateral to plaintiff's complaint and has no bearing on her estate in bankruptcy. See generally U.S. D.I.D. Corp. v. Windstream Commun., Inc., 775 F.3d 128, 134 (2d Cir. 2014) ("federal court may consider collateral issues after an action is no longer pending").

SO ORDERED.

Dated: January 15, 2026
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge